604 A.2d 418 (Table)
(Cite as: 604 A.2d 418, 1991 WL 247737, **3 (Del.Supr.))

Page 9

before trial. Generally, evidence is remote only when there is no visible, plain, or necessary connection between it and the proposition eventually to be proved. N.L.R.B. v. Ed Chandler Ford, Inc., 9th Cir., 718 F.2d 892 (1983). The proposition the State was attempting to establish with the tendered misconduct evidence was that Lloyd's stepdaughter held a bias against him, not because of the reasons he suggested, but because of prior incidents of abuse. The connection between the prior incidents and the present bias is the long relationship between Lloyd and his stepdaughter as members of the same household. Although there is some evidence to suggest that the stepdaughter had not spent every night there in the ten year period, it is clear that Lloyd's house was considered her home and that she had a continuous relationship with Lloyd. We therefore conclude that the evidence was not too remote.

The fifth inquiry is whether the probative value of the evidence is substantially outweighed by its prejudicial effect. See D.R.E. 403. We note that the prejudicial effect must substantially outweigh the probative value of the evidence for this test to fail.

Here, although the court did not explicitly make this balancing, it is clear that it believed the evidence to be of high probative value. The court stated:

It's unfair to allow [bias] to be raised as an issue and then not to allow her to explain why she's biased, why she has that feeling.... [I]f you're trying to establish that she's biased and offering various explanations, it seems to me this is one of those explanations, and it seems to me she has to be allowed to testify to that.

**4 Our finding above as to the first inquiry essentially ratifies this ruling. The evidence was clearly probative of whether the stepdaughter's bias permitted an inference that she was lying.

As for its prejudicial effect, the prior misconduct claimed by the stepdaughter was of the same nature and against the same person (i.e. the stepdaughter) as the underlying charge. The jury had already heard this accusation leveled against Lloyd. This was not an attempt to show that he was generally a bad person by showing other types of misdeeds. While a juror might improperly conclude that Lloyd had a propensity to act in accordance with these charges, see Getz, 538 A.2d at 732, we find that possibility remote. The prior misconduct evidence was essentially the same charge made by the same person as the charge underlying the case. The jury was unlikely to give more credence to the stepdaughter's accusations underlying the case simply because she made new, similar allegations on the witness stand. Given the slight likelihood of that occurring, and the instruction by the trial judge, we cannot conclude that the danger of unfair prejudice substantially outweighed the probative value of the evidence.

The final guideline under Getz is that the trial judge should instruct the jury as to the purpose for admitting the evidence. This court did at the appropriate time and in a competent manner.

(7) We conclude that the evidence complained of satisfies the guidelines set forth in our opinion in Getz. We therefore find that its admission was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

FN1. D.R.E. 404(b) provides:
(b) Other Crimes, Wrongs Or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

END OF DOCUMENT





A-24

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN L. WASHINGTON          :

      vs.                    : No. 421, 1998

STATE OF DELAWARE            :

### CERTIFICATE OF MAILING

COUNTY OF KENT          )
               ) SS
STATE OF DELAWARE       )

    BE IT REMEMBERED that on this third day of January, 2000, personally appeared before me, a Notary Public in and for the County and State aforesaid, Karen E. Scaggs, known to me personally to be such, who after being duly sworn did depose and state:

    (1) That she is employed as a legal secretary in the Department of Justice, Sykes Building, 45 The Green, Dover, Delaware.

    (2) That on January 3, 2000, she did deposit in the mail with sufficient postage attached, two copies of the attached State's Answering Supplemental Memorandum in the above-captioned matter properly addressed to Joseph E. Gabay, Esq., 901 Market Street, 4th Floor, P.O. Box 590, Wilmington, Delaware 19899.

SWORN TO and subscribed
before me the day aforesaid

_____
Notary Public

A-25

960 300529
#88

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR _New Castle_ COUNTY

STATE OF DELAWARE )
v. )
)
_Kevin Washington_ )
Name of Movant on Indictment )
)
_Kevin Washington_ )
Correct Full Name of Movant )

In 96-03-0732, 127
In 96-03-0733, 127
No. PN01-03-0734 R2
(to be supplied by Prothonotary)
In 96-03-0735 R2

FILED PROTHONOTARY 2001 SEP

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)  All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)  Additional pages are not permitted. If more room is needed, use the reverse side of the sheet.

(4)  No citation of authorities is required. If legal arguments are submitted, this should be done in a separate memorandum.

(5)  Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)  When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered. No fee is required.

(7)  The motion will be accepted if it conforms to these instructions. Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1.  County in which you were convicted   _New Castle County_

2.  Judge who imposed sentence   _Richard R. Cooch_

3.  Date sentence was imposed   _9/18/1998_

4.  Offense(s) for which you were sentenced and length of sentence (s):
    _First degree unlawful sexual intercourse (Three counts)_
    _Unlawful sexual penetration third degree (one count)_

A-26

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?
    Yes ( )    No ( ✓ )
    If your answer is "yes," give the following information:
        Name and location of court(s) which imposed the other sentence(s):

        _____
        Date sentence(s) imposed: _____
        Length of sentence(s) _____

6.  What was the basis for the judgment(s) of conviction?  (Check one)
        Plea of guilty ( )
        Plea of guilty without admission of guilt ("Robinson plea") ( )
        Plea of nolo contendere ( )
        Verdict of jury ( ✓ )
        Finding of judge (nonjury trial) ( )

7.  Judge who accepted plea or presided at trial _Richard R. Cooch_

8.  Did you take the witness stand and testify?  (Check one)
    No trial ( )   Yes ( ✓ )   No ( )

9.  Did you appeal from the judgment of conviction? Yes ( ✓ )   No ( )
    If your answer is "yes," give the following information:
        Case number of appeal _421_
        Date of court's final order or opinion _April 7, 1999_

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ) No ( ✓ )
    How many? ( )
    If your answer is "yes," give the following information as to each:
        Nature of proceeding(s) _____
        Grounds raised _____

        _____
        _____
        _____

        Was there an evidentiary hearing? _No_
        Case number of proceeding(s) _None_
        Date(s) of court's final order(s) or opinion(s) _None_
        Did you appeal the result(s)? _____

11. Give the name of each attorney who represented you at the following stages of the proceeding relating to the judgment(s) under attack in this motion:
        At plea of guilty or trial _J. Dallas Winslow JR._
        On appeal _J. Dallas Winslow JR._
        In any postconviction proceeding _None_

2

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here):  double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: _Ineffective assistance of counsel._
Supporting facts (state the facts briefly without citing cases):
Counsel refused to file any pre-trial motions in favor of defense requested by the defendant, trial record reflects that the defendant and counsel had carried a conflicting interest - Fell ~~the~~ below object Conflicting statements. standard.

Ground two: _Trial court allowed unnecessary delay in favor of_
Supporting facts (state the facts briefly without citing cases):
the state under multisticly violation which violated due proces and also showed bias

Ground three: _Prosecutorial misconduct / During sentence_
Supporting facts (state the facts briefly without citing cases):
Prosecutorial misconduct was shown towards defendant beh. improper Indictment under elements of the charges.

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: _Neither of the above with exception of Ineffective assistance of counsel which was refused and presel-ved by the superior court for post-conviction relief, counsel did not properly preserve my considerable issues on direct appeal due to appeal attorney didn't preserve any issues or consulted with the appellant concerning any of and merits_

        Wherefore, movant asks that the court grant him all relief to which he may be entitled in proceeding.

        _____
        Signature of attorney (if any)


I declare the truth of the above under penalty of perjury.

_9 - 5 - 2001_                              _Kevin Washington_
Date signed                                Signature of Movant
                                           (Notarization not required)


3

forms/escaper.wp   2/94

← (Grounds on the other side) →
        A-25

IN Superior Court of the State of Del IN and
for New Castle county

Defendant - Below                    |
                                     |
Kevin Washington                     |    C.R.A. NO. IN
                                     |
        v.                           |
                                     |
State of Delaware                    |

Respondant

        Memorandum of Law in support of Rule 61
        Motion for post conviction Relief.

The defendant Kevin Washington, pro'se moves
this honorable court pursuant to superior court
Criminal rule 61, to reverse the conviction on
the charges of three counts of unlawful sexual
Intercourse first degree, one count of unlawful
sexual penetration third degree.

    Based on the errors of law and constitutional
violations as stated in the attached motion for
post conviction, This is the defendant memorandum,
of law in support of his request for relief.

            Case History & Procedural Issues

The record in defendant case shows that he was
initially indicted on several charges 3 counts of
unlawful sexual Intercourse, one count of unlawful

A-29

sexual penatration third degree.

subsequent to defendants trial on 4-xxxx defendant was sentenced to a total amount, period of 73 years of incerceration, there fore defendant ask counsel to file a timely appeal to the superior court, Which was awfully denied.

Counsel never communicated Issues with his defendant and never preserved any Issue for post conviction or for direct Appeal Which is Prejudice under the Delaware lawyer of Professional code of conduct which is a Constitutional violation.

Comes now the petitioner hereu withxxxxxx and respectfully petitions this honorable court to Issue a order to assertain the legality of his conviction and subsequent sentence.

It is incumsent upon counsel to include an independent examination of facts, circumstances, Pleading and law involved; In order to discharge the sixth amendment Obligation; Strickland v washington.

super Citing Rummell V. Estell 590 F 2d 103, 104 (1977)

In strickland the court acknowledged that the sixth amendment imposes on counsel a duty to investigate because reasonably effective assistance Must be based on professional decisions and informed

legal choices can be made only after investigation of options ID At 2060. The united states supreme court agreed that defense attorney is required to conduct a reasonably substantial investigation in to the line of defense since there can be no strategic choice that renders such an investigation unnecessary. These remarks we drawn in the context of where counsel has defended his performance on the basis that he exercised his strategic choice, and the courts comment was based on the premise, that in order to exercise his strategic choice, counsel must have sufficient data at hand.

Ground one.

Ineffective Assistance of Counsel

Here movant contends that his defense counsel should have investigated and challenged the chain of custody of any D.N.A. evidence also why didn't counsel have his on expert there because Dr Dejong only works for the state and that alone is a showing of prejudice towards the defendant. This was crucial evidence a Issue that required his adversarial expertise, Failure to properly inquire, and then to fail to raise this Issue Prejudiced the movant. Counsel has the obligation to bring to bear all his skills and and put the states case to total adversarial

A-31

testing. Further the States contention that there, was not any D.N.A. for defense to have tested should have been challenged. Defense counsel worked with the Prosecution as a tag team. The Federal and State Courts have recognized a right to effective assistance of counsel on appeal. Evitts v. Lucey 105 sct. 830 (1985) Citing Erb v State 322 A 2d 137 (Del. 1974). Nominal representation on an appeal as of right does not suffice to render the proceedings Constitutionally adequate Id when a state opts to act in a field where its action has significant discretionary elements. such as where it establishes a system of appeals as a right although not required to do so, it must nevertheless act with the due Process clause ID Trial counsel whether appointed, Privately, retained or a public defender, has a duty to docket an appeal if the client wants to appeal, even if the counsel concludes that it is with out merit Erb 322 A 2d at 139.

Trial counsel must communicate the views of the client who wants to appeal even though counsel may advise the court that he cannot endorse them or once appeal is docketed. Counsel may file a motion to with draw and bring it on for ruling by the court, Erb 322 A 2d at 139 Citing Supreme Court rules of rule 7,8 (a) Del C. Ann Rule 26 (A) Del C Ann Further

A-30

Explains trial counsel's duties and states in pertinent
Part that these duties includes (I): Advise the client
of any right to appeal, The possible grounds for appeal
and counsel's opinion of the probable out come of an
appeal. (II): Docket an appeal whenever the client
desires to appeal, whether or not the appeal appears
meritorious and (III): Prepare and file all documents
relating to the appeal, including those relating to the
transcript as required by Rule 9 Dixon V State Del
Supr 581 A2d 1115, 1116-17 (1990) citing supreme court
Rule 26 (A) Del. C Ann. States Post conviction provides
as does the Federal court's that bars to relief shall
not apply to claim that the court lacked jurisdiction
or to a clorable claim that there was a miscarriage
of justice because of a constitutional violation that
underminded the fundamental legality, reliability,
integrity, or fairness of the proceedings leading to
the Judgement of conviction. Here the petitioner
Contends that his counsels performance during pre-
trial preparations, during trial and on appeal was
so grossiy deficient that his basic right pursuant
to the sixth Amendment was not satisfied.
Counsels Failure to test completely the states
Case, In not doing so the petitioner was not
adequately represented.

Counsel failed to raise meritorious objections that could have been utilized on direct Appeal and this failure prejudiced Petitioner. IN a case such as was Presented during trial the testimony as to no D.N.A finding was crucial and counsel was not prepared to dispute it. Where had he been prepared he would have no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. (11 Del C. 1953 301 58 Del law C - 4471); and in this matter it wasn't proven and there for the counsel fell below the scope.

Even though counsel had not preserved petitioners grounds, he had an obligation to inform his client so that petitioner could take advantage of these claims during post convictions. The sixth Amendment entitles criminal defendant to effective assistance of counsel, not only at trial but during first appeal as of right as unrepresented appellant is unable to protect vital liberty interest at stake, and appellant whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all, Mason v. Hanks 47 F 3d 887 (1996); Defendant whose lawyer does not provide him with effective assistance on direct appeal, and who is prejudiced by deprivation is entitled to a new appeal. Mason at 892.

A-34

## Exhibit Information

My name is Kevin Washington and, I am filing this document for a exhibit to show merit towards my case. Judge Toliver ask me did I have any thing to say and I spoke about the conflict of interest between client and counsel for his lack of interest towards my case and me. The court docket will show that it has been put on record. The words spoke on the transcripts on 12/15/97 show the merit and a violation of my 6th amendment and 14th amendment right. MC Mann V. Richardson 397 U.S. 759, 771, N 14 (1970): Sixth amendment right to counsel is a right to effective assistance of counsel. The right to effective assistance applies to both retained and appointed counsel, Coyler V. Sullivan 446 U.S. 335, 344, 45 (1980).

Under law all proceedings must be fair if not it is a violation of constitutional amendments.

Strickland V. Washington 466 U.S. 692 (1984). Right to effective assistance of counsel impaired when defense counsel operates under conflict of interest because counsel breaches the duty of loyalty perhaps the most basic of counsel duties. Also it is on record that there was a conflict infront of Judge Toliver, and also letter's were written about pre-trial motions to be filed and nothing was done, I was forced to keep my counsel even though he wasn't in my best interest. That is a total violation. Letters that I wrote will be attached and the court docket to show proof. If the court tries to manip-ulate the merits of my case, completely which would

A-34

Counsel filed a frivolus appeal and did not present claims that were in petitioner's interest. Even if Appellant counsel thought that argument and appeal were frivolus, he still had a duty under Anders V. California, to advise appellant court of anything in record which might arguably support appeal, Thus guarding against any temptation on part of counsel to discharge obligation to client in summary fashion, High V. Rhay 519 F 2d 109 (1975). It is the position that counsel worked not as an advocate but with prosecutor to in sure that a conviction was had. The petitioner complains based on the facts that no attorney practicing law in this or any other state could have misrepresented a client in such a manner if not intentionally. Here evidence is clear that petitioner was not provided effective assistance as required by the sixth Amendment. Petitioner contends that his conviction was obtained through systematic violations of his constitutional rights. There was no fairness fundamental legality reliability or integrity in any portion of the proceedings leading up to his conviction or on direct appeal.

## CONCLUSION

In the present case, The petitioner has raised claims of ineffective assistance of his counsel —

Which are indicated within the record. Further the petitioner has presented facts in this petition to support the claims he has raised. Therefore at a minimum a hearing should be held on these claims. Thus the claims that petitioner raised also affirmatively demonstrate prejudice. This there by satisfies the Strickland and Hill mandate and establishes a claim of deprivation of due process rights. Petitioner asserts that he has provided the proof necessary for an evidentiary hearing on these matters. Respectfully submitted.

Date: 9-5-2001

Kevin Washington

Kevin Washington

```
              SUPERIOR COURT CRIMINAL DOCKET              Page    1
                   ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON               DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9603000529 | IN96030732R2 | USI 1 | TG | 04/30/1998 |
| 002 | 9603000529 | IN96030733R2 | USI 1 | TG | 04/30/1998 |
| 003 | 9603000529 | IN96030734R2 | UNLAW SEX CON 2 | TGLI | 04/30/1998 |
| 004 | 9603000529 | IN96030735R2 | USP 3 | TG | 04/30/1998 |

```
      Event
No.   Date           Event                       Judge
----------------------------------------------------------------------------
1    03/18/1996
       TRUE BILL
3    03/18/1996
       AUTHORIZATION FOR EXTRADITION.
       UNLIMITED MILES.
     03/20/1996
       RULE 9 WARRANT ISSUED
2    04/23/1996
       MEMORANDUM FILED.
       TO JUDGE SILVERMAN, FROM EVE HAIR, INFORMING HIM THAT THIS CASE HAS
       BEEN ASSIGNED TO HIM.
4    08/01/1996
  →    RULE 9 WARRANT RETURNED, BAIL SET AT JP#18
       HELD ON SECURED BAIL                30000.00 100
       RELEASED ON UNSECURED BOND           1000.00
       CONDITIONS: NO CONTACT
       HRG. 081396 AT 9:30
6    08/13/1996                             SILVERMAN FRED S.
       CASE MANAGEMENT  ORDER #1.
       SIGNED BY SILVERMAN, J. 8/9/96.
8    08/20/1996                             SILVERMAN FRED S.
       OFFICE CONFERENCE PROCEEDING HELD. (STATUS CONFERENCE)
       CASE TO BE SCHEDULE FOR CASE REVIEW. ATTORNEY'S ARE TO E-MAIL THE
       COURT WITH A CASE REVIEW STATUS.
5    09/03/1996
       ARRAIGNMENT BY RULE 10C, DALLAS WINSLOW, ESQ.
     09/19/1996                             TOLIVER CHARLES H. IV
       CASE REVIEW CALENDAR, CONTINUED.
9    09/19/1996
       CASE MANAGEMENT STATUS CONFERENCE WORKSHEET
```

A-38

```
              SUPERIOR COURT CRIMINAL DOCKET         Page    2
                  ( as of  10/04/2001 )

State of Delaware v.  KEVIN L WASHINGTON              DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.      AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.          KEVIN WASHINGTON

        Event
No.     Date          Event                    Judge
-------------------------------------------------------------------------
10   10/31/1996                               SILVERMAN FRED S.
     CASE REVIEW CALENDAR, CONTINUED.
11   10/31/1996                               SILVERMAN FRED S.
       CASE MANAGEMENT STATUS CONFERENCE WORKSHEET
12   11/04/1996
       SUBPOENA(S) MAILED.
13   11/18/1996
       STATE'S WITNESS SUBPOENA ISSUED.
14   11/26/1996
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
16   12/02/1996                               SILVERMAN FRED S.
       REFERRAL MEMORANDUM. J. DALLAS WINSLOW, ESQ.
15   12/03/1996                               SILVERMAN FRED S.
       TRIAL CALENDAR, CONTINUED.
17   02/12/1997
       SUBPOENA(S) MAILED.
18   02/20/1997                                      -
       STATE'S WITNESS SUBPOENA ISSUED.
19   02/25/1997
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
20   03/10/1997                               SILVERMAN FRED S.
       TRIAL CALENDAR, CONTINUED
       04101997
21   03/12/1997
       SUBPOENA(S) MAILED.
22   03/19/1997
       STATE'S WITNESS SUBPOENA ISSUED.
23   03/25/1997
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
     04/10/1997                               COOCH RICHARD R.
       TRIAL CALENDAR-TRIAL CONTINUED
       050197 FOR FCR AT 2PM
24   05/01/1997                               COOCH RICHARD R.
       CASE REVIEW CALENDAR, CONTINUED.
25   05/07/1997
       DEFENDANT'S LETTER FILED.
26   05/16/1997
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
27   06/03/1997                               CARPENTER WILLIAM C. JR.
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE:  JULY 15, 1997
       CASE CATEGORY:  # 1
```

A- 39

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    3
                       ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON

```
      Event
No.   Date          Event                        Judge
-----------------------------------------------------------------------------
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):  JUDGE HAILE ALFORD.
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
28    06/18/1997
      SUBPOENA(S) MAILED.
29    06/24/1997
      STATE'S WITNESS SUBPOENA ISSUED.
30    07/01/1997
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
31    07/15/1997                                 ALFORD HAILE L.
      TRIAL CALENDAR-RESCHEDULED: RAN OUT OF JURORS. (NO DATE GIVEN).
32    07/25/1997                                 CARPENTER WILLIAM C. JR.
      ORDER SCHEDULING TRIAL FILED.
      TRIAL DATE: NOVEMBER 4, 1997
      CASE CATEGORY: #1
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):  NORMAN BARRON.
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
33 →  08/29/1997
      BAIL POSTED IN THE AMOUNT OF $30,000.00 (0732-0734) AMER.RELIABLE INS.
34    10/23/1997
      STATE'S WITNESS SUBPOENA ISSUED.
35    10/23/1997
      SUBPOENA(S) MAILED.
36    10/29/1997
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
      11/04/1997                                 SILVERMAN FRED S.
      TRIAL CALENDAR-TRIAL-CAPIAS
37    11/17/1997                                 SILVERMAN FRED S.
      CAPIAS RETURNED IN SUPERIOR COURT.
      BAIL SET AT:
      CASH BAIL ONLY                    30000.00 100
      CFCR 121597
      12/15/1997 ←                              TOLIVER CHARLES H. IV
      CASE REVIEW CALENDAR:  SET FOR TRIAL
      3 DAYS
38    01/08/1998                                 GEBELEIN RICHARD S.
      ORDER SCHEDULING TRIAL FILED.
```

```
                  SUPERIOR COURT CRIMINAL DOCKET            Page    4
                     ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.         AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.             KEVIN WASHINGTON

```
      Event
No.   Date            Event                         Judge
----------------------------------------------------------------------------
      TRIAL DATE: 4/28/98
      CASE CATEGORY: #1
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): RICHARD COOCH
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
41    02/02/1998
      DEFENDANT'S LETTER FILED.
39    02/06/1998
      DEFENDANT'S LETTER FILED. (DATED 1/28/98).
40    02/06/1998                              COOCH RICHARD R.
      LETTER FILED BY JUDGE COOCH, IN RECEIPT OF DEFENDANT'S 1/28/98 LETTER.
      02/23/1998
      DEFENDANT'S LETTER FILED.
42    02/27/1998                              COOCH RICHARD R.
      MEMORANDUM FILED.
      TO: J. DALLAS WINSLOW, ESQ.
44    04/08/1998
      SUBPOENA(S) MAILED.
45    04/08/1998
      SUBPOENA(S) MAILED.
43    04/16/1998
      STATE'S WITNESS SUBPOENA ISSUED.
46    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
47    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
48    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
49    04/27/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
52    04/27/1998                              COOCH RICHARD R.
      E-MAIL FILED. ADVISING ROBERT GOFF, DAG, THAT HE IS READY FOR TRIAL ON
      ABOVE DEFENDANT SET FOR 4/28/98.
      04/28/1998                              TOLIVER CHARLES H. IV
      TRIAL CALENDAR-DEFENDANT WENT TO TRIAL
50    04/30/1998                              COOCH RICHARD R.
      JURY TRIAL HELD.DEFENDANT FOUND GUILTY OF USI 1ST IN-96-03-0732,
      USI 1ST_IN-96-03-0733, USC 2ND IN-96-03-0734, USP 3RD IN-96-03-0735.
      PSI ORDERED. SENTENCING SCHEDULED FOR LATER DATE. 4/29-STATE MOTION
      FOR COURT EXH.1 NOW BE MARKED AS STATES EXH 1-MOTION GRANTED. 4/29-DEF
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    6
                      ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.          AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.              KEVIN WASHINGTON

```
      Event
No.   Date            Event                           Judge
----------------------------------------------------------------------------
      PLEAS FILE A COPY OF JUDGE COOCH'S  091898 SENTENCING ORDER
      TO BE ATTACHED TO THE NOTIC OF APPEAL UPON YOUR REQUEST.
61    09/25/1998
      LETTER FROM (SUPREME COURT) TO COURT REPORTER
      PURSUANT TO SUPREME COURT RULE 9(E)(IV), THE
      TRANSCRIPT MUST BE FILED WITH THE PROTHONOTARY
      NO LATER THAN 110498.
62    09/28/1998
      MOTION FOR MODIFICATION OF SENTENCE FILED.
      RETURNED TO DEFT. - NOT SERVED ON A.G.
64    11/06/1998
      LETTER FROM (SUPREME COURT) TO COURT REPORTER
      THE COURT HAS DIRECTED ME TO INFORM YOU THAT YOUR
      REQUEST IS GRANTED. THE TRANSCRIPT MUST BE FILED NO
      LATER THAN 120498.
65    11/17/1998
      DEFENDANT'S LETTER FILED.
      RE: ATTORNEY J. DALLAS WINSLOW TO ENTER AN APPEAL ON DEFENDANT'S
      BEHALF
66    11/25/1998                                COOCH RICHARD R.
      TRANSCRIPT OF SENTENCING FILED.
      SEPT. 18, 1998
67    12/09/1998
      LETTER FROM (SUPREME COURT) TO COURT REPORTER
      THE COURT HAS DIRECTED ME TO INFORM YOU THAT YOUR
      REQUEST IS GRANTED. THE TRANSCRIPT MUST BE FILED
      NO LATER THAN 010499,
71    12/15/1998
      DEFENDANT'S LETTER FILED.
68    01/04/1999                                COOCH RICHARD R.
      TRANSCRIPT OF TRIAL FILED.
      APR. 29, 30, 1998
69    01/04/1999                                COOCH RICHARD R.
      TRANSCRIPT OF TRIAL FILED.
      APRIL 28, 1998
70    01/11/1999
      RECORDS SENT TO SUPREME COURT.
72    01/11/1999
      LETTER FROM (SUPREME COURT) TO PROTHONOTARY PURSUANT
      TO SUPREME COURT RULE 9(B)(I), THE RECORD AND TRANSCRIPT
      MUST BE FILED WITH THIS OFFICE NO LATER THAN 011499.
73    01/15/1999
```

```
                 SUPERIOR COURT CRIMINAL DOCKET              Page    7
                      ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON                  DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.             KEVIN WASHINGTON

```
      Event
No.   Date            Event                          Judge
------------------------------------------------------------------------
      RECEIPT OF RECORDS ACKNOWLEDGED BY
      SUPREME COURT
74  ⇐ 02/04/1999
      DEFENDANT'S LETTER FILED. (COPY OF LETTER DEFENDANT SENT TO
      DALLAS WINSLOW).
76  ● 03/12/1999
      DEFENDANT'S MOTION FILED (RE: INEFFECTIVE COUNSEL)
      RE: COPY OF DEFENDANTS' MOTION TO J DALLAS WINSLOW
75    03/31/1999
      RECORDS SENT TO SUPREME COURT.
      (TRANSCRIPT)
77    05/07/1999
      CONFLICT LETTER FILED BY GAYLE LAFFERTY
78    05/12/1999                          BARRON NORMAN A.
      ORDER: APPOINTMENT OF COUNSEL; JOSEPH A. GABAY, ESQ.      APPOINTED
      TO REPRESENT DEFENDANT.
79  , 07/20/1999                                     ─
      MOTION FOR POSTCONVICTION RELIEF FILED.
      PRO SE REFERRED TO JUDE COOCH
      REFERRED ON 7/26/99.
80    07/26/1999
      LETTER FROM ANGELA HAIRSTON  TO M.JANE BRADY
      RE: NOTIFICATION OF FILING OF A PRO SE MOTION FOR POSTCONVICTION
      RELIEF. TO BE ASSIGNED TO A DAG.
81    08/20/1999                          COOCH RICHARD R.
      MOTION FOR POSTCONVICTION RELIEF DENIED.
      THE COURT IS IN RECEIPT OF YOUR MOTION FOR POSTCONVITION RELIEF FILED
      WITH THE PROTHONOTARY ON JULY 20, 19993 ON PAGE 2 OF YOUR MOTION, YOU
      STATE THAT YOU DID APPEAL THIS CASE TO THE SUPREME COURT AND THAT THE
      SUPREME COURT'S FINAL ORDER OR JUDGEMENT WAS APRIL 7, 1999. BY SUPREME
      COURT ORDER DATED MAY 6, 1999, THAT COURT ORDERED THAT JOSEPH GABAY,
      ESQ BE APPOINTED AS SUBSTITUTE COUNSEL AND THAT HE FILE AN OPENING
      BRIEF IN SUPPORT OF YOUR APPEAL WITHIN 30 DAYS OF THAT ORDER. UPON
      VERIFICATION WITH THE SUPREME COURT, I WAS ADVISED THAT MR GABAY'S
      OPENING BRIEF IS DUE TO BE FILED ON AUGUST 26, 1999 AND THAT THE
      APPEAL IS CURRENTLY PENDING BEFOPRE THE SUPREME COURT. ACCORDINGLY,
      BECAUSE THE SUPERIOR COURT DOES NOT HAVE JURISDICTION OVER THIS CASE
      BECAUSE IT IS ON APPEAL BEFORE THE SUPREME COURT, YOUR MOTION FOR
      POSTCONVICTION RELIEF IS HEREBY DENIED.
      IT IS SO ORDERED.
82  ⇐ 08/31/1999
      DEFENDANT'S LETTER FILED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    8
                      ( as of  10/04/2001 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.          AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.              KEVIN WASHINGTON

```
        Event
No.     Date          Event                              Judge
-----------------------------------------------------------------------------
        ASKING THE HELP OF HIS ATTORNEY FOR GETTING A COPY OF AN OPENING BRIEF
        OF THE CASE ON APPEAL.
83      03/24/2000
        RECEIPT OF RECORD AND MANDATE RETURNED FROM SUPREME COURT ON THE ABOVE
        APPEAL.  (CASE CLOSED) #421, 1999
84      03/24/2000
        MANDATE FILED FROM SUPREME COURT - AFFIRMED.
          OUR REJECTION OF APPELLANT'S PLAIN ERROR CLAIMS IN THIS APPEAL DOES
        NOT PRECLUDE THE LATER ASSERTION OF AN INEFFECTIVE ASSISTANCE OF
        COUNSEL CLAIM UNDER SUPERIOR COURT CRIMINAL RULE 61.
        NOW, THEREFORE, IT IS ORDERED THAT THE JUDGEMENT OF THE SUPERIOR COURT
        BE, AND THE SAME HEREBY IS, AFFIRMED.
85      09/05/2000
        MOTION TO ACCESS THE EVIDENCE FOR PURPOSES OF DNA TESTING FILED.
        PRO SE - REFERRED TO JUDGE COOCH.
86      10/13/2000
        STATE'S RESPONSE FILED.                              -
        MOTION FOR ACCESS TO EVIDENCE FOR DNA TESTING.
        PAUL WALLACE, DAG.
        REFERRED TO JUDGE COOCH.
87      11/15/2000                            COOCH RICHARD R.
        ORDER: MOTION TO ACCESS THE EVIDENCE FOR PURPOSES OF DNA TEST - DENIED
        SEE ORDER FOR VARIOUS REASONS.
88      09/17/2001
        MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
        REFERRED TO JUDGE COOCH.
89 →    09/17/2001
        LETTER FROM ANGELA HAIRSTON, PROTHONOTARY  TO STEVEN WOOD, DAG.
        RE: NOTICE OF PRO SE FILING OF MOTION FOR POSTCONVICTION RELIEF.
        ORIGINAL DEPUTY ATTORNEY GENERAL NO LONGER WITH THE DEPT. OF JUSTICE.

              *** END OF DOCKET LISTING AS OF  10/04/2001 ***
                  PRINTED BY: CSCAHAI
```

A-44

SUPERIOR COURT

OF THE

STATE OF DELAWARE

RICHARD R. COOCH

RESIDENT JUDGE

DANIEL L. HERRMANN COURT HOUSE

WILMINGTON, DELAWARE 19801

April 29, 2002

Peter W. Veith, Esquire
Deputy Attorney General
Department of Justice
Carvel State Building
7th Floor
820 N. French Street
Wilmington, Delaware 19801

Kevin Washington
SBI# 00211354
DCC
Smyrna Landing Road
Smyrna, Delaware 19977

      Re:   *State v. Kevin Washington*
            **ID# 9603000529**

Dear Mr. Veith and Mr. Washington:

    Enclosed please find an order I signed today in the above case.

               Very truly yours,

RCC/jkk

Enclosure

cc: Prothonotary
    Investigative Services
    J. Dallas Winslow, Jr., Esquire

A- 45

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. )
) ID# 9603000529
KEVIN WASHINGTON )
)
Defendant. )

Submitted: February 22, 2002
Decided: April 29, 2002

## On Defendant's *Pro Se* Motion for Postconviction Relief.
## DENIED.

## ORDER

This 29th day of April, 2002, upon consideration of a *pro se* Motion

for Postconviction Relief filed by Kevin Washington (the "Defendant"), it

appears to the Court that:

1. Defendant has filed this Motion for Postconviction Relief (the

"Motion") pursuant to Superior Court Criminal Rule 61. For the reasons

stated below, Defendant's Motion is **DENIED**.

2. On April 31, 1998, Defendant was convicted by a jury of two

counts of Unlawful Sexual Intercourse First Degree, one count of Unlawful

Sexual Contact Second Degree, and one count of Unlawful Sexual

Penetration Third Degree. The charges against Defendant involved sexual

A- 46

assaults against his then eight-year-old daughter.  The charges came to light

when the victim related the incidents to her mother, the defendant's former

wife.  The child later repeated the allegations to the police and to a social

worker.  The child, her mother, and the examining physician testified at

Defendant's trial.  The examining physician testified that the evidence was

inconclusive as to physical manifestations of sexual abuse.  Defendant

denied the assaults and claimed that the charges were prompted by the

vindictiveness of his former wife.

Following his conviction, Defendant was sentenced to 70 years at

Level V for the two Unlawful Sexual Intercourse First Degree charges; two

years at Level V for the Unlawful Sexual Penetration Third Degree charge;

and two years at Level V (suspended after one year for one year at Level IV)

for the Unlawful Sexual Contact Second Degree charge.

Defendant raised three grounds of "plain error" on appeal to the

Supreme Court: admission of evidence of marital abuse towards his former

wife; admission of bad character evidence depicting the "stormy

relationship" between Defendant and his former wife; and the sufficiency of

the evidence as to the charge of Unlawful Sexual Contact Second Degree.

The Supreme Court affirmed, writing that its "rejection of [Defendant's]

plain error claims in this direct appeal does not preclude the later assertion of

2

A-47

an ineffective assistance of counsel claim under Superior Court Criminal Rule 61."[1]  Defendant now brings this Motion under that Rule.[2]

  3.  Defendant raises five grounds in the current Motion.  Grounds One, Four, and Five are ineffective assistance of counsel claims; Defendant argues that counsel failed to file requested pretrial motions, failed to subpoena requested witnesses, and failed to allow Defendant to speak in court, requesting instead that Defendant "remain silent upon entering the court room...[because] it would look good if [Defendant] showed that [he] was under control."  In Ground Two of his Motion, Defendant argues a speedy trial violation, writing that the "trial court allowed unnecessary delay in favor of the State under multiplicity [sic] violations which violated due process and also showed bias."  And in Ground Three of his Motion, Defendant argues that "prosecutorial misconduct was shown towards [D]efendant"; Defendant alleges this "misconduct" was the result of an insufficient indictment.

---

[1] Washington v. State, 2000 WL 275638 (Del. Supr.).

[2] Following his direct appeal, Defendant also filed in this Court a "Motion to Access the Evidence for Purposes of DNA Testing".  This Court denied that motion, in part because there was no relevant physical evidence produced at trial which could have been subjected to DNA forensic testing, and in part because Defendant had otherwise failed to satisfy the statutory requirements necessary for a motion requesting the performance of forensic DNA testing.  State v. Washington, 2000 WL 33115698 (Del. Super.).

3

In response, the State argues that Grounds Two and Three of the Motion (those claims Defendant makes which are unrelated to defense counsel's performance) are procedurally barred under Superior Court Criminal Rule 61(i)(3)[3]; the State argues that Defendant has not shown why that rule should not otherwise apply. Alternatively, the State argues that Defendant's claim of prosecutorial misconduct is barred under Superior Court Criminal Rule 61(i)(4)[4]; the State argues that that claim had been previously adjudicated by the Delaware Supreme Court on direct appeal. The State argues that Defendant has otherwise failed to show that the interest of justice warrants reconsideration of that claim.

Regarding Defendant's ineffective assistance of counsel claims, the State argues that Defendant has failed to "rebut [the] presumption" under the "high standard" enunciated in <u>Strickland v. Washington</u>[5] that counsel was both reasonable and professional in his representation of Defendant.

---

[3] That rule provides that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction...is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights." Super. Ct. Crim. R. 61(i)(3).

[4] That rule provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal *habeas corpus* proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." Super. Ct. Crim. R. 61(i)(4).

[5] 446 U.S. 668 (1984).

At the Court's request, defense counsel submitted an affidavit of his recollection of the matter. Defendant's public defender file was previously sent to archives and destroyed. Counsel, in response to Defendant's argument that he failed to file requested pretrial motions, states that Defendant's case "involved an issue of credibility between defendant and his own child and...there weren't any substantial legal issues to be addressed pre-trial or during trial."[6] Regarding Defendant's statement that he should have been allowed to speak in court, counsel replies "to advise otherwise [than to "stay under control and make an appropriate appearance before the jury"] would have been inappropriate."[7] Finally, defense counsel states that he cannot respond to Defendant's claim that favorable witnesses were not called because "Defendant does not specify [which] witnesses were...[not] subpoenaed for trial, what their testimony would have been and what prejudice he suffered as a result...."[8]

4.    Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing

---

[6] Winslow Aff. ¶ 2.

[7] Winslow Aff. ¶ 8.

[8] Winslow Aff. ¶ 7.

the procedural requirements of Superior Court Criminal Rule 61.[9]  Rule

61(i)(3) provides that "any ground for relief that was not asserted in the

proceeding leading to the judgment of conviction...is thereafter barred,

unless the movant shows (A) [c]ause for relief from the procedural default

and (B) [p]rejudice from violation of the movant's rights."  The procedural

bar of Rule 61(i)(3) may potentially be overcome by Rule 61(i)(5), which

provides that "[t]he bar[ ] to relief in paragraph[ ]...(3)...shall not apply to a

colorable claim that there was a miscarriage of justice because of a

constitutional violation that undermines the fundamental legality, reliability,

integrity or fairness of the proceedings leading to the judgment of

conviction."  This "fundamental fairness" exception contained in Rule

61(i)(5) is "a narrow one and has been applied only in limited circumstances,

such as when the right relied upon has been recognized for the first time

after [a] direct appeal."[10]  Additionally, Rule 61(i)(4) provides that "[a]ny

ground for relief that was formerly adjudicated, whether in the proceedings

leading to the judgment of conviction, in an appeal, in a postconviction

proceeding, or in a federal habeas corpus proceeding, is thereafter barred,

unless reconsideration of the claim is warranted in the interest of justice."

---

[9] Bailey v. State, 588 A.2d 1121, 1127 (Del. 1991); Younger v. State, 580 A.2d 552, 554
(Del. 1990) (citing Harris v. Reed, 489 U.S. 255, 265 (1989)).

[10] Younger, 580 A.2d at 555.

The "interest of justice" exception of Rule 61(i)(4) has "been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish [the movant]."[11]

 5. Defendant now raises for the first time the alleged violation of his right to a speedy trial. Because he did not assert this claim at trial or on appeal, *i.e.*, "in the proceeding leading to the judgment of conviction," Defendant's speedy trial argument is potentially barred by Superior Court Civil Rule 61(i)(3). In order to overcome that procedural bar, Defendant must show both cause for relief and prejudice, or otherwise qualify for the "fundamental fairness" exception contained in Rule 61(i)(5). The totality of Defendant's argument on this ground is that "trial court allowed unnecessary delay in favor of the state under multiplicity [sic] violation which violated due process and showed bias." Defendant has failed to explain his argument other than to offer the above-quoted conclusory and unsubstantiated claim. The Court will not address claims of cause for relief and prejudice that are conclusory and unsubstantiated.[12] Defendant's claim of a violation of his right to a speedy trial is therefore without merit.

---

[11] State v. Wright, 653 A.2d 288, 298 (Del. Super. Ct. 1994) (citing Flamer v. State, 585 A.2d 736, 746 (Del. 1990)

[12] Zimmerman v. State, 1991 WL 190298 (Del. Super. Ct.) (citing State v. Conlow, Del. Super., Cr.A. Nos. IN-78-09-0985-R1, Herlihy, J. (Oct. 5, 1990)).

6.      Defendant raised on direct appeal the sufficiency of the evidence relating to the charge of Unlawful Sexual Contact Second Degree for which he was convicted. Defendant's claim that "prosecutorial misconduct was shown towards defendant" because of "improper indictment under elements of the charges" is therefore barred by Superior Court Criminal Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice." As previously stated, however, the "interest of justice" exception is narrow and requires a showing that this Court lacked the authority to convict or punish. Defendant has not made a showing that the interest of justice requires reconsideration of the sufficiency of the evidence for which a jury convicted him. Defendant's claim of "prosecutorial misconduct during sentencing" is therefore also without merit.

7.      To succeed on a claim of ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."[13] In attempting to establish a claim of ineffective assistance of

---

[13] Albury v. State, 551 A.2d 53, 58 (Del. 1988) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

counsel, the defendant must allege concrete allegations of actual prejudice and substantiate them.[14]   Defense counsel's performance should be evaluated by eliminating "the distorting effects if hindsight" or speculation about what trial counsel could have done better.[15]   Moreover, any "review of counsel's representation is subject to a strong presumption that the representation was professionally reasonable."[16]

Defendant contends that counsel's performance fell below an objective standard of reasonableness and that had counsel adequately represented him at trial, the outcome of Defendant's case would have been different.  In support of his assertions, Defendant argues that defense counsel should have investigated and challenged the chain of custody of any DNA evidence, as well as retained an expert to rebut the examining physician's testimony that the evidence was inconclusive as to physical manifestations of sexual abuse.  Defendant also argues that counsel failed to preserve issues for appeal, apparently because counsel did not object when there was no relevant physical evidence produced at trial and the examining physician

---

[14] Younger, 580 A.2d at 555-56.

[15] Gattis v. State, 697 A.2d 1174, 1178 (1997).

[16] Flamer, 585 A.2d at 753.

testified that the evidence was inconclusive. Defendant believes that the destruction of his public defender file is prejudicial to his current motion.

Despite Defendant's assertions, the Court finds that resolution of his case ultimately turns on issues of credibility, which are for a jury to decide. In Defendant's case, a jury convicted him and the Supreme Court affirmed. Given that there was no relevant physical evidence produced at trial and the examining physician testified that the evidence was inconclusive, counsel's attempts to portray Defendant's former wife as vengeful and motivated by an effort to get rid of him through manufactured charges appear to this Court to have been reasonable. Counsel's tactics apparently were effective, given that Defendant's former wife admitted that she "wanted [him] out of [the] house [and] out of [her] life."[17]

The Court understands Defendant's argument that the destruction of his public defender file may potentially be prejudicial. However, defense counsel submitted a sworn statement of his recollection of Defendant's case. In his affidavit, counsel notes that there were not any substantial legal issues to be addressed pretrial or during trial. Counsel believes he did "a vigorous job in defense of [D]efendant and that any possible legal issues were

---

[17] Washington v. State, 2000 WL 275638, at *1 (Del. Supr.).

preserved for appeal."[18]  Defendant should not now be heard to complain of his conviction by the jury.

Counsel is empowered to make tactical decisions at trial.[19]  The decision to pursue a particular defense and eschew another is usually based on informed strategic choices.[20]  Given the strong presumption that counsel's representation was professionally reasonable, this Court cannot now say that counsel's tactics were prejudicial to Defendant.  This is especially so given that credibility was the central issue and given that there was a lack of relevant physical evidence upon which Defendant could have asserted his defense.  Defendant has therefore failed to prove ineffective assistance of counsel.

5.    For the reasons stated above, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

Richard Cooch

Prothonotary
Peter W. Veith, Esquire, Deputy Attorney General
Kevin L. Washington
J. Dallas Winslow, Jr., Esquire
Investigative Services

---

[18] Winslow Aff. ¶ 6.

[19] Strickland, 466 U.S. at 690

[20] Id. at 691.

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500 1
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:     Steven Wood
        Department of Justice

FROM:   Angela M. Hairston, Criminal Deputy

DATE:   October 10, 2002

RE:     State of Delaware vs Kevin Washington
        Case I.D.# 9603000529
        Cr.A. # PN96-03-0732R3, 0733R3,0734R3, 0735R3

The enclosed motion for postconviction relief was filed by the defendant in

the above captioned case on October 9, 2002.  The State is not required to

file a response unless ordered, pursuant to Super.Ct.Crim.R. 61(c)(4) and

61(f)(1). Please forward the enclosed copy to the appropriate Deputy Attorney

General. Thank you very much.

cc:     file

A 57

9603000529

#105

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN _____ NEW CASTLE _____ COUNTY FOR THE MOVANT

| | |
|---|---|
| STATE OF DELAWARE | ) PN96-03-0732 R3 |
| v. | ) IN96-0B-0733 R3 |
| | ) PN96-03-0734 R3 |
| KEVIN L. WASHINGTON | ) No. IN96-03-0735 R3 |
| Name of Movant on Indictment | ) (to be supplied by Prothonotary) |
| | ) |
| KEVIN L. WASHINGTON | ) |
| Correct Full Name of Movant | ) |

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)  This motion must be legibly handwritten or typewritten, and signed by the movant und penalty of perjury.

(2)  All grounds for relief and supporting facts must be included, and all questions must be answer briefly in the proper space on the form.

(3)  Additional pages are not permitted. If more room is needed, use the reverse side of the shee

(4)  No citation of authorities is required. If legal arguments are submitted, this should be done a separate memorandum.

(5)  Only convictions that were included in the same plea agreement or were tried together may challenged in a single motion.

(6)  When the motion is completed, the original must be mailed to the Prothonotary in the county which the judgment of conviction was entered. No fee is required.

(7)  The motion will be accepted if it conforms to these instructions. Otherwise, it will be return with a notation as to the deficiency.

### MOTION

1.  County in which you were convicted _NEW CASTLE COUNTY_

2.  Judge who imposed sentence _Richard R. Cooch_

3.  Date sentence was imposed _9, 18, 1998_

4.  Offense(s) for which you were sentenced and length of sentence (s):
    (Three counts): of First degree unlawful sexual intercourse and (one count): of unlawful sexual penetration Third degree.

A-58

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?
Yes (   )    No ( ✓ )
If your answer is "yes," give the following information:
Name and location of court(s) which imposed the other sentence(s):

_____

Date sentence(s) imposed: _____
Length of sentence(s) _____

6. What was the basis for the judgment(s) of conviction? (Check one)
Plea of guilty (   )
Plea of guilty without admission of guilt ("Robinson plea")   (   )
Plea of nolo contendere   (   )
Verdict of jury   ( ✓ )
Finding of judge (nonjury trial)   (   )

7. Judge who accepted plea or presided at trial _Richard R. Cooch._

8. Did you take the witness stand and testify? (Check one)
No trial (   )    Yes ( ✓ )    No (   )

9. Did you appeal from the judgment of conviction? Yes ( ✓ )   No (   )
If your answer is "yes," give the following information:
Case number of appeal _421_
Date of court's final order or opinion _April 2, 1999_

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ✓ )  No (   )
How many? ( 1 )
If your answer is "yes," give the following information as to each:
Nature of proceeding(s) _Postconviction relief. Rule 61_
Grounds raised _Ineffective assistance of counsel_

_____
_____
_____

Was there an evidentiary hearing? _No_
Case number of proceeding(s) _None_
Date(s) of court's final order(s) or opinion(s) _None_
Did you appeal the result(s)? _—_

11. Give the name of each attorney who represented you at the following stages of the proceeding relating to the judgment(s) under attack in this motion:
At plea of guilty or trial _J. Dallas Winslow Jr._
On appeal _J. Dallas Winslow Jr._
In any postconviction proceeding _None_

2

A-59

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: "SEE The Attached MemorandUM of Law"
Supporting facts (state the facts briefly without citing cases):

_____

_____

Ground two: " SEE The Attached MemorandUM of Law"
Supporting facts (state the facts briefly without citing cases):

_____

Ground three: "SEE THE Attached MemorandUM of Law"
Supporting facts (state the facts briefly without citing cases):

_____

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: GroUNds 1, 3, 4, 5 - 7 Just FoUNd in My trial record that there was a miscarriage of JUstice because of a ConstitutioNal violatioN and it is warranted in the iNterest of JUstice.

_____

_____

    Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

10, 7, 02
_____    _____
Date signed                Signature of Movant
                           (Notarization not required)

3

forms/motpctr.wp  2/94

A-60

IN THE SUPERIOR COURT OF THE STATE
OF DELAWARE IN NEW CASTLE COUNTY FOR THE MOVANT

KEVIN L. WASHINGTON )
      PRO SE' MOVANT )
                                    )                      IN 96-03-0732
                                    )                      IN 96-03-0733
                                    ) Crim. Action No.     IN 96-03-0734
      Vs.                          )                      IN 96-03-0735
                                    )
                                    )
STATE OF DELAWARE              )
                                    )
                                    )

FILED PROTHONOTARY
2002 OCT -9 PM 1:12

# MEMORANDUM OF LAW
# FOR POSTCONVICTION RELIEF

10, 7, 02
DATE SIGNED

Kevin L. Washington
SIGNATURE OF MOVANT

KEVIN L. WASHINGTON
SBI# 00 211354, Building 23
D.C.C. 1181 PAddock Road
SMYRNA, DELAWARE 19977

A-61

I KEVIN L. WASHINGTON RESPECTFULLY
COMES NOW AND RESPECTFULLY MOVES THE HONORABLE
COURT PURSUANT TO RULE 61 (i)(2) THAT
HIS COLORABLE CLAIM IS WARRANTED
IN THE INTEREST OF JUSTICE.

THE INTEREST OF JUSTICE EXCEPTION:
HAS BEEN NARROWLY DEFINED TO REQUIRE THE
MOVANT TO SHOW THAT THE TRIAL COURT
LACKED THE AUTHORITY TO CONVICT OR
PUNISH HIM.

ALSO, PURSUANT TO RULE 61(i)(5)
THE REPETITIVE BAR DOES NOT APPLY TO A
CLAIM THAT THE COURT LACKED JURISDICTION
OR TO A COLORABLE CLAIM THAT THERE IS
A MISCARRIAGE OF JUSTICE BECAUSE OF
A CONSTITUTIONAL VIOLATION THAT UNDERMINED
THE FUNDAMENTAL LEGALITY, RELIABILITY,
INTEGRITY OR FAIRNESS OF THE PROCEEDINGS
LEADING TO THE JUDGMENT OF CONVICTION.

A COLORABLE CLAIM IS ONE WHICH HAS THE
APPEARANCE OF VALIDITY.

THE MOVANT OFFERS THE FOLLOWING GROUNDS AND
FACTS:

1. LACK OF JURISDICTION, BY THE TRIAL COURT,
   TO CHANGE THE INDICTMENT, IN THE MIDDLE
   OF THE TRIAL, WHEN THE MOVANT HAD A
   JURY TRIAL, AND THE JURY IS THE JUDGE
   OF THE CASE IN DETERMINING GUILT OR
   INNOCENCE, WHEN THE GRAND JURY ONLY
   HAS JURISDICTION TO INDICT, THE
   INDICTMENT WAS CHANGED BY THE TRIAL
   COURT IN THE MIDDLE OF THE TRIAL AFTER
   THE ALLEGED VICTIM RECANTED HER TESTIMONY
   ABOUT HAVING ANAL SEX WITH THE MOVANT,
   AND TESTIFIED UNDER OATH, IN THE COURT
   OF LAW THAT THAT DID NOT HAPPEN.
   FOR EVIDENCE, PLEASE LOOK AT THE TRIAL
   RECORDED TRANSCRIPT OF APRIL 29, 1998,
   ON PAGE 60; AND PLEASE LOOK AT THE
   ORIGINAL TRUE BILL INDICTMENT, AND
   THE SUPERIOR COURT DOCKET, AS OF
   1-7-1999.

SCHLUP V. DELO, 513 U.S. 298, 315, 115 S. Ct. 851, 861, 130 L. Ed 808 (1995)

To prevail on procedurally barred claims under the miscarriage of justice standard established in Schlup, petitioner need not prove that he is actually innocent, rather, petitioner is required to present evidence of innocence such that the court cannot have confidence in the outcome of the trial.

Had trial counsel for the petitioner addressed the jury with the inconsistencies of the alleged victim's initial statement to the police, incriminating the defendant, and her recantation at trial about there was never any anal sex, the outcome of the trial would have been different

2. Trial counsel knew this and failed to raise it on direct appeal which makes him ineffective and in violation of the movant's sixth amendment rights to the U.S Constitution.

NAPUE V. ILLINOIS, 360 U.S. 264, 3 L.Ed. 2d 1217, 79 S.Ct. 1173 (No. 583) 1959

SUBJECT OF ANNOTATION - CONVICTION ON TESTIMONY KNOWN TO PROSECUTION TO BE PERJURED AS DENIAL OF DUE PROCESS

THE U.S. SUPREME COURT RULED THAT: A LIE IS A LIE, NO MATTER WHAT ITS SUBJECT, AND, IF IT IS IN ANY WAY RELEVANT TO THE CASE, THE District ATTORNEY HAS THE RESPONSIBILITY AND DUTY TO CORRECT WHAT HE KNOWS TO BE FALSE AND ELICIT THE TRUTH.

IN KEVIN L. WASHINGTON'S CASE THE TRIAL PROSECUTOR KNEW THAT THE INCRIMINATING ALLEGATIONS, AGAINST THE MOVANT, ARE FALSE, BECAUSE, WHY WOULD HE DROP ONE OF THE CHARGES, IN THE INDICTMENT, IN THE MIDDLE OF THE TRIAL, BECAUSE THE ALLEGED VICTIM LIED, AND NOT DROP ALL OF THE CHARGES. DUE TO THE STATE'S FAILURE TO EXONERATE THE MOVANT, VIOLATES THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. Constitution

3. ALSO THE TRIAL PROSECUTION WAS VINDICTIVE IN PROSECUTING THE MOVANT BECAUSE HE REJECTED A PLEA OFFER TO 10 YEARS.    A-65

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
        Petitioner )
                    )
                    )   ID NO.: 9603000529
      V.           )
                    )
KEVIN WASHINGTON )
        Respondent )
                    )

### NOTICE OF MOTION

TO:  The Honorable Richard R. Cooch    Dallas Winslow, Esquire
     Superior Court                 Public Defender's Office
     Daniel L. Hermann Court House   Carvel State Office
     1020 N. King Street          820 N. French Street 3rd Fl
     Wilmington, DE 19801        Wilmington, DE 19801

     Kevin Washington
     D.O.B 2-21-63
     Delaware Correction Center
     Smyrna Landing Road
     Smyrna, DE 19977

     PLEASE TAKE NOTICE that the undersigned attorney intends to

present the attached Motion for Post-Conviction Relief to the Court at

the convenience of the Court and Counsel.

DATE: January 28, 2002

                                   Peter W. Veith
                                   Deputy Attorney General
                                   Carvel State Building
                                   7th Floor
                                   820 N. French Street
                                   Wilmington, De 19801

A-66

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE   )
          ) ID.#9603000529
v.         )
          )
KEVIN WASHINGTON,   )
   DEFENDANT   )
          )

## STATE RESPONSE TO DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Kevin Washington, "defendant" was indicted by the New Castle County Grand Jury on March 18, 1996 for three counts of Unlawful Sexual Intercourse in the First Degree in violation of 11 Del. C. § 775(a)(4) and one count of Unlawful Sexual Penetration in the Third Degree in violation of 11 Del. C. § 7709(a)(2). Following a three day jury trial on April 28 through April 30, 1998, defendant was found guilty as charged on two counts of Unlawful Sexual Intercourse First Degree and one count of Unlawful Sexual Penetration Third Degree, and guilty of the lesser included offense of Unlawful Sexual Contact Second Degree as to the third charge of Unlawful Sexual Intercourse in the First Degree. Defendant was sentence on September 18, 1998 to a total of 73 years level V imprisonment, followed by one year level IV confinement defendant filed a timely appeal to the Supreme Court.

Defendant's Supreme Court appeal asserted three claims of plain error: (i) admission of evidence of marital abuse concerning the victim's mother; (ii) admission of bad character evidence in the State's case-in-chief; and (iii) insufficient evidence to convict as to the charge of unlawful sex contact. Washington v. State, Del. Supr., No. 421, 1998, 2000 WL 275638, Walsh, J. at 1 (Mar. 3, 2000)(ORDER). The Supreme Court held that the Superior Court did no commit

plain error by allowing the State to explore his "bad acts" on redirect examination.  Washington,

2000 WL 275638 at 1. Specifically, the Court noted that the defendant's apparent tactic at trial

was to attack the credibility of his former wife portraying her as vengeful and motivated by an

effort to get rid of him by manufacturing the charges involving their daughter. Id. at 1.  In fact,

on cross-examination of the defendant's wife, the defense attacked her credibility by depicting

their stormy relationship as motivation for her reporting the incidents involving her daughter. Id.

The State responding be eliciting testimony on re-direct about marital abuse and defendant's

Family Court conviction for assaulting her. Id. The Court noted that the evidence of the

defendant's "bad acts" was not presented during the State's case-in-chief but was merely

responsive to defendant's suggestion or admitted as rebuttal evidence which is not subject to the

blanket prohibition under Getz v. State, Del. Supr., 538 A.2d 726 (1988).  Even though defense

counsel did not object to the testimony, the Court held the admission of the evidence did not rise

to the level of plain error. Id.

The Supreme Court also denied the defendant's third claim attacking the sufficiency of

the evidence to convict him of the lesser included offense of Unlawful Sexual Contact Second

Degree. Id. at 2 .  The Court noted that the State's evidence coupled with the defendant's denial

presented a credibility issue that was decided against him by the jury. Id.  The claim was not

subject to a plain error review and it was rejected by the Court. Id.

On September 17, 2001, the defendant file a *pro se* motion for postconviction relief

pursuant to Superior Court criminal Rule 61.  Defendant has asserted five grounds in support of

his motion.  Ground 1,4 and 5 claim that his trial counsel was ineffective for failing to file pre-

trial motions, failing to adequately prepare for trial and defendant's direct appeal and his failure

to allow the defendant to disrupt the Court proceedings.  Ground 2 and 3 allege a speedy trial

violated and prosecutorial misconduct. The State will address ground 2 and 3 first then defendant's ineffective assistance of counsel claim.

### Ground 2

Ground 2 alleges that the defendant's right to a speedy trial was violated. The State notes that this claim was not raised before, during or after his trial. In addition, the defendant has not asserted what prejudice he has suffered. It is the State's position this claim is procedurally barred under Superior Court Criminal Rule 61(i)(3). Superior Court Criminal Rule 61 sets forth the procedure for prisoners to challenge their convictions collaterally by way of a motion for postconviction relief. Super. Ct. Crim. Rule 61. It is well settled that the Superior Court must address the procedural requirements of Rule 61 before considering the merits of the motion. Younger v. State, Del. Supr., 580 A.2d 552, 554 (1990). If a procedural bar exist, the merits of the post-conviction claim must not be considered by the court. Younger, 580 A.2d at 554.

Rule 61 (i)(3) provides, in part, that any ground that was not asserted in the proceeding leading to the judgement of conviction, as required by the rules of this Court, is thereafter barred, unless the movant can show cause for relief from the procedural default and that he has suffered prejudice. The record is silent as to the defendant asserting his right to a speedy trial. The State notes that the defendant failed to make any oral motions at trial to dismiss based upon his speedy trial rights. In addition, defendant did not file a motion to dismiss under Superior Court Criminal Rule 48(b). Also, defendant has not stated what the cause for relief is or that he has suffered prejudice. The State does note that defendant's trial was continued one time because this Court had to issue a capias for his arrest when he failed to appear for trial. The State submits his claim is barred under Rule 61(i)(3).

### Ground 3

Ground 3 alleges prosecutorial misconduct due to an insufficient indictment. The State submits that this claim is also procedurally barred under Rule 61(i)(3) because the defendant failed to raise this issue at the trial level. In addition, defendant's motion is vague as to what the misconduct was, what the cause from the procedural default is or how he suffered prejudice. Again, absent a showing of cause for relief from the procedural default and prejudice, a claim that was not asserted in the proceedings leading to conviction is thereafter barred under Rule 61(i)(3).

In the alternative, if the Court considers Ground 3 to be a insufficiency of the evidence claim, the State submits that claim would also be barred under Rule 61(i)(4). Rule 61(i)(4) States that "any ground for relief that was formally adjudicated, whether in the proceeding leading to the judgement of conviction, in a direct appeal . . . is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The record shows that the defendant filed a timely appeal of his Superior Court conviction with the Delaware Supreme Court. See, Washington v. State, Del. Supr., No. 421, 1998 2000 WL 275638, Walsh, J. (March 3, 2002) (ORDER). The Court denied defendant's claim that there was insufficient evidence to convict him of the Unlawful Sexual Contact Second Degree charge. Id. at 2. In addition, defendant's motion does not set forth why reconsideration of this claim is warranted in the interest of justice, as required under Rule 61(i)(4). Clearly, this claim has been formerly adjudicated and the defendant has not met the burden for reconsideration under Rule 61(i)(4). Ground 3 is barred under Rule 61(i)(4).

## Ground 1, 4 and 5

Defendant's final claim for relief is that his trial counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, petitioners for postconviction relief must show that counsel's representation fell below an objective standard of reasonableness and that, but for his unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. Strickland v. Washington, 446 U.S. 668 (1984). The Strickland standard is a high standard that leads to a "strong presumption that the representation was professionally reasonable." Stone v. State, Del. Supr., 690 A.2d 924, 925 (1996)(citing Flamer v.State, Del. Supr., 585 A.2d 736 (1990). In addition, under Rule 61 the petitioner must show concrete allegations of actual prejudice or risk summary dismissal.    Stone, 690 A2d at 925. The State submits that the defendant's claim of ineffective assistance of counsel is without merit and must be dismissed.

Ground 1, 4 and 5 claim that trial counsel was ineffective for the following reasons: (1) failed to file pre-trial motions; (2) failed to investigate the State's case; (3) failed to hire an expert witness to rebut the State's expert; (4) failed to preserve issue for his direct appeal; (5) failed to investigate the possible existence of DNA evidence; and (6) advised the defendant to remain silent and under control during his trial.

The defendant's trial tactic was to portray his wife as vengeful and motivated by an effort to rid herself of the defendant by manufacturing the charges involving their daughter. Washington, 2000 WL 275638 at 1. The State submits that this was a reasonable tactic due to the fact that there was no physical evidence implicating the defendant and that the relationship between him and his wife was stormy. Simply put, this was a case in which credibility was the main issue. Clearly, trial counsel's tactics were effective because, on cross-examination of the

defendant's wife, he got her to admit that she wanted to get rid of the defendant. In addition, she admitted that she tried to get the defendant's probation revokes and that she had written to the Superior Court expressing her fears and her desire to keep the defendant in jail.   Id.   The record is clear that counsel was able to attack the defendant's wife's credibility which could have given the jury a reason to doubt the allegations.  Based upon the lack of any physical evidence implicating the defendant and the obvious stormy relationship between him and his wife, the State submits counsel's tactics were reasonable.  This is clearly evidenced by his effective cross-examination of the defendant's wife.

Clearly, the lack of any physical evidence implicating the defendant and his denial that sexual abuse even occurred limited the defense to arguing credibility.  The defendant has not stated what motions should have been file or what counsel should have done to investigate the case.  The State does note that defense counsel successfully argued for an instruction on lesser included offenses under counts I and III.  In fact, the defendant was conviction of unlawful sexual contact second which was a lesser included offense to the charge or unlawful sexual intercourse first degree.  Clearly, defense counsel was effective in arguing for lesser included offenses.

As to the issue of failing to properly investigate the case, the defendant claims that counsel should have hire an expert to rebut the State's expert, however, the State's expert opined that the evidence was inconclusive on the question of sexual abuse.  Washington, 2000 WL 275638 at 1. The State submit that it would have been unreasonable to hire an expert when the State's expert's testimony does not support the State's case that the victim was sexually abused. Similarly, defendant also argues that counsel should have investigated for possible DNA evidence.  Again, this claim is speculative àt best.  The record is clear that the State did not possess any relevant physical evidence which could be subjected to DNA testing.  State v.

Washington, Del. Super., 2000, WL 33115698, Cooch, J. (Nov. 15, 2000)(ORDER).

Defendant's argument is without merit. In addition, defendant's claims that counsel failed to subpoena witnesses and provided bad advice for requiring him to remain calm during the trial is also without merit. First, the defendant has failed to name the witnesses that he wanted subpoenaed. Defense counsel cannot be expected to subpoena unnamed witnesses. Second, counsel's advice to remain calm and in control when the jury was present is sound professional advice.

Finally, defendant claims counsel failed to raise objections to preserve issues for appeal. Defendant does not state what objections should have been raised and how he has been prejudiced. The State notes that the defendant was not denied his right to appeal. Defendant filed a timely appeal asserting three issues that were summarily denied by the Delaware Supreme Court. Washington , 2000 WL 275638, at2. Clearly, this claim is without merit. In the alternative the state submits it is also procedurally barred under Rule 61(i)(4).

## CONCLUSION

Strickland, presumes that trial counsel's representation was reasonable and professional. Defendant has not asserted any grounds to rebut this presumption. In fact, the State submits counsel was professional and that his tactics were reasonable. In addition to failing to meet the first prong under Strickland, defendant has not shown how any errors by counsel would have changed the outcome of the case. The State submits defendant has failed to meet the high standard under Strickland to support his claim of ineffective assistance of counsel.

WHEREFORE, the State respectfully moves this Honorable Court to summarily dismiss

defendant's Motion for Postconviction Relief.

Respectfully Submitted,

Peter W. Veith
Deputy Attorney General
(302) 577-8950

748 A.2d 408 (Table)
Unpublished Disposition

Page 1

(Cite as: 748 A.2d 408, 2000 WL 275638 (Del.Supr.))

(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')

Supreme Court of Delaware.

Kevin L. WASHINGTON, Defendant Below,
Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.

No. 421, 1998.

Submitted Feb. 15, 2000.
Decided March 3, 2000.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County, Cr.A.
Nos. IN96-03-0732 through 0735.

Before WALSH, HOLLAND, and HARTNETT,
Justices.

ORDER

**1 This 3rd day of March, 2000, upon
consideration of the briefs of the parties and oral
argument, it appears to the Court that:

(1) The appellant, Kevin L. Washington
("Washington") was convicted following a jury trial
in the Superior Court of two charges of Unlawful
Sexual Intercourse First Degree, one charge of
Unlawful Sexual Contact Second Degree and one
charge of Unlawful Sexual Penetration Third
Degree. Initially, Washington's trial counsel filed a
Rule 26(c) brief together with a motion to withdraw
as counsel. In response, the State filed a motion to
affirm. Thereafter, this Court entered an order
denying the motion to affirm and appointed new
counsel to review the file and brief the appeal.
Washington now asserts three claims of plain error:
(i) admission of evidence of marital abuse
concerning the victim's mother; (ii) admission of
bad character evidence in the State's case-in-chief;
and (iii) insufficient evidence to convict as to the
charge of Unlawful Sexual Contact.

(2) The charges against the defendant involved
alleged sexual assaults against his then eight-year-

old daughter. [FN1] The charges came to light when
the victim related the incidents to her mother, the
defendant's former wife. The child later repeated
the allegations to the police and to a social worker.
The child and her mother testified at trial recounting
the assaults and the child's out-of-court statements
were admitted in evidence under 11 *Del. C.* § 3507.
Although the State presented the testimony of an
examining physician, that evidence was inconclusive
on the question of physical manifestations of sexual
abuse. The defendant denied the assaults and
claimed that the charges were prompted by the
vindictiveness of his former wife.

> FN1. The record is conflicting as to whether the
> defendant is the biological father of the victim or
> merely the victim's stepfather. Such a
> determination, however, is irrelevant to the factual
> and legal issues at hand.

(3) The defendant's apparent tactic at trial was to
portray his former wife as vengeful and motivated
by an effort to get rid of him by manufacturing the
charges involving their daughter. The defendant's
counsel suggested this motivation in opening
remarks before the State's case and pursued this
claim in cross-examination of the defendant's former
wife when she testified in the State's case-in-chief.
Specifically, counsel asked the wife if she "wanted
[the defendant] out of your house, out of your life;
right?" When the wife replied in the affirmative,
counsel then asked if she had contacted the
defendant's probation officer to report a violation
and whether she had written to a Superior Court
judge expressing her fear of the defendant and her
wish that he remain in jail. The wife confirmed such
conduct. In redirect examination of the wife, the
prosecutor followed up on her desire to get rid of
the defendant by asking whether he had been
physically abusive to her during the marriage and
whether he had pled guilty in the Family Court to
third degree assault. There was no objection to this
questioning.

(4) Washington concedes that in the absence of an
objection to the State's exploration of his "bad acts"
on re-direct examination our review of the
admission of that testimony is limited to a plain
error standard. Under a plain error standard, the
error complained of must be so clearly prejudicial to
substantial rights as to jeopardize the fairness and

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

integrity of the trial process. *See Wainwright v. State,* Del.Supr., 504 A.2d 1096, 1100 (1986). Here, not only was there no objection to the wife's recounting of the defendant's abusive conduct toward her, but the testimony was simply an embellishment of the defendant's effort to depict the stormy relationship with his wife as motivation for her reporting of the incidents involving her daughter. While the State is generally precluded from presenting evidence of the defendant's bad character in its case-in-chief, *See Getz v. State,* Del.Supr., 538 A.2d 726 (1988), if such evidence is merely responsive to a defendant's suggestion or admitted in rebuttal, the admission of that evidence is not subject to blanket proscription. *See Kornbluth v. State,* Del.Supr., 580 A.2d 556, 558 (1990). In any event, there must be a contemporaneous objection to such evidence to afford the trial court the opportunity to perform the balancing test under D.R.E. 403 and to craft an appropriate instruction. Here, there was no objection and, under the circumstances, the admission of such evidence does not rise to the level of plain error.

**2 (5) Washington also alleges as plain error certain testimony elicited from his former wife by the State concerning the fact that he was unemployed during the period when the alleged assaults occurred. Lack of employment is not, in itself, evidence of bad acts or negative character and indeed may be relevant, as here, to show that the defendant had the opportunity to molest the child while the mother was absent. In any event, no objection was made to this testimony, and we conclude that it does not rise to the level of plain error. *See Wainwright,* 504 A.2d at 1100.

(6) Washington's final claim of error is directed to the sufficiency of the evidence to support his conviction of Unlawful Sexual Contact Second Degree as a lesser included offense of one of the charges of Unlawful Sexual Intercourse First Degree. Because Washington concedes that he did not present an insufficiency of the evidence claim at trial, he is precluded from asserting that claim on appeal in the absence of plain error. In view of the State's evidence presented at trial, both direct and circumstantial, coupled with the defendant's denial, his conduct was a jury question posing issues of credibility. Accordingly, the evidence is not subject to plain error review and must be rejected.

(7) Our rejection of appellant's plain error claims in this direct appeal does not preclude the later assertion of an ineffective assistance of counsel claim under Superior Court Criminal Rule 61.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 33115698                                                                Page 3
(Cite as: 2000 WL 33115698 (Del.Super.))

Only the Westlaw citation is currently available.

Superior Court of Delaware.

**STATE of Delaware**
v.
Kevin WASHINGTON

Submitted: Oct. 13, 2000.
Decided: Nov. 15, 2000.

On Defendant's "Motion to Access the Evidence for
Purposes of DNA Testing." Denied.

Paul R. Wallace, Esquire, Deputy Attorney
General, Department of Justice, Wilmington.

Kevin L. Washington, Smyrna.

COOCH, Resident J.

*1 Dear Mr. Wallace and Mr. Washington:

Pending before this Court is Defendant's August
31, 2000 Motion to Access the Evidence for
Purposes of DNA Testing. The State has filed a
Response in opposition to the Motion. For the
reasons set forth below, Defendant's "Motion to
Access the Evidence for Purposes of DNA Testing"
is DENIED.

Summary of Facts and Procedural History

On April 31, 1998 Defendant was convicted after a
trial of two counts of Unlawful Sexual Intercourse
First Degree, one count of Unlawful Sexual Contact
Second Degree and one count of Unlawful Sexual
Penetration Third Degree. The charges against
Defendant involved sexual assaults against his then
eight-year- old daughter. The victim reported the
incidents to her mother after observing a television
commercial. [FN1] The victim, her mother, and the
examining physician testified at Defendant's trial.
The examining physician testified that the evidence
was inconclusive as to manifestations of sexual
abuse. Defendant denied that the assaults ever
occurred. As the Supreme Court noted in
Defendant's appeal, Defendant's tactic at trial
appeared to be an attempt to portray his former wife
as vengeful. [FN2]

FN1. Trial Transcript at 57, *State v. Washington,*

Cr. ID. No. 9603000529, Cooch. J. (Apr. 29 &
30, 1998).

FN2. For a more detailed summary of the facts of
Defendant's trial, *see Washington v. State,*
Del.Supr., No. 421, 1998, 2000 WL 275638,
Walsh, J., at ¶ 1 (Mar. 3, 2000) (ORDER).

This Court sentenced Defendant on September 18,
1998 to serve 70 years at Level 5 for the two
Unlawful Sexual Intercourse First Degree charges; 2
years at Level 5 for the Unlawful Sexual Penetration
Third Degree charge; and 2 years at Level 5 for
Unlawful Sexual Contact Second Degree suspended
after one year to one year at Level 4.

On appeal to the Supreme Court Defendant asserted
three claims of plain error: (1) admission of
evidence of Defendant's abusive conduct toward his
former wife; (2) admission of bad character
evidence depicting the "stormy relationship" of
Defendant and his former wife in the State's case-in-
chief; and (3) insufficient evidence to convict as to
the charge of Unlawful Sexual Contact. [FN3] The
Supreme Court affirmed Defendant's conviction and
rejected all three claims of plain error. [FN4]
Defendant also filed a Motion for Postconviction
Relief on July 20, 1999. That motion was denied by
this Court due to lack of jurisdiction. [FN5]
Defendant subsequently filed this motion.

FN3. *Washington v. State,* Del.Supr., No. 421,
1998, 2000 WL 275638, Walsh, J. at ¶ 1 (Mar. 3,
2000) (ORDER).

FN4. *Id.* at ¶ 6.

FN5. Letter from Richard R. Cooch, Resident
Judge, to Kevin Washington, Defendant (Aug. 18,
1999) (letter denying Defendant's claim for
Postconviction Relief).

Requirements for a Motion Requesting the
Performance of Forensic DNA
Testing Pursuant to 11 *Del. C.* § 4504.

The requirements for a Motion Requesting the
Performance of Forensic DNA Testing flow from 11
*Del. C.* § 4504(a). This newly enacted statute
[FN6] states in pertinent part:

FN6. The effective date of this statute was
September 1, 2000.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

(a) Except at a time when direct appellate review is available ... a person convicted of a crime may file in the court that entered the judgement [sic] of conviction a motion requesting the performance of forensic DNA testing to demonstrate the person's actual innocence.... The motion may be granted if: (1) the testing is to be performed on evidence secured in relation to the trial which resulted in the conviction; and

(2) the evidence was not previously subject to testing because the technology for testing was not available at the time of the trial; and

*2 (3) the movant presents a prima facie case that identity was an issue in the trial; and

(4) the movant presents a prima facie case that the evidence to be tested has been subject to a chain of custody sufficient to establish that the evidence has not been substituted, tampered with, degraded, contaminated, altered or replaced in any material aspect; and

(5) the requested testing has the scientific potential to produce new, non- cumulative evidence materially relevant to the person's assertion of actual innocence; and

(6) the requested testing employs a scientific method which is generally accepted within the relevant scientific community, and which satisfies the pertinent Delaware Rules of Evidence concerning the admission of scientific testimony or evidence.

As the State has noted, Defendant must satisfy each one of the six requirements in order for this Court to grant his Motion. [FN7] Because the statute's requirements are stated in a conjunctive manner, failure to satisfy any one of the six paragraphs of § 4505(a) precludes the requested remedy of DNA testing. [FN8] As is evident from Defendant's motion Defendant's application falls short of satisfying at least four of the necessary requirements. [FN9]

>FN7. State's Response at 3.

>FN8. 11 Del. C. § 4505(a); see also State v. Klosowski, Del.Super., 310 A.2d 656, 657 (1973) (stating that "[a]nd" is a connective, in its commonly accepted meaning, and is not generally used to express an alternative--unless it is followed by words which clearly indicate that intent).

>FN9. Defendant's Motion in its entirety reads: Comes now defendant Kevin Washington Pro Se to move this Court to Grant this Motion. In support of Motion defendant supports the following:

>1) Examination of alledged [sic] victim by a medical expert: found no obvious evidence of sexual abuse/penetration.

>2) Blood work and test were performed on alledged [sic] victim and DNA testing will prove defendants innocence: State v. Thomas 586 A.2d 250 (1991).

>3) The testing would provide newly discovered evidence that would provide conclusive proof that a different verdict would have been reached: Wilkes: State Post-conviction remedies and relief 1-13 at 31-32 (1996) Ed) 1-13 at 30-32 and Wilkes Supra. [sic] app. B at 905[.] (This Court is uncertain as to what legal authority to which Movant is referring).

In Defendant's case, there was no relevant physical evidence produced at trial which could be subjected to DNA forensic testing. The State asserts that biological samples or similar evidence were not collected from Defendant because this was a "late report" case by a child victim. [FN10] At trial, Defendant did not contest the identity of the person who assaulted his daughter. Defendant merely denied the assaults occurred. [FN11] Defendant claimed the charges were false and prompted by a vindictive former wife. [FN12] Defendant has not thus identified "evidence secured in relation to the trial" which could be tested for relevant DNA findings as required by 11 Del. C. § 4505(a)(1).

>FN10. State's Response at 2 (noting that the eight-year-old child first reported the offenses to her mother "weeks" after the offenses occurred).

>FN11. Washington, 2000 WL 275638, at *1.

>FN12. Id.

Additionally, Defendant's trial occurred at a time when DNA forensic testing was available and admissible in the courts of Delaware. Defendant's trial occurred in April 1998. DNA testing technology has apparently been admissible in Delaware since at least 1989. [FN13] DNA testing was available when his trial occurred. Defendant therefore fails to satisfy the requirement of 11 Del. C. § 4504(a)(2).

>FN13. See State's Response at 4.

Mistaken identity is another crucial component to this statute. Identity must be an issue for a movant

A-28

2000 WL 33115698                                                                    Page 5
(Cite as: 2000 WL 33115698, *2 (Del.Super.))

successfully to argue application of this statute. [FN14] At Defendant's trial, identity was not an issue. [FN15] To the contrary, Defense counsel stated at trial, "Judge, identification is not an issue. We stipulate that Mr. Washington is obviously the father of this young lady." [FN16] Defendant simply denied that his daughter was sexually abused. In support of that contention, Defendant claimed his former wife prompted the charges in a vengeful effort to "get rid of Defendant." [FN17] Because the identity of the sexual offender was not an issue in Defendant's trial, Defendant has failed to allege proper grounds for relief under 11 *Del. C.* § 4505(a)(3).

> FN14. "The motion may be granted if ... the movant presents a prima facie case that identity was an issue in the trial ...." 11 *Del. C.* § 4505(a)(3).

FN15. Trial Tr. at 59-60.

FN16. *Id.*

FN17. State's Response at 4.

*3 Lastly, Defendant cannot prove a proper chain of custody pursuant to 11 *Del. C.* § 4505(a)(4). Since Defendant has proffered no relevant evidence that could be tested, Defendant cannot "present a prima facie case that the evidence to be tested has been subject to a chain of custody sufficient to establish that the evidence has not been substituted or tampered with." [FN18] This Court finds the requirement of 11 *Del. C.* § 4505(a)(4) to be insufficiently satisfied by Defendant.

FN18. 11 *Del. C.* § 4505(a)(4).

Defendant has not proffered sufficient grounds to claim relief under this statute. In not meeting all the necessary requirements of 11 *Del. C.* § 4505, Defendant's Motion is DENIED.

IT IS SO ORDERED.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

```
STATE OF DELAWARE            )
            Petitioner       )
                             )    ID NO.: 9603000529
        V.                   )
                             )
KEVIN WASHINGTON             )
            Respondent       )
                             )
```

## Order

**AND NOW, TO WIT**, the foregoing Motion for Post-Conviction

having been received and considered by the Court:

**IT IS HEREBY ORDERED**, this _____ day of _____ _____ _____,

2002, that the Motion is granted.


_____

Honorable Richard R. Cooch

A- 80

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE          :
                           :
    v.                     :
                           :
KEVIN WASHINGTON           : I.D.9603000529
                           :

CERTIFICATE OF SERVICE

Monica L. Walker, being duly sworn, deposes and says that:

1.  She is a secretary for the Department of Justice.

2.  That on January 28, 2002, she caused to be mailed, or hand delivered two copies of the attached to Response to Motion for Post-Conviction Relief.

The Honorable Richard R. Cooch        Dallas Winslow, Esquire
Superior Court                         Public Defender's Office
Daniel L. Hermann Court House          Carvel State Office
1020 N. King Street                    820 N. French Street 3rd Fl
Wilmington, DE 19801                   Wilmington, DE 19801

Kevin Washington
D.O.B 2-21-63
Delaware Correction Center
Smyrna Landing Road
Smyrna, DE 19977

_____
Monica L. Walker

SWORN TO AND SUBSCRIBE BEFORE ME THIS 28th day of **January**, 2002 Pursuant to 29 <u>Del</u>. <u>C</u>. sec. 2508

_____
Deputy Attorney General

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D.# 9603000529 |
| KEVIN WASHINGTON | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 21, 2003
Decided: July 30, 2003

**On Defendant's Second *Pro Se* Motion for Postconviction Relief.
DENIED IN PART, SUMMARILY DISMISSED IN PART.**

## ORDER

This 30th day of July, 2003, upon consideration of a second *pro se*

Motion for Postconviction Relief filed by Kevin Washington (the

"Defendant"), it appears to the Court that:

1.    Defendant has filed this Motion for Postconviction Relief (the

"Motion") pursuant to Superior Court Criminal Rule 61.  For the reasons

stated below, Defendant's Motion is **DENIED IN PART** and

**SUMMARILY DISMISSED IN PART**.

2.    Defendant was indicted for three counts of Unlawful Sexual

Intercourse First Degree[1] and one count of Unlawful Sexual Penetration

---

[1] DEL. CODE ANN. tit.11, § 775 (1995) (repealed 1998).

A-52

Third Degree.[2] These charges stemmed from sexual assaults Defendant had

committed against his then eight-year-old daughter. The facts that

developed during a jury trial held in April 1998, however, led Defendant's

counsel to request the giving of a jury instruction on the lesser included

offense of Unlawful Sexual Contact Second Degree.[3] On April 31, 1998,

Defendant was convicted by a jury of two counts of Unlawful Sexual

Intercourse First Degree, one count of Unlawful Sexual Contact Second

Degree, and one count of Unlawful Sexual Penetration Third Degree. The

Supreme Court affirmed on direct appeal, and in doing so rejected

Defendant's claim that "plain error" had been committed relative to the

sufficiency of the evidence as to the charge of Unlawful Sexual Contact

---

[2] DEL. CODE ANN. tit.11, § 770 (1995) (repealed 1998).

[3] DEL. CODE ANN. tit.11, § 768 (2001). Specifically, it developed at trial that the third count of Unlawful Sexual Intercourse First Degree was potentially not supported by the evidence because the charge as levied contemplated Defendant as having had anal intercourse with the victim but the victim herself testified that she did not remember "anything about [her] butt" having been "touched." Trial Tr. of 4/29/98 at 60. The State did not object to the giving of the lesser included offense instruction. Id. at 77. The Court agreed to give the requested instruction pursuant to title 11, section 206(b) of the Delaware Code. See DEL. CODE ANN. tit.11, § 206(b) (2001) (providing that "[a] defendant may be convicted of an offense included in an offense charged in the indictment); see also Mackie v. State, 384 A.2d 625, 627 (holding that a defendant may be convicted of an offense not charged in the indictment if included in an offense charged in the indictment).

A-83

misconduct and plain error and also abused [its] discretion for allowing

the...prosecution to change the...indictment[ ] in the middle of...trial[ ][.]"[9]

Defendant claims that his counsel was ineffective because he "failed to

raise...[this issue] on direct appeal...."[10]  Defendant also contends that, due

to the State's "failure to exonerate" him following the testimony adduced at

trial that the victim did not remember "anything about [her] butt" having

been "touched," the "Due Process Clause of the 14th Amendment" has been

violated.[11]  Additionally, Defendant contends that "the trial prosecution was

vindictive in prosecuting...[him] because he rejected a plea offer...."[12]  And

Defendant claims that his "convictions, sentence[s], confinement and

punishment [are] illegal and or unlawful."[13]

In its response, the State contends that all of Defendant's claims are

procedurally barred.  Specifically, the State contends that "[t]he issues of

effectiveness of counsel and prosecutorial misconduct were previously

addressed" and that Defendant "claimed an 'improper indictment'...in the

---

[9] Id. at 6.

[10] Id. at 4.

[11] Id. at 5.

[12] Id.

[13] Id. at 6.

A-84

first motion [for postconviction relief he had filed]";[14] the State therefore

considers these issues as having been formerly adjudicated.  The State

further contends that to the extent that "Defendant's claims differ in

substance from his previously adjudicated claims," then those claims are

barred as part of a repetitive motion.[15]  The State maintains that neither the

"interest of justice" or "fundamental fairness" require reexamination of these

issues.

On the merits, the State argues that Defendant's motion is insufficient

because Defendant's claims are "conclusive and completely

unsubstantiated."[16]  The State additionally maintains that Defendant "has

failed to establish…that…counsel's conduct fell below an objective standard

of reasonableness and that there was a reasonable probability that the result

of the proceeding would have been different."[17]  The State therefore asserts

that Defendant's second Motion for Postconviction Relief should be denied.

At the Court's request, Defendant's former counsel submitted an

affidavit of his recollection of the matter; Defendant's public defender file

---

[14] State's Resp. at 4.

[15] Id. at 4-5.

[16] Id. at 5.

[17] Id. at 7.

6

whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The "interest of justice" exception of Rule 61(i)(4) has "been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish [the movant]."[22] Additionally, Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief," then this Court "may enter an order for...summary dismissal...[of the motion]."

5.      Defendant raised on direct appeal and in his first motion for postconviction relief the sufficiency of the evidence relating to the charge of Unlawful Sexual Contact Second Degree for which he was convicted. Although couched in different terms, the Court finds that the claims Defendant asserts in his second motion for postconviction relief are sufficiently of the same character as his claims of "prosecutorial misconduct," "improper indictment," and ineffective assistance of counsel that were asserted in Defendant's prior motion. As such, the claims in

---

[22] State v. Wright, 653 A.2d 288, 298 (Del. Super. Ct. 1994) (citing Flamer v. State, 585 A.2d 736, 746 (Del. 1990)).

Defendant's second motion are subject to the former adjudication bar of Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice."[23]

As previously stated, the "interest of justice" exception is narrow and requires a showing that this Court lacked the authority to convict or punish. The Court finds that it did in fact have such authority, despite Defendant's assertion that this Court "lack[ed]...jurisdiction" when it "change[d] the indictment[ ] in the middle of the [Defendant's] trial."[24] The record belies Defendant's assertion that his indictment was "changed," and in any event, any claims relative to Defendant's conviction for Unlawful Sexual Contact Second Degree and counsel's performance in defending against that charge has already been resolved. Accordingly, the Court need not reach the merits of Defendant's refined assertions with regard to that conviction, or consider whether those claims are barred as part of a repetitive motion, as alternatively argued by the State; Defendant's claims are barred as formely adjudicated.

---

[23] Skinner v. State, 607 A.2d 1170, 1172 (Del. 1992) (holding that a defendant is not entitled to have a court re-examine an issue that has been previously resolved "simply because the claim is refined or restated[ ]") (quoting Riley v. State, 585 A.2d 719, 721 (Del. 1990)).

[24] Def.'s "Memorandum of Law for Postconviction Relief" at 3.

A-87