6.    Defendant's remaining two arguments are, in total, that "the trial prosecution was vindictive in prosecuting…[him] because he rejected a plea offer…"[25] and that his "convictions, sentence[s], confinement and punishment [are] illegal and or unlawful."[26]  This Court will not address claims for postconviction relief that are conclusory and unsubstantiated.[27]  Accordingly, it plainly appears that Defendant is not entitled to relief on these two claims as stated, and therefore they are subject to summary dismissal under Rule 61(d)(4).

5.    For the reasons stated above, Defendant's Motion for Postconviction Relief is **DENIED IN PART** and **SUMMARILY DISMISSED IN PART**.[28]

   **IT IS SO ORDERED**.

Prothonotary
Caroline Lee Cross, Esquire, Deputy Attorney General
Kevin Washington
Investigative Services

RECEIVED
DEC 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[25] Id.

[26] Id. at 6.

[27] See, e.g., Younger, 580 A.2d at 555 (stating that "conclusory…allegations of ineffectiveness of counsel" do not "lead…to the conclusion that the claim should be considered…").

[28] Given the Court's disposition of Defendant's motion, a "Motion for Default Judgment" (Dkt. #109) that Defendant had filed when his former counsel failed to provide the requested affidavit within the initial timeframe that the Court had established is now **DENIED** as moot.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

KEVIN L. WASHINGTON
(Defendant)

V.                                    I.D. NO. 9603000529

STATE OF DELAWARE,

NOTICE OF REPLY

TO: The Honorable Richard L. Cooch          DALLAS WINSLOW, ES
Resident Judge, Superior Court              803 Shipley Street
New Castle County Courthouse                Wilmington, DE 1980
500 King Street
Wilmington, Delaware 19801

Caroline Lee Cross
Deputy Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 1980

        Please take notice that the undersigned Defendant
intends to present the attached reply to the States
response to Defendant motion for postconviction Relief to the
court at the convenience of the court and counsel.

DATE: March 14, 2005

                              Kevin Washington
                              Kevin L. Washington
                              Defendant
                              D.C.C.
                              1181 Paddock Road
                              Smyrna, DE 19977
                              S.B.I. #211354

4 - 89

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

KEVIN L. WASHINGTON,
      Defendant

V.                 I.D. No. 9603000529

STATE OF DELAWARE,

Defendant Reply to State Response to Defendant's motion for post-conviction relief pursuant to Superior court criminal Rule 61

## I. Facts And Procedural History

On February 27, 1995 Wilmington police Department Responded to 829 East 26th street, where they formed a crime report against the defendant "Kevin washington": on a miscellaneous incident base on the allegations received from cynthia washington.

on March 18, 1996, And alleged "True Bill" was pass down by the alleged "Grand Jury" Which was followed by a alleged Rule (9) warrant on March 20, 1996. Which raise's a very important question, "How did the attorney general obtain a Rule (9) warrant against the Defendant who had been in prison for about six or seven months? being in prison - Rules out, Risk of, flight or of danger to the public. see: Rule (9) (a).

On August 1, 1996, Wilmington police Department came to grender-hill prison and arrested Defendant on the following: charges.

-1-

4 - 90

Three counts of unlawful sexual intercourse first degree, (11 Del.c. 775 (a)(4). An one count of unlawful sexual penetration in the third degree. (11 Del.c. 779 (a)(2).

On april 28-30., 1998, Defendant went to trail and on April 30th 1998, Defendant was found guilty of two counts of unlawful sexual intercourse first degree, one count of unlawful sexual penetration in the third degree. As well as guilty of the lesser included offense of unlawful sexual contact second degree.

On september 18, 1998. Defendant was sentence to a total of 73 years of level V imprisonment, followed by one year of level II confinement.

## II. STATE CLAIMS.

Defendant has filed two prior postconviction relief and for this reasons the state requested that this motion dated October 29, 2004, Be denied as both procedurally barred and without merits, under rule 61(i)(1) which provides that a motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or if it asserts a retroactively applicable right that is newly recognized...

Rule 61 (i)(2) provides that any ground for relief that was not asserted in a prior postconviction proceeding, As required by subdivision (b)(2) of this rule, is thereafter barred.

Unless consideration of the claim is warranted in the

~ 2 ~

interest of Justice, Rule 61 (i)(3) provides that any ground for relief that was not asserted in the proceeding leading to the Judgment of conviction... is thereafter barred unless the movant shows (A) cause for relief from the procedural default, and (B) prejudice from violation of the movants rights.

State Also Claims that defendant can offer no facts or Evidence to support his claims that the grand jury process was compromised.

## III Defendant Argues

The Interest of Justice exception, has been narrowly defined to require the movant to show that the trial lacked the authority to convict or Punish him. Also pursuant to rule 61 (i)(5) The repetitive bar doesn't apply to a claim that the trial court lacked jurisdiction. or to a colorable claim that there is a miscarriage of justice because of a constitutional violation that undermined the funda-mental legality, reliability, and Integrity or fairness of the proceedings leading to the Judgment of conviction. Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceeding leading to the Judgment of conviction... is thereafter barred, unless the Defendant shows (A) cause for relief from the procedural default, And (B) prejudice from violation of Defendant Rights.

-3-

A - 92

Ⓐ. CAUSE: It was impossible for Defendant or prior Counselor to have Known that prosecuter would stoop so low that he would manipulate the process of the law to obtain a conviction, By falsifying Rule (9) - warrant - indictment. There was no reason to file any motions to dismiss Indictment during pre-trial preceding or before trial and during trial. Defendant didn't obtain the copy of the Alleged rule (9) warrant - Indictment that brought this claim about until, (1999) and it still went without notice until October of 2004.

Ⓑ. PREJUDICE: Prosecuter Knew by manipulating the system to obtain a Rule (9) warrant- would deny the defendant -Indictment- from having a preliminary hearing, therefore defendant lose a valuable oppertunity to challenge probable cause. Rule (9)-Indictment Eliminates need for preliminary hearing, warrant- because both the preliminary hearing and the indictment strive to Establish probable cause. It has been held that an Indictment Eliminates the need for a preliminary hearing. State v. Robinson, Del. super. ct. 417 a. 2d 953 (1980). one year and (18) days had pass And the prosecuter Knew he was running out of time to obtain charges against the defendant, this when a miscarriage of justice took place (forgery).

The procedural bar of rule 61 (i) (3) may potentially be overcome by rule 61 (i)(5) which provides that the bar, "To relief in paragraph (3)... Shall not apply to S

-4-

A -93

colerable claim that there was a miscarriage of justice because of a constitutional violation that undermine the fundamental legality, reliability, integrity or fairness of the proceedings leading to the Judgment of conviction. The State claims that the defendant claims is without merit, And should be procedurally barred, the States response fails to present any evidence that there was in fact a grand Jury. "According to "Standard" 3-35 (c)... The Prosecutor's Communications and presentations to the grand Jury should be on the record."

"Standard" 3-3.6 ~~~~~ (f) States... A prosecutor in presenting a case to a grand Jury should not intentionally interfere with the independence of the grand Jury, preempt s function of the grand Jury, or abuse the processes of the grand Jury.

IV

Ground one: Production of grand Jury minutes;

Defendant has reason to believe that State Alleged Rule (9) warrant-Indictment is false, Mr. Robert Goff hand writting is one in the same with the foreperson, see: - Attachment of rule (9) warrant-Indictment, which is the original, now, compare the hand-writting with Exhibit A-1, that is attach to defendant motion for postconviction relief which subpose to be a copy of the original. The defendant received Exhibit A-1 upon complainting that the original alleged indictment was in complete without Identification number. that's when I received

-5-

A-94

Exhibit A-1 with hand-written numbers and a inconstant Signature.

Production of grand jury minutes will either do ont or two thing, support the claim of the defendant that their was a miscarriage of justice, or it would ~~support~~ support the State claim that defendant motion for postconviction relief is without merits and their for should be procedurally barred As the State claims.

Ground Two: Challenges the integrity of the alleged Indictment by the Alleged grand jury.

And Indictment may be found only upon the concurrence of 12 or more juror's And Rule (6)(c) Emphasis the requirement that 12 juror's shall find each indict--ment by it's provision that the foreman shall keep a record of the number of juror's concurring in the finding of every Indictment. The requirement of the criminal rules that every indictment must be found by At least (12) grand juror's, is a futher specification of the fifth Amendment. Which is command that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or Indictment of a grand jury. Also According to Standard 3-3.5 (c)... The prosecutor's communications and presentations to the grand jury should be on the record The courts should investigate whether the person who's name is on the alleged Indictment was on the Acted voter role At the time this alleged ~~Indictment was~~ pass down.

-6-

A-75

Also was the person who's name is on the alleged Indictment was actually present as the prosecuter presentiment of this case to the alleged grand jury?

Ground Three: Trial Judge Richard R. Cooch failure to inform the jurors of a motion granted 4/29/98. defendant was under the impression that the granted motion meant that the defendant was only to be charge with the lesser included offenses and defendant agree that this ground is without merits, but defendant don't agree with ineffective assistance of counsel, because counsel seem to have been in the dark as well, so we must focus on the fact that the prosecuter acted alone in manipulating the process in order obtain, (A) Rule (9) warrant - Indictment And conviction, burden of proof is upon the state

Ⅴ Statement of claim

Where as the grand jury has a profound duty to evaluate all evidence presented by Deputy Attorney General or witness, The purpose of having a grand jury is that both parties will be fairly judged. finally defendant assert that being granted the grand jury minutes will show that defendant U.S. constitutional rights where violated under the 5th And 14th Amendments of the U.S. constitution. "No state shall make or enforce any law which shall abridge the priviledge or immunities of citizens —

-7-

of the united states, nor shall any state deprive any person of life, liberty or property without due process of law"...

Where as, If Indictment even appears sufficient on its face, it cannot stand if state fails to present the grand jury with evidence as to each element of prima facie case. State V. Bennett, 436. a.2d. 833, 194 N.J. super 23.

VI RELIEF SOUGHT

Defendant pray's that the courts will grant and Evidentiary hearing, that the facts of this reply maybe address. And upon finding defendant claims to be true, defendant pray's his conviction be vacated. Also defendant request a copy of the "Bill of Particular"

VII Conclusion

For the forgoing reasons, the defendant respectfully moves this honorable court to grant defendant motion for postconviction relief, under the interest of justice.

Respectfully Submitted

DATED: march ████ 14, 2005

Kevin Washington
Kevin Washington
S-b-I 211354
Delaware corrections center
Smyrna Paddock Rd.
Smyrna Del 19977

### COUNT III. A FELONY          #N96-_____ _____

UNLAWFUL SEXUAL INTERCOURSE FIRST DEGREE, in violation of 11 Del.C., Section 775 a class A felony.

KEVIN WASHINGTON, between or around January, 1994, and February, 1995 in the County of New Castle, State of Delaware, did as a continuous course of conduct intentionally engage in sexual intercourse with Tierra Battles by placing his penis in her anus while the victim was less than 16 years of age and the defendant was not her voluntary social companion on the occasion of the crime.

### COUNT IV.  A FELONY          #N96-_____ _____

UNLAWFUL SEXUAL PENETRATION THIRD DEGREE, in violation of Title 11, Section 770 of the Delaware Code of 1974, as amended.

KEVIN WASHINGTON, between or around January, 1994, and February, 1995, in the County of New Castle, State of Delaware, did intentionally place a finger inside the vagina of Tierra Battles, who was less than 16 years of age.

A TRUE BILL

_____
FOREPERSON

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL



A -99

9600300U3a1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _NEW CASTLE_ COUNTY

In 96-03.0732-R4, 0733-R4
0734-R4, 0735R4

STATE OF DELAWARE        )
                 v.                      )    No. _____
                                             )    (to be supplied by Prothonotary)
_KEVIN WASHINGTON_       )
Name of Movant on Indictment  )
                                             )
_KEVIN LEE WASHINGTON_  )
Correct Full Name of Movant   )

## MOTION FOR POSTCONVICTION RELIEF

# SUPERIOR COURT
OF THE
# STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:     Steven Wood
        Department of Justice

FROM:   Angela M. Hairston, Criminal Deputy

DATE:   November 3, 2004

RE:     State of Delaware vs. Kevin Washington
        Case I.D.#  9603000529
        Cr.A. # IN96-03-0732R4, 0733R4, 0734R4, 0735R4

---

The enclosed motion for postconviction relief was filed by the defendant in
the above captioned case on October 29, 2004. The State is not required to
file a response unless ordered, pursuant to Super.Ct.Crim.R. 61(c)(4) and
61(f)(1). Please forward the enclosed copy to the appropriate Deputy Attorney
General. Thank you very much.

cc:    file

## MOTION

1. County in which you were convicted __NEW CASTLE__

2. Judge who imposed sentence __RICHARD R. COOCH__

3. Date sentence was imposed __9/18/1998__

4. Offense(s) for which you were sentenced and length of sentence (s):
   __2 COUNTS OF ▓▓▓▓▓▓ UNLAWFUL SEXUAL INTERCOURSE__
   __FIRST DEGREE, ONE COUNT OF SECOND DEGREE CONTACT AND__
   __ONE COUNT OF THIRD DEGREE PENETRATION (23 YEARS)__

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the
   judgment(s) under attack in this motion?    Yes ( )    No (✓)
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):

   __N/A__

   Date sentence(s) imposed: __▓▓▓ 9/18/98__

   Length of sentence(s) __▓▓▓ 23 YEARS LEVEL FIVE__

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty ( )
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury (✓)
   Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial __Richard R. Cooch__

8. Did you take the witness stand and testify? (Check one)
   No trial ( )    Yes (✓)    No ( )

9. Did you appeal from the judgment of conviction? Yes (✓)    No ( )
   If your answer is "yes," give the following information:

   Case number of appeal __421__

   Date of court's final order or opinion __03/24/2000  DENIED__

1

10.  Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes (✓) No ( )       How many? ( 2 ) If your answer is "yes," give the following information as to each:

Nature of proceeding(s) __POSTCONVICTION RELIEF."__

Grounds raised __1) INEFFECTIVE ASSISTANCE OF COUNSEL. 2) Trial court allowed unnecessary delay in the above matter. 3) Prosecutorial misconduct. 4) Lack jurisdiction by Trial court to charge indictment 5) Trail counselor was ineffective. 6). Trial Prosecution vindicti__

Was there an evidentiary hearing? __NO__

Case number of proceeding(s) __ID# 9603000529__

Date(s) of court's final order(s) or opinion(s) __July 30/2003__

Did you appeal the result(s)? __NO__

11.  Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial __Dallas Winslow__

On appeal __Same As Above__

In any postconviction proceeding __N/A__

12.  State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

Battles - Cross

66

1    Q.   And did that happen, Tierra?

2    A.   Yes.

3    Q.   Do you know approximately when that was?  Was

4  it approximately a year ago?  two years ago?   three

5  years ago?

6    A.   When?  What?

7    Q.   When your mother wanted your father to move

8  out of the house.

9    A.   I don't remember it.

10    Q.   But that did happen, right?

11    A.   Yes.

12    Q.   Would it be fair to say that your mother was

13  very upset with your father?

14    A.   Yes.

15    Q.   Now, in talking about these things today --

16  and I understand that it's not easy to talk about

17  these things, but we have to -- and you indicated to

18  Mr. Goff that your father had touched your private

19  part and your mouth, correct?

20    A.   Yes.

21    Q.   And you also told Mr. Goff that he had not

22  touched your butt?

23    A.   Yes.



EXHIBIT A 2    A 54

A - 105

Ground one: Production of Grand Jury minutes

Supporting facts (state the facts briefly without citing cases): movant is lead to believe that his case never went before the Grand Jury which deprived movant of a fair trail or a Dissmissal of the charges altogether, Do to the fact there was no physical Evidence in this case. Which would clearly show legal and factual basis for relief.

Ground two: Indictment by the Grand Jury: movant has reason

Supporting facts (state the facts briefly without citing cases):
To Believe that Rule (9) warrant Dated march 18/1996 Is False because (D.A.G); Mr Robert Goff Hand writing is one in the same with the Foreperson. See original Indictment As well as Exhibit A-1. And compare the hand writing. This is clearly forgery. A miscarriage of Justice has taking Place, THAT undermined THE Fundamental legality, reliability, integrity or fairness of the proceedings.

Ground three: Trail JUDGE Richard R. cooch failure to inform the JUDORS

Supporting facts (state the facts briefly without citing cases): of a motion Granted 4/29/98. Mr Dallas Window file a motion on 4/29/98 After the Alleged victim TIerra Battle out-of court statement was inconsistent with her in-court Testimony concerning count 1 + #3 of unlawful Sexual Intercourse First Degree, A motion was granted concerning counts 1 + #2 for lesser included offense of unlawful sexual contact second Degree (see exibit-A-5)

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: All three of the above was not raised before, because I had no reason not to trust the Proceedings of the law of the land, until further Investigation my paper work, and the proceedings of the courts. And in doing so their is clearly a miscarriage of Justice because of a constitutional violation and it is warranted Interest of Justice.

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

10/25/2004
Date Signed

_____
Signature of Movant
(Notarization not required)

Battles - Cross

66

1      Q.   And did that happen, Tierra?

2      A.   Yes.

3      Q.   Do you know approximately when that was?  Was

4   it approximately a year ago?  two years ago?  three

5   years ago?

6      A.   When?  What?

7      Q.   When your mother wanted your father to move

8   out of the house.

9      A.   I don't remember it.

10      Q.   But that did happen, right?

11      A.   Yes.

12      Q.   Would it be fair to say that your mother was

13   very upset with your father?

14      A.   Yes.

15      Q.   Now, in talking about these things today --

16   and I understand that it's not easy to talk about

17   these things, but we have to -- and you indicated to

18   Mr. Goff that your father had touched your private

19   part and your mouth, correct?

20      A.   Yes.

21      Q.   And you also told Mr. Goff that he had not

22   touched your butt?

23      A.   Yes.



EXHIBIT A-2    A-54

A - 105

Battles - Cross

1    Q.    Okay.  And you're telling the truth when you

2    say that?

3         A.    Yes.

4    Q.    Now, there's been some evidence in the court

5    here today -- or, I'm sorry, yesterday -- that you

6    told this person here that your father had touched

7    your butt.  Do you remember whether you told the

8    detective that?

9         A.    No.

10   Q.    Okay.  If you had told the detective that

11   your father did touch your butt, would that have been

12   a lie or the truth?

13        A.    The truth.

14        Q.    Is that because you wouldn't have lied about

15   it?

16        A.    Yes.

17        Q.    Okay.  Do you remember what you told the

18   detective?

19        A.    Some.

20        Q.    Well, in fairness to you, it was about a 50

21   minute to maybe a 60 minute talk you had with the

22   detective, so it's pretty tough to remember

23   everything, isn't it?



A-106

SUPERIOR COURT CRIMINAL DOCKET                Page    4
( as of   10/10/2002 )

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.    ,       KEVIN WASHINGTON .

```
      Event
No.   Date          Event                          Judge
-------------------------------------------------------------------------
      TRIAL DATE: 4/28/98
      CASE CATEGORY: #1
      ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): RICHARD COOCH
      UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
      OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
      FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
      CONTINUANCE REQUESTS WILL BE DENIED.
41    02/02/1998
      DEFENDANT'S LETTER FILED.
39    02/06/1998
      DEFENDANT'S LETTER FILED. (DATED 1/28/98).
40    02/06/1998                              COOCH RICHARD R.
      LETTER FILED BY JUDGE COOCH, IN RECEIPT OF DEFENDANT'S 1/28/98 LETTER.
      02/23/1998
      DEFENDANT'S LETTER FILED.
42    02/27/1998                              COOCH RICHARD R.
      MEMORANDUM FILED.
      TO: J. DALLAS WINSLOW, ESQ.
44    04/08/1998
      SUBPOENA(S) MAILED.
45    04/08/1998
      SUBPOENA(S) MAILED.
43    04/16/1998
      STATE'S WITNESS SUBPOENA ISSUED.
46    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
47    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
48    04/24/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
49    04/27/1998
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
52    04/27/1998                              COOCH RICHARD R.
      E-MAIL FILED. ADVISING ROBERT GOFF, DAG, THAT HE IS READY FOR TRIAL ON
      ABOVE DEFENDANT SET FOR 4/28/98.
      04/28/1998                              TOLIVER CHARLES H. IV
      TRIAL CALENDAR-DEFENDANT WENT TO TRIAL
50    04/30/1998                              COOCH RICHARD R.
      JURY TRIAL HELD.DEFENDANT FOUND GUILTY OF USI 1ST IN-96-03-0732,
      USI 1ST IN-96-03-0733, USC 2ND IN-96-03-0734, USP 3RD IN-96-03-0735.
      PSI ORDERED. SENTENCING SCHEDULED FOR LATER DATE. 4/29-STATE MOTION
      FOR COURT EXH.1 NOW BE MARKED AS STATES EXH 1-MOTION GRANTED. 4/29-DEF
```

EXHIBIT P-3

P -102

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    5
                    ( as of  10/04/2001 )
```

State of Delaware v. KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.       AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.           KEVIN WASHINGTON

```
       Event
No.    Date           Event                          Judge
------------------------------------------------------------------------------
       MOTIONED FOR LIO OF USC 2ND FOR COUNTS 1 & 3.MOTION GRANTED.
       JURY SWORN. S/GOFF D/WINSLOW CC/HAIRSTON CR/MAURER
51     04/30/1998                                 COOCH RICHARD R.
       CHARGE TO THE JURY FILED.
54     04/30/1998                                 COOCH RICHARD R.
       E-MAIL FILED. TO: DEBRA WALKER, ETC.....
       RE: JURY SELECTION.
53     05/01/1998                                 COOCH RICHARD R.
       CHARGE TO THE JURY FILED.
55     05/12/1998                                 COOCH RICHARD R.
       ORDER:  IN ACCORDANCE WITH SUPREME COURT RULE 9(E)(I):
       1. THE COURT REPORTER SHALL TRANSCRIBE THE ENTIRE TRIAL EXCLUDING JURY
       SELECTION, OPENING STATEMENTS AND CLOSING ARGUMENTS OF COUNSEL;
       2. THE STATE SHALL BE RESPONSIBLE FOR PAYMENT OF THE COST OF THE
       TRANSCRIPT.
       06/26/1998                                 COOCH RICHARD R.
       SENTENCING CALENDAR, SENTENCING CONTINUED.
       NO DATE GIVEN.
56     08/18/1998                                 COOCH RICHARD R.
       E-MAIL FILED: INFORM THE COURT THAT I WILL NOT BE PRESENT FOR THE
       SENTENCING HEARING SCHEDULED ON 08-21-98 AT 9:30 SINCE I WILL BE ON
       VACATION. (ROBERT GOFF).
       08/21/1998                                 COOCH RICHARD R.
       SENTENCING CALENDAR, SENTENCING CONTINUED 091898 AT 1:15 PM.
57     08/26/1998                                 COOCH RICHARD R.
       LETTER FROM: JUDGE COOCH                         TO: R. GOFF,
       J. DALLAS WINSLOW
       RE: SENTENCING HAS BEEN RESCHEDULED TO SEPTEMBER 18, 1998.
       09/18/1998                                 COOCH RICHARD R.
       SENTENCING CALENDAR: DEFENDANT SENTENCED.
63     09/18/1998                                 COOCH RICHARD R.
       SENTENCE: ORDER SIGNED AND FILED 11/30/98
58     09/25/1998
       NOTICE OF APPEAL #421, 1998
59     09/25/1998
       DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
       #421, 1998
60     09/25/1998
       LETTER FROM (SUPREME COURT) MR. WINSLOW; THE NOTICE OF
       APPEAL DOES NOT COMPLY WITH SUPREME COURT RULE 7(C)(9)
       WHICH REQUIRES THAT A COPY OF THE ORDER OF JUDGMENT
       SOUGHT TO BE REVIEWED SHALL BE ATACHED TO THE NOTICE OF APPEAL.
```

#123

SUPERIOR COURT OF THE STATE OF DELAWARE
IN NEW CASTLE COUNTY FOR THE MOVANT

KEVIN L. WASHINGTON
        Pro se' movant

V.

STATE OF DELAWARE

Crim. Action # 96-03-0732
                96-03-0733
                96-03-0734
                96-03-0735

MEMORANDUM OF LAW
FOR POSTCONVICTION RELIEF

10/25/2004
DATE SIGNED.

Kevin L. Washington
SIGNATURE OF MOVANT
KEVIN L. WASHINGTON
SBI # 00211354, BUILDING 21
D.C.C. 1181 PADDOCK RD.
SMYRNA, DELAWARE 19977

A - 109

MOVANT KEVIN L. WASHINGTON COME NOW AND respectfully moves THE Honorable COURT PURSUANT TO RULE (i)(2) THAT HIS Colorable Claims IS WARRANTED IN THE Interest OF Justice.

THE Interest OF Justice EXCEPTION: HAS BEEN NARROWLY DEFINED TO REQUIRE THE MOVANT TO SHOW tHAt the trial COURT lACKED the Authority TO connict oR Punish him.

Also, PURSUANT TO RULE 61(i)(5) THE Repetitive BAR DOES NOT Apply to A CLAIM that the trial COURT lacked Jurisdiction, OR TO A COLORABLE CLAIM that thExE is A misCARRiAGE OF Justice because OF A constitutional violation that undermined the FUNDAMENtal legAlity, reliability, INtegrity OR FAIRNESS OF the ProceEdings lEADing to the JUDGement OF conviction.

A COLORABLE CLAIM is oNE WHICH has THE APPEARANCE OF VALiDity.

## I. JURISDICTION

(1). PURSUANT To CRIM. R. 61(D(3): SUPERIOR COURT of the state of DelawARE has JURISDICTION to ISSUE ProDUCtion of DoCUMENt of the GRAND JURY minutes if the movant can state a Claim of legal oR factual basis that HIS civil rights has been violated iN Any way.