05-838


RECEIVED
DEC 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## II. STATEMENTS OF FACT.

②. On 2-27-95 A crime report was done by Wilmington P.D on a miscelleneous incident concerning the movant Kevin Washington.

On 3-18-96 A rule (9) warrant - Indictment was pass down by the Alleged Grand Jury on the said charges. Count (1) unlawful sexual intercourse first Degree. Count (2) unlawful sexual intercourse first Degree. Count (3) unlawful sexual intercourse first Degree. Count IV unlawful penetration third Degree. In violation of 11 Del.C. Section 775 A class A felony. And in violation of Title 11 Section 770 of the Delaware code of 1974 As Amend. movant was finally arrested 8-1-96 on the said charges above.

movant went to Trail on 4-28-98 an was founded Guilty of the following; count (1) unlawful sexual intercourse first Degree. Count (2) unlawful sexual intercourse first Degree, count (3) unlawful sexual contact Second Degree. And count (4) unlawful penetration third Degree.

On 9-18-98 movant was sentence to 73 years at level five imprisonment.

③. Movant offers the following Grounds and facts.

1) Ground one: Production of Grand jury minutes, movant has reason to believe that states rule (9) warrant - Indictment is false. Because (DAG) Mr. Robert Goff Hand writting is one in the same with the foreperson. compare original Indictment with Exhibit-A-1

Forgery is Truely a miscarriage of Justice that under-mined the fundamental legality reliability, integrity or fairness of the Proceedings.

But those are not the only purposes of the Indictment provision of the fifth Amendment. The fifth Amendment requires that an Indictment be brought by a Grand Jury. The grand Jury is interposed 'to afford a safeguard against oppressive actions of the prosecutor or a court. (FN4) The decision to hale a man into a court is a serious one. subject to official abuse. for this reason, 12 ordinary citizens must agree upon an indictment before a defendant is tried on a felony charge. (FN5) The content of the charge, as well as the decision to charge at all, is Entirely up to the grand Jury - subject to its popular veto, as it were. (FN6) The grand Jury's decisions not to indict at all, or not to charge the facts alleged by the prosecutorial officials, is not subject to review by any other body (FN7) 413 F. 2d 1061, Gaither v. U.S. (C.A.D.C. 1969).

Movant is lead to believe that his case never went before the Grand Jury which deprive movant of a fair trail or a Dismissal of the Charges altogether, Do to the fact there was no physical Evidence in this case, which would clearly show legal and factual basis for Relief.

② Ground Two: Indictment by the Grand Jury

An Indictment may be found only upon the concurrence of 12 or more Juror's, And rule 6(c) Emphasizes the requirement that 12 Jurors shall find each Indictment by its provision that the foreman shall keep a record of the number of Juror's Concurring in the finding of Every Indictment, The requirement

of the criminal rules that every indictment must be found by at least 12 Grand Jurors is a further specification of the fifth Amendment is command that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or Indictment of a Grand Jury. movant believe The Indictment in this case is false, and pray's the courts would consider looking into this matter before shooting him down.

③ Ground Three: Trail Judge Richard e. cooch: failure to inform the Jurors, of a motion Granted 4/29/98

on 4/29/98 During movant trail the alleged victim Tierra Battles out-of-court statement was inconsistent with her in-court-Testimony, (see Exhibit-A-2): concerning Count III unlawful sexual intercourse first degree, upon the conflict in testimony (D.A.G), mr. Robert Goff and Defense Attorney ask could they approach the bench, After a Brief conference Trail Judge Richard e. cooch, Addressed the Jurors as the following: with respect to count I and III only, If After considering all of the Evidence, you find that the state has established beyond a reasonable doubt that the defendant Acted in such a manner as to satisfy all of the Elements which I have Just stated. At or about the date and place stated in the Indictment, you should find the defendant guilty of unlawful sexual intercourse first degree, If you do not so find or if you have a reasonable doubt as to any Element of this offense you must find the defendant not Guilty of unlawful sexual Intercourse First Degree. With respect to Either or Both

Counts I and III And go on to consider the lesser included offense of unlawful sexual contact second degree, "Proof of Elements Required" - To convict defendant the state needed to prove four elements beyond a reasonable doubt: that defendant had sexual intercourse with the Complainant: that the age of the complainant was less than sixteen; that the complainant was not defendants Voluntary Social companion; and that defendant's conduct was intentional. Trump v. State, Del. Supr., 753 A.2d 963 (2000). The state never established beyond a reasonable doubt that the movant committed any offenses.

Trail Judge never inform Jurors that he Granted a motion on 4/29/98 for Counts I and III for lesser included offense Unlawful sexual contact second degree, Had Trail Judge properly instructed Jurors the out come of movant trail would have been different. movant should have only Received one 35 year sentence according to Superior court Criminal Docket Sheet as of 10/10/2002

## III STATEMENT OF CLAIM

(4) Where as the grand Jury has A Profound duty to Evaluate all Evidence Presented by Deputy Attorney General & witness, The purpose of having A Grand Jury is that both parties will be fairly Judged, Finally movant Assert that being granted the Grand Jury minutes will show that movants U.S. constitutional rights where violated under the following: 4th 5th 6th and 14th Amendments To The U.S. constitution.

"No state shall make or enforce any law which shall Abridge the priviledges or immunities of citizens of the united states, nor shall any state deprive any person of life, liberty, or property, without due process of law"...

⑤. Where as, If Indictment even Appears sufficient on its face, it cannot stand if state fails to present the Grand Jury with evidence As To each element of prima facie Case. State v. Bennett, 421. A2d. 833, 194 N.J. Super 23.

✱ The 5th Amendment to the US. Constitution States "No warrant shall ~~be~~ be issue but upon probable cause, supported by cath or Affirmation nor shall anybody be compelled in any criminal case to be a witness against himself."

## II RELIEF SOUGHT

⑥ movant Pray's that the courts would correct sentences and carefully look into this issue and Grant movant an evidentary hearing concerning the following facts of this postconviction relief. Also movant wishes upon the courts findings of the alleged Grand Jury minutes movant be release from Prison. Respectfully submitted.

Respectfully

Kew d. West

10/25/2004
DATE Signed

Signature of movant
Kevin L. Washington

CC Judge Richard R. Cooch
Attorney General office
movant Kevin Washington

A-116

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    :

v.                                   :    I.D. No. 9603000529

KEVIN L. WASHINGTON,                 :

     Defendant.                     :

### NOTICE OF RESPONSE

TO:    The Honorable Richard R. Cooch        Dallas Winslow, Esquire
        Resident Judge, Superior Court        803 Shipley Street
        New Castle County Courthouse        Wilmington, Delaware 19801
        500 King Street
        Wilmington, Delaware 19801

        Kevin Washington
        DOB 2-21-63
        Delaware Correctional Center
        Smyrna Landing Road
        Smyrna, Delaware 19977

        PLEASE TAKE NOTICE that the undersigned attorney intends to present the

attached Response to Defendant's Motion for Postconviction Relief to the Court at the

convenience of the Court and Counsel.

Dated: February 23, 2005

                                  Caroline Lee Cross
                                  Deputy Attorney General
                                  Carvel State Office Building
                                  820 N. French Street
                                  Wilmington, DE 19801
                                  I.D. No. 3489

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE :
  v.        :  I.D. No. 9603000529
KEVIN L. WASHINGTON, :
   Defendant.   :

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO SUPERIOR COURT CRIMINAL RULE 61

### I. Facts and Procedural History

Kevin Washington ("Defendant") was indicted by a New Castle County Grand Jury on

March 18, 1996 for three counts of Unlawful Sexual Intercourse in the First Degree (11 *Del. C.*

§775(a)(4)) and one count of Unlawful Sexual Penetration in the Third Degree (11 *Del. C.*

§779(a)(2)). On April 30, 1998, the defendant was found guilty as charged of two counts of

Unlawful Sexual Intercourse First Degree and one count of Unlawful Sexual Penetration Third

Degree, as well as guilty of the lesser included offense of Unlawful Sexual Contact Second

Degree. Defendant was sentenced on September 18, 1998 to a total of 73 years of level V

imprisonment, followed by one year of level IV confinement. Thereafter, the defendant appealed

his conviction to the Supreme Court of the State of Delaware.

Defendant raised three grounds of "plain error" on appeal to the Supreme Court:

admission of evidence of marital abuse towards his former wife, admission of bad character

evidence depicting the stormy relationship between Defendant and his former wife, and the

sufficiency of the evidence as to the charge of Unlawful Sexual Contact Second Degree. The

conviction was affirmed. *Washington v. State*, No. 421, 1998, 2000 WL 275638 (Del. 2000).

On September 17, 2001, Defendant filed a *pro se* motion for post conviction relief

pursuant to Superior Court Criminal Rule 61. The defendant asserted five grounds in support of

his motion. Grounds One, Four, and Five claimed that his trial counsel was ineffective for

failing to file pretrial motions, failing to adequately prepare for trial and defendant's direct

appeal, and failing to allow the defendant to speak in court. In Ground Two the defendant argued

a speedy trial violation, and in Ground Three the defendant argued prosecutorial misconduct. On

April 29, 2002, the Court denied the defendant's motion.

On October 9, 2002, Defendant filed another *pro se* motion challenging his conviction by

postconviction relief pursuant to Superior Court Criminal Rule 61. The defendant asserted five

grounds in his motion: the trial court lacked jurisdiction to "change the indictment" in the

middle of the trial; trial counsel was ineffective for failing to raise the indictment issue on direct

appeal; the trial prosecution was "vindictive" because prosecution proceeded after the defendant

rejected a plea offer from the State; the trial court committed judicial misconduct, plain error,

and abused its discretion by allowing the "change" to the indictment at trial; and finally, the

defendant's "indictment, convictions, sentence, confinement and punishment" are "illegal and or

unlawful." On July 30, 2003, the Court denied the defendant's motion in part and summarily

dismissed it in part.

On October 29, 2004, Defendant filed another *pro se* motion challenging his conviction

by post conviction relief pursuant to Superior Court Criminal Rule 61. For the reasons stated

herein, the State respectfully requests that this motion be DENIED as both procedurally barred

and without merit.

## II.    Defendant's Claims

Defendant purports to raise three grounds in his motion. Ground One alleges that

Defendant's case never went before the Grand Jury. Ground Two states that "the Rule (9)

warrant dated March 18, 1996 is false." Ground Three alleges that the trial judge "failed to

inform the jurors of a motion granted ...." The State can best characterize Grounds One and

Two as allegations of prosecutorial misconduct, in that Defendant claims the process was

somehow manipulated or subverted by the prosecutor, whom he claims signed the indictment as

Grand Jury foreperson. Ground Three, the State would argue, is best characterized as a claim of

ineffective assistance of counsel, in that Defendant appears to argue that when the Court granted

Defense counsel's motion for instructions on lesser included offenses, Defense counsel should

have requested that the Court explicitly state that the alleged victim's "out of court statement was

inconsistent with her in court testimony."

At the Court's request, Defense Counsel submitted an affidavit responding to Defendant's

claims. He indicted that it was based on his recollection of the case, as the public defender file

was previously sent to archives and destroyed. Defense counsel responded to Ground One and

indicated that this issue never arose during his representation of Defendant. After reviewing the

Prothonotary's file, Defense counsel concluded that there is "absolutely no merit to this

allegation." Defense counsel responded to Ground Two that he had no recollection of any fact

which would be helpful to Defendant on this issue. Defense counsel interpreted Ground Three

by stating that "Judge Cooch fully explained the legal basis for the lesser included offenses to the

jury." These lesser included offenses were the substance behind the motion Defendant

referenced in Ground Three.

III.    **Argument**

    A.    **Defendant is Procedurally Barred from Raising These Claims by way of Rule**

-3-

A - 130

### 61 Motion for Postconviction Relief.

Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Superior Court Criminal Rule 61. *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)(citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). Rule 61(i)(1) provides that "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized . . . ." Rule 61(i)(2) provides that "[a]ny ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice." Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceeding leading to the judgment of conviction...is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B)[p]reduice from violation of the movant's rights." The procedural bar of Rule 61(i)(3) may potentially be overcome by Rule 61(i)(5), which provides that "[t]he bar [] to relief in paragraph []...(3)...shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." This "fundamental fairness" exception contained in Rule 61(i)(5) is "a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after direct appeal." *Younger*, 580 A.2d at 555. Additionally, Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings

–4–

leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The "interest of justice" exception of Rule 61 (i)(4) has "been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish [the movant]." *State v. Wright*, 653 A.2d 288, 298 (Del. Super. Ct. 1994)(citing *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990).

All of Defendant's claims are procedurally barred under Rule 61. Defendant's conviction was affirmed on direct appeal on March 3, 2000. If a defendant takes a direct appeal of his conviction, the period of limitations under subsection (i)(1) begins to run upon completion of that review. *Jackson v. State,* 654 A.2d 829 (1995). The Motion for Postconviction Relief at bar was filed on October 29, 2004, four years and three months after Defendant's convictions became final. As such, his claim is beyond the statute of limitations.

The issues of effectiveness of counsel and prosecutorial misconduct were previously addressed in both Defendant's first and second motions for postconviction relief. Defendant claimed an "improper indictment" as part of his prosecutorial misconduct claim in his previous two motions. As such, all three Grounds alleged by Defendants are procedurally barred under Rule 61(i)(4) as formerly adjudicated. As previously stated, the "interest of justice" exception to this procedural bar is narrow and requires a showing that this Court lacked the authority to convict or punish. Defendant has not made such a showing.

If the Court determines that Defendant's claims differ in substance from his previously adjudicated claims, then the claims are procedurally barred under Rule 61(i)(2). To raise these claims "for the first time in his present petition for postconviction relief, [defendant] is required

–5–

to show 'cause' for relief from his failure to present the issue on direct appeal *and* 'actual

prejudice' resulting from the alleged error." *Flamer*, 585 A.2d at 747. It is important to note that

in performing this analysis, the Court need not consider prejudice if cause is not established. *Id.*

at 747-48. If, however, the Court addresses the prejudice "prong," Defendant must establish

"that there is a 'substantial likelihood' that, if he had pressed the ... claim during his appeal, the

outcome would have been different." *Id.* at 748. Defendant must show that "if he had asserted

the challenge, 'he might not have been convicted.'" *Id.* at 748 (citing *Reed v. Ross*, 468 U.S. 1,

12 (1984)). In Defendant's present motion, he has "failed to show (1) 'some external

impediment' which prevented him from raising these claims and (2) a 'substantial likelihood'

that if the issue had been raised on appeal, the outcome would have been different." *State v.

Price*, Del. Supr., 2000 WL 303434, Cooch, J. (Feb 25, 2000).

Although Defendant attempts to invoke Rule 61(i)(5) by claiming a "miscarriage of

justice," he fails to establish a colorable claim of injustice. For these procedural reasons, the

State submits that the defendant's motion for postconviction relief should be denied.

**B.      In addition to being procedurally barred, Defendant's motion must also fail
on its merits: Defendant's claims are conclusive and completely
unsubstantiated.**

   *i.      Defendant can offer no facts or evidence to support his claims that the
   Grand Jury process was compromised.*

In Grounds One and Two Defendant claims that his case "never went before the Grand

Jury" and that the Indictment by the Grand Jury "is false . . . because [the Deputy Attorney

General's] handwriting is one on [sic] the same with the foreperson." These claims are entirely

conclusory and without merit. Defendant merely offers a copy of the Indictment and states that it

–6–

A ～ l23

is "clearly a forgery." The Court should not address claims of cause for relief and prejudice that are conclusory and unsubstantiated. *See Younger v. State*, Del.Supr., 580 A.2d 552, 555 (1990); *State v. Conlow*, Del.Super., Cr.A. No. IN78-09-0985R1, Herlihy, J. (Oct. 5, 1990) at 5; *State v. Gallo*, Del.Super., Cr.A.No. IN87-03-0589-0594, Gebelein, J. (Sept. 2, 1988) at 10.

  ii. *Defendant has failed to establish, for purposes of an "ineffective assistance" of counsel claims, that defense counsel's conduct fell below an objective standard of reasonableness and that there was a reasonable probability that the result of the proceeding would have been different.*

  Defendant states in Ground Three that when the Court granted Defense counsel's motion for instructions on lesser included offenses, it should have explicitly stated that the alleged victim's "out of court statement was inconsistent with her in court testimony." The State contends that this assertion is absurd on its face, and can only categorize it as a claim of ineffective assistance of counsel, in that Defendant feels that his Defense counsel should have requested such an instruction to the jury.

  This allegation is completely without merit. First, Defense counsel's recollection was that the trial court fully explained the legal basis for the lesser included offenses to the jury. It is not the court's place to state that the victim's "out of court statement was inconsistent with her in court testimony," as Defendant argues. The Delaware Constitution prohibits trial judges from commenting upon evidence offered at trial. *Feleke v. State,* 620 A.2d 222, 228 (Del.1993); *Wright v. State,* 405 A.2d 685, 689 (Del.1979). Article IV, section 19 specifically provides that "judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law." Defendant argues that the Court failed to comment on the alleged victim's statements, when the Court was, in fact, prohibited from any such comment.

–7–

A 135

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Flamer v. State*, 585 A.2d 736, 753 (Del.1990). Even if it is found that counsel acted outside the scope of professionally reasonable representation, the deviation must be of such a nature that there is a reasonable probability that the results would have been different. *Id.* A review of the record reveals no evidence that any alleged error on the part of Defendant's counsel affected the outcome of either his trial or his direct appeal.

To survive the first prong of the *Strickland* inquiry - whether counsel's performance falls outside the wide range of professionally reasonable conduct - "[Defendant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 100-101 (1955)); *Wright v. State*, Del.Supr., 671 A.2d 1353, 1356 (1996); *Flamer*, 585 A.2d at 753-54. While not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Wright*, 671 A.2d at 1356; *Flamer*, 585 A.2d at 753-54.

Furthermore, in the effective assistance analysis it is not always necessary to look at the reasonableness of counsel's actions first. As Defendant must prove all factors in the *Strickland* inquiry, the Court may dispose of a claim by first determining whether there was sufficient

–8–

A - 125

prejudice demonstrated even if counsel's actions were deficient." *Whitley v. Bair*, 802 F.2d 1487, 1494 (4th Cir., 1986), *cert. denied*, 480 U.S. 951 (1987). The "prejudice" analysis "requires more than a showing of theoretical possibility that the outcome was affected." *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992). The defendant must actually show a reasonable probability of a different result but for trial counsel's alleged errors. *Strickland*, 466 U.S. at 694; *Reese v. Fulcomer*, 946 F.2d 247, 256-57 (3d Cir. 1991).

In this third Motion for Postconviction Relief, Defendant has failed to demonstrate substantial prejudice resulting from his trial counsel's representation of him; he has failed to show a reasonable probability of a different result but for trial counsel's errors; he has failed to describe how his trial counsel's conduct was not "professionally reasonable"; and he has failed to articulate any errors committed by his trial counsel at all. The Court granted Defense counsel's motion that the Court instruct the jury on lesser included offenses, and the Court fully explained the legal basis for the lesser included offense instructions to the jury. The Court cannot comment on the evidence in a case, and the Defense counsel could not make such a request.

IV   **Conclusion**

For the forgoing reasons, the State respectfully moves this Honorable Court to deny Defendant's third Motion for Postconviction relief.

Caroline Lee Cross
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 7th Floor
Wilmington, Delaware 19801

–9–

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    :

v.                                   :    I.D. No. 9603000529

KEVIN L. WASHINGTON,                 :

      Defendant.                     :

## **ORDER**

AND NOW, TO WIT, the foregoing State's Response to Defendant's Motion for

Post-Conviction Relief having been received and considered by the Court:

IT IS HEREBY ORDERED, this _____ day of _____ _____, 2005, that the

Motion is DENIED.


                                       _____

                                       Judge Richard R. Cooch

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

KEVIN L. WASHINGTON
(Defendant)

V.                                          I. D. No. 9603000529

STATE OF DELAWARE,

NOTICE OF REPLY

TO: The Honorable Richard R. Cooch                DALLAS WINSLOW, EC
Resident Judge, Superior court                     803 Shipley Street
New castle county courthouse                       Wilmington, DE 19801
500 King Street
Wilmington, Delaware 19801


Caroline Lee Cross
Deputy Attorney General
Carvel State office building
820 N. French Street
Wilmington, DE 19801


Please take notice that the undersigned Defendant intends to present the attached reply to the States response to Defendant motions for postconviction Relief to the court at the convenience of the court and counsel.

Date: March 14, 2005

Kevin Washington
Kevin L. Washington
Defendant
D.C.C.
1181 Paddock Road
Smyrna, DE 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY.

KEVIN L. WASHINGTON,
             Defendant

          v.                              I.D. NO. 9603000529

STATE OF DELAWARE,

Defendant Reply to State Response to Defendant's motion for post-conviction relief pursuant To Superior court criminal Rule 61

## I, Facts And Procedural History

ON February 27, 1995 Wilmington Police Department Responded to 829 East 26th Street, Where they formed a crime report against the defendant, "Kevin washington": on a miscellaneous incident base on the allegation received from cynthia washington.
on March 18, 1996. And alleged "True Bill" was pass down by the alleged "Grand Jury" Which was followed by a alleged Rule (9), Warrant on march 20, 1996. Which raise's a very important question, " How did the Attorney general obtain a Rule (9), warrant against the Defendant who had been in prison for about six or seven months? being in prison - Rules out, Risk of flight or of danger to the public, See: Rule (9)(a).
on August 1, 1996, Wilmington police Department came to grender- hill prison and arrested Defendant on the following: Charges.

Three counts of unlawful sexual intercourse first degree, (11 Del.c. 775 (a)(4)). An one count of unlawful sexual penetration in the third degree. (11 Del.c. 779 (a)(3)).

On April 28-30, 1998, Defendant went to trail and on April 30th 1998, Defendant was found guilty of two counts of unlawful sexual intercourse first degree, one count of unlawful sexual penetration in the third degree. As well as guilty of the lesser included offense of unlawful sexual contact second degree.

On September 18, 1998, Defendant was sentence to a total of 73 years of level V imprisonment, followed by one year of level II confinement.


II. STATE CLAIMS.

Defendant has filed two prior postconviction relief and for this reasons the State requested thet this motion dated october 29, 2004, Be denied as both procedurally barred and without merits, under rule 61 (i)(1) which provides that a motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or if it asserts a retroactively applicable right that is newly recognized...

Rule 61 (i)(2) provides that any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred.

Unless consideration of the claim is warranted in the

interest of Justice, Rule 61 (i)(3) provides that any ground for relief that was not asserted in the proceeding leading to the Judgment of conviction... is thereafter barred unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movants rights.

State Also Claims that defendant can offer no facts or evidence to support his claims that the grand Jury process was compromised.

## III Defendant Argues

The Interest of Justice Exception, has been narrowly defined to require the movant to show that the trial lacked the authority to convict or Punish him. Also pursuant to rule 61(i)(5) The repetitive bar doesn't apply to a claim that the trial court lacked jurisdiction or to a colorable claim that there is a miscarriage of Justice because of A constitutional violation that undermined the funda- -mental legality, reliability, and Integrity or fairness of the proceedings leading to the Judgment of conviction. Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceeding leading to the Judgment of conviction... is thereafter barred, unless the Defendant shows (A) cause for relief from the procedural default, And (B) Prejudice from violation of Defendant Rights.

(A). CAUSE: It was impossible for Defendant or prior Counselor to have known that prosecutor would stoop so law that he would manipulate the process of the law to obtain a conviction, By falsifying Rule (9)-warrant-indictment. There was no reason to file any motions to dismiss Indictment during pre-trial preceding or before trial and during trial, Defendant didn't obtain the copy of the Alleged rule (9) warrant - Indictment that brought this claim about until (1999) and it still went without notice until october of 2004.

(B). PREJUDICE: Prosecutor knew by manipulating the system to obtain a rule (9) warrant- Indictment- would deny the defendant from having a preliminary hearing, therefore defendant lose a valuable opportunity to challenge probable cause. Rule (9)-Indictment- warrant- Eliminates need for preliminary hearing; because both the preliminary hearing and the indictment strive to establish probable cause, it has been held that an Indictment Eliminates the need for a preliminary hearing. State v. Robinson, Del. super. ct. 417 A.2d 953 (1980). one year and (18) days had pass And the prosecutor knew he was running out of time to obtain charges against the defendant, this when a miscarriage of justice took place (forgery).

The procedural bar of rule 61 (i)(3) may potentially be overcome by rule 61 (i)(5) which provides that the bar, "To relief in paragraph (3)... shall not apply to a

colorable claim that there was a miscarriage of justice because of a constitutional violation that undermine the fundamental legality, reliability, integrity or fairness of the proceedings leading to the Judgment of conviction. The State claims that the defendant claims is without merits And should be procedurally barred, the states response fails to present any evidence that there was in fact a grand Jury". According to "Standard 3-3.5(c)... The Prosecutor's communications and presentations to the grand Jury should be on the record."

"Standard" 3-3.6 ~~████~~ (f) States... A prosecutor in presenting a case to a grand Jury should not intentionally interfere with the independence of the grand Jury, preempt a function of the grand Jury, or abuse the processes of the grand Jury.

IV

Ground one: Production of grand Jury minutes:

Defendant has reason to believe that State Alleged Rule (9) warrant-Indictment is false, Mr. Robert Goff hand writting is one in the same with the forperson, SEE:- - Attechment of rule(9) warrant-Indictment, Which is the original, Now, compare the hand-writting with Exhibit A-1, that is attach to defendant motion for postconviction Relief, Which supose to be a copy of the original. The defendant received Exhibit A-1 upon complainting that the original Alleged indictment was in complete Without Identifications number. that's when I received

Exhibit A-1 with hand-written numbers and a inconstant signature.

Production of grand jury minutes will either do one or two thing, support the claim of the defendant that their was a miscarriage of justice, or it would support the state claim that defendant motion for postconviction relief is without merits and their for should be procedurally barred. As the state claims.

Grand Two: Challenges the integrity of the alleged Indictment by the Alleged grand jury.

And Indictment may be found only upon the concurrence of 12 or more Juror's, And Rule (6)(c) Emphasize the requirement that 12 Juror's shall find each Indict- -ment by it's provision that the foreman shall keep a record of the number of Juror's concurring in the finding of every Indictment. The requirement of the criminal rules that every indictment must be found by At least (12) grand Juror's, is a futher specification of the fifth Amendment. Which is command that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury. Also According to Standard 3-3.5 (c)... The prosecutor's communications and presentations to the grand jury should be on the record. The courts should investigate whether the person who's name is on the alleged Indictment was on the acted voter role At the time this alleged Indictment was pass

Also was the person who's name is on the alleged Indictment was actually present as the prosecuter presentiment of this case to the alleged grand Jury?

Ground Three: Trial Judge Richard r. cooch failure to inform the jurors of a motion granted 4/14/98. defendant was under the impression that the granted motion meant that the defendant was only to be charge with the lesser included offenses and defendant agree that this ground is without merits. but defendant don't agree with ineffective assistance of counsel, because counsel seem to have been in the dark as well, so we must focus on the fact that the prosecuter acted alone in manipulating the process in order obtain,(A) Rule(9) warren - Indictment And conviction, burden of proof is upon the state

## V Statement of claim

Where as the grand Jury has a profound duty to evaluate all evidence presented by Deputy attorney general as witness, The purpose of having a grand jury is that both parties will be fairly Judged. finally defendant assert that being granted the grand Jury minutes will show that defendant U.S. constitutional rights where violated under the 5th And 14th Amendments of the U.S. cons-titution. "No state shall make or enforce any law which shall abridge the priviledge or immunities of citizens —

-7-A-135

of the united states, nor shall any state deprive any person of life, liberty or property without due process of law"...

Where as, If Indictment even appears sufficient on its face, it cannot stand if state fails to present the grand jury with evidence as to each element of prima facie case. State v. Bennett, 426. A.2d. 833, 194 N.J. super 23.

VI RELIEF SOUGHT

Defendant pray's that the courts will grant and evidentiary hearing, that the facts of this reply maybe address. And upon finding defendant claims to be true, defendant pray's his conviction be vacated. Also defendant request a copy of the "Bill of Particular"

VII conclusion

For the forgoing reasons, the defendant respectfully moves this honorable court to grant defendant motion for postconviction relief, under the interest of justice.

Respectfully Submitted

Dated: March ████ 14, 2005

Kevin washington
Kevin washington
S.b.I 211354
Delaware corrections center
Smyrna Paddock Rd.
Smyrna Del 19977

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. ) I.D. No. 9603000529
)
KEVIN L. WASHINGTON, )
)
Defendant. )
)

Submitted: March 17, 2005
Decided: May 17, 2005

On Defendant's Third Motion for Postconviction Relief.
**DENIED.**

## ORDER

Caroline Lee Cross, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, Attorney for the State.

Kevin L. Washington, Smyrna, Delaware.

COOCH, J.

Second Degree.[4] Defendant was sentenced to 70 years at Level V for the two Unlawful Sexual Intercourse First Degree charges; two years at Level V for the Unlawful Sexual Penetration Third Degree charge; and two years at Level V (suspended after one year for one year at Level IV) for the Unlawful Sexual Contact Second Degree charge.

2.    Defendant thereafter filed his first *pro se* motion for postconviction relief.  One of the claims Defendant asserted related to the charge of Unlawful Sexual Contact Second Degree, as Defendant argued that "prosecutorial misconduct" was committed because of an "insufficient indictment."  This Court denied Defendant's motion as procedurally barred, and specifically found that Defendant's claim relative to the Unlawful Sexual Contact charge had been formerly adjudicated through the appeal process and should not then be reexamined in the interest of justice.[5]  The Court also found that Defendant had failed to rebut any presumption that his

---

[4] *Washington v. State,* 748 A.2d 408 (Del. 2000).  On appeal, Defendant's trial counsel filed a Rule 26(c) brief together with a motion to withdraw; the Supreme Court entered an order appointing new counsel to brief Defendant's appeal. *See* Supr. Ct. R. 26(c) (providing that "[i]f the trial attorney, after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit, the attorney may file a motion to withdraw[ ]").

[5] *State v. Washington,* 2002 Del. Super. LEXIS 363, *appeal dismissed,* 803 A.2d 429 (Del. 2002) (noting that Defendant failed to timely file a notice of appeal).

14th Amendment" had been violated.[11] Additionally, Defendant contended that "the trial prosecution was vindictive in prosecuting…[him] because he rejected a plea offer…."[12] And Defendant claimed that his "convictions, sentence[s], confinement and punishment [are] illegal and or unlawful."[13]

This Court found that the claims in Defendant's second motion were subject to the former adjudication bar of Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice." The claims in Defendant's second motion were denied in part as Defendant's claims were barred as formerly adjudicated and summarily dismissed in part as the claims for postconviction relief that were conclusory and unsubstantiated[14] claims do not entitled a defendant to relief.

3.    Defendant claims three grounds for relief in his third motion for postconviction relief. Defendant asserts as ground one that "the State's Rule(9) warrant – indictment is false because the [the deputy attorney general's] handwriting is one in (sic) the same with the foreperson." As

---

[11] *Id.* at 5.

[12] *Id.*

[13] *Id.* at 6.

[14] *See, e.g., Younger*, 580 A.2d at 555 (stating that "conclusory…allegations of ineffectiveness of counsel" do not "lead…to the conclusion that the claim should be considered…").

adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice."[18] "The interest of justice [exception under Rule 61(i)(4)] has been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish him."[19] Additionally, Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief," then this Court "may enter an order for…summary dismissal…[of the motion]."

However, the procedural bar of Rule 61(i)(1) may potentially be overcome by Rule 61(i)(5), which provides that "[t]he bars to relief in paragraph (1) . . . shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgement of conviction."

---

[17] Super. Ct. Crim. R. 61(i)(1).

[18] Super. Ct. Crim. R. 61(i)(4).

[19] *State . Wright*, Del. Super., 653 A.2d 288, 298 (1994) (citing *Flamer v. State,* 585 A.2d 736, 746 (1990)).

fundamental constitutional violation exception and the "miscarriage of justice" exception contained within Rule 61(i)(5) do not apply here because Defendant's claims of prosecutorial misconduct are conclusory and unsubstantiated. Defendant has claimed a "miscarriage of justice" but has failed to establish any colorable claim of injustice.

Further, Defendant has raised in his third motion for postconviction relief substantially the same claims raised on direct appeal, in his first motion for postconviction relief and his second motion for postconviction relief. Although couched in different terms, the Court finds that the claims Defendant asserts in his third motion for postconviction relief are sufficiently of the same character as his claims of "prosecutorial misconduct," and "improper indictment," that were asserted in Defendant's prior motions. As such, the claims in Defendant's second motion are subject to the former adjudication bar of Rule 61(i)(4). Defendant is not entitled to rehash old claims in the hope that the Court will reconsider those claims.[21] Defendant has not shown that "reconsideration of the claim is warranted in the interest of justice."

---

[21] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (holding that "a defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated[ ]'") (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

9

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN L. WASHINGTON
        DEFENDANT BELOW,
        APPELLANT, " PRO SE

V.                                          NO. _____, 2005

STATE OF DELAWARE
        PLAINTIFF BELOW,
        APPELLEE.

NOTICE OF APPEAL

TO: Ms. Caroline Lee Cross

Deputy Attorney General

Carvel State office building

820 North French Street

Wilmington, DE 19801


        PLEASE TAKE NOTICE that KEVIN L. WASHINGTON,
defendant below-appellant does hereby appeal to the supreme
Court of the state of Delaware, from the order on May 17,
2005 dismissing defendant rule 61 motion for postconviction
relief, in the superior court of the state of Delaware in and
for New Castle County, by the Honorable Richard R. Cooch,
in criminal Action Nos.# IN 96-03-0732 through IN 96-03-0735
in that court. The name and address of the attorney
below for appelle is: Ms. Caroline Lee Cross, Esquire, Deputy
Attorney General, Department of Justice, State office
building, 820 North French Street, Wilmington, DE 19801.
their is no █████ need for preparation for transcripts,
or any other legal documents, with the exception
of obtaining a letter-exhibit dated December 29, 2004
docket No.# 130 Event date is January 5 2005 which is

address to the Honorable Judge James T. Vaughn.

Date: _____

Kevin L. Washington
KEVIN L. Washington
Sbz # 211354
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN L. WASHINGTON,
Appellant (Defendant,
Below)

v.

STATE OF DELAWARE
Appellee (Plaintiff,
Below)

No. 242, 2005

Superior court of the
State of Delaware in and
for New castle county.

Cr. A. No. IN96-03-0732
-thru- IN96-03-0735

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE IN
AND FOR NEW CASTLE COUNTY

APPELLANT'S OPENING BRIEF

MS. Caroline Lee cross, Eg
Deputy Attorney General
carvel state office building
820. North French street
wilmington, De 19801

Kevin L. Washington
KEVIN L. WASHINGTON
# 211354

Delaware correctional
center
Smyrna, DE 19977

DATE: 7-11-2005

# TABLE OF CONTENTS

Pages

Table of authorities · · · · · · · · · · · · · · · · · 1

Citation of cases · · · · · · · · · · · · · · · · 2

Nature and stage of the proceeding · · · · · · · 3

Statement of the facts · · · · · · · · · · · · · 4

Summary of the arguments · · · · · · · · · · · · 7

Arguments · · · · · · · · · · · · · · · · · · · · 8 thru-20

Conclusion · · · · · · · · · · · · · · · · · 20

# TABLE OF AUTHORITIES

Rules, Constitutions provisions, ETC.

Title 11 Del.c. 4505.
AbA standard 3-3.5, (c).
Del. crim. Rule 6 (d,f).
Fed. R. crim. proc. Rule 6 (d)(1) Rule 6(f).
Rule 33.
Super. ct. crim. Rule 61 (i)(4).
Super. ct. crim. Rule 61(i)(5).
Fifth Amendment.
D.L.R.P.C. .

## CITATION OF CASES

Gaither v. U.S. 413 F.2d 1061.

U.S. v. Boy aner 329 F.2d 372.

Jenckis v. United States 657, 77 S.Ct.

Ex parte Bain 7 S.Ct.

In re Jessup 136 A.2d 207.

Government of Virgin Islands v. Joseph, 765 F.2d 394

Brown v. Ohio, 432 U.S. 161, 164-69, 97 S.Ct 2221, 2224-27, 53 L.Ed. 2d 187 (1977).

Blockburger v. U.S. 52 S.Ct. 180.

U.S. v. Lamply 573 F.2d 783, 785-90 (3d cir).

Aquino, 378 F.2d at 554.

Bedford, 671 F.2d at 765-66.

## NATURE AND STAGE OF THE PROCEEDING

THE record in defendant case shows that he was allegedly indicted on 3 counts of unlawful sexual intercourse first degree, and 1 count of unlawful sexual penetration third degree. After a three day trial starting April 28th thru 30th (1998). Defendant was found guilty of 2 counts of unlawful sexual intercourse first degree, and 1 count of unlawful sexual penetration third degree, As well as guilty of the lesser included offense of unlawful sexual contact second degree. On September 18, 1998 superior court Honorable Judge Richard R. Cooch sentence defendant to a total of 73 years of level V imprisonment, followed by one year of level IV confinement. 7,-20, 1999 defendant filed a timely rule 61 motion for postconviction relief, in superior court and the Honorable Judge Richard R. Cooch dismissed motion for postconviction relief on 8, 20, 1999. because superior court didn't have Jurisdiction over this case because it was on appeal before the supreme court. 9,17, 2001 defendant file a motion for postconviction 4,29, 2002 it was Denied. 10,9, 2002 Defendant filed his second motion for postconviction relief, 7, 30, 2003 It was Denied in part, and summarily dismissed in part. 10, 29, 2004, Defendant file his third motion for postconviction relief, it was Denied, May 17, 2005. Because the Honorable Judge Richard R. Cooch stated that I raised this same claims on direct appeal, and my first-

—3—   A-148

- Second and third motion for postconviction relief.

## STATEMENT OF THE FACTS

On February 27, 1985 wilmington police responded to 829 East 26th street, where they formed a crime report against the defendant Kevin L. washington, on a miscellaneous incident base on the allegation received from cynthia washington. (see. exhibit A-85 of appendix).

On (march 18, 1996) and supposed "True Bill" was pass down by the supposed "Grand Jury" which was followed by a alleged rule 9 warrant (march 20th 1996). On August 1, 1996 wilmington police came to "gander hill prison" and arrested defendant on the following charges 3 counts of unlawful sexual inter--course first degree. 11 DEl.c. 775 (a)(4). And 1 count of unlawful sexual penetration third degree, 11 Del.c. 779 (a)(2).

On April 30th 1998, Defendant was found guilty of 2 counts of unlawful sexual intercourse first degree 1 count of unlawful sexual penetration third degree, as well as guilty of the lesser included offense of unlawful sexual contact second degree.

On september 18, 1998, Defendant was sentence to a total of ' 73 years of level V imprisonment. and 1 year of level IV confinement by superior Court Honorable Judge Richard R. Cooch

On September 5, 2001 Defendant filed his first-

- motion for postconviction relief, raising 3 Grounds:
(1) Ineffective assistance of counsel. (2) Trial Court allowed unnecessary delay in favor of the state under multipiticly violation, which violated due process and showed bias. (3) prosecutorial misconduct during sentence.

On october 10, 2002, Defendant filed his second motion for postconviction relief, raising 3 Grounds:
(1) Trial court lack jurisdiction to convict or punish ■ (2) Ineffective assistance of counsel.
(3) prosecution vindictiveness.

On october 25, 2004, Defendant filed his third motion for postconviction relief. raising 3 Grounds: (1) Production of Grand Jury minutes.
(2) Challenges the indictment by the supposed Grand Jury. (3) Trial judge failure to inform the juror's of a motion granted during trial for counts 1 And 3 for a lesser included offense of unlawful sexual contact second degree, because the testimony of the alleged victim, in-court testimony was different from her out of court testimony. See, A-49-thru-A-50 for inconsistency in Testimony, Also see, A-15-thru-A-60 for a view of all prior motions.

On september 5, 2000, Defendant filed a motion to access Blood work of the alleged victim for purposes of testing for syphilis, because the mother and father of the alleged victim was being Treated for the about s.T.D. about a year or two before the alleged incident. -

- 5 -    A-150

- Which was Also raised on direct Appeal. See,
A-8 . No# 85, 87 of Docket sheet.

## Summary of The Arguments

Ground (1) Lack of the production of the grand
Jury minutes by stenographer recording thereby violated
Del. c. crim. Rules 6 (d) and Fed r. crim. proc. Rule 6 (d)(1)
Which futher violated the due process rights under
U.S.C.A. const. Amendment 5


Ground (2) Prosecutionary misconduct when the
alleged falsification and production of an indictment
by means of the use of forgery.


Ground (3) Ineffective Assistance of counsel.


Ground (4) Judicial Abuses of discretion.

## Ground 1

Lack of the production of the grand jury minutes by stenographer recording thereby violated <u>Del. crim. Rules 6 (d)</u> and <u>Fed crim. proc. Rules 6 (d)(1)</u> which futher violated the due process rights under <u>u.s.c.d. const. Amend. 5.</u>

### Standard scope of review

The rules and procedures held within <u>Del. crim. Rules 6</u>, and <u>Fed. crim. proc. Rules 6</u>, are explicit in stating the need for stenographer recordings.

### Arguement 1

The movant hereby asserts that the rules governing the grand jury are explicit in stating that all grand jury proceedings are to be recorded by stenographer means for a collection of different reasons. <u>Del. crim. Rules 6 (d)</u> and <u>Fed. crim. proc. Rules 6 (d)(1)</u> The first is to show that a grand jury hearing was indeed held. Second that the grand jury had the required persons available. Next deals with the testimonys and evidences which were presented to the members of a grand jury. This lends several concerns for the reasons of recording because when the testimonies or pro-ductions of evidence given in front of the grand jury are not consistant with those presented during trial proceedings. <u>Del. crim. Rules 6 (e)</u> and <u>Fed. crim. proc Rules 6 (e)</u>. The now-recording of

Grand Jury proceedings deny's the accused or counsel the ability to effectively impeach or cross-examine witnesses or challenge the charges housed within, pieces of evidence, U.S. v. Boyance 329 F.2d 372., Joncks v. United States, 657, 77 S.ct.

Finally the recording of such minutes guarantees that any challenges upon the appeals process which address possibilities that an indictment was falsified or illegally produced would be validated when such transcripts are released to refute those claims, under ABA standard 3-3.5-(c) The prosecutor's communications and presentations to the grand jury should be on the record.

In the instant case the movant raises challenges that the prosecution forged and thereby fal-sified an indictment in order to secure jurisdiction to prosecute the accused. Had the grand jury proceedings been recorded, the state and reviewing justices could have blocked out the names of the anonymous persons who were present or participated and produced the minutes to show that there indeed was a grand jury held, that the alleged foreperson was indeed present, and that the required amount of members voted to hand down an indictment, according to Title 10 Del. C. 4565, Del. crim. rules 6 (c), Fed. crim. proc. Rules 6 (c), and Rules 6. 3 (A), (f)

Further these minutes should have been blocked out and given to the defendant or his counsel for reasons of cross-examining and exploring changes in testimony's, and evidence given at the grand jury hearing and those at trial. citing Gaither v. U.S., 413 F.2d 1061, Ex parte Bain, 7 S.ct.

## Ground 2

Prosecutionary misconduct when the alleged falsification and production of an indictment by means of the use of forgery.

## Standard Scope of Review

Violations of supr. ct. crim. Rule 6, Fed Crim. proc. Rule 6, and U.S.C.A. 5 were perpet- -rated by the prosecuting attorney when the indictment which procured jurisdiction used to try and convict the accused was forged by the States attorney.

## Argument 2

The movant hereby raises the assertion that the state's prosecuting attorney Robert Goff, forged the signature of a supposed grand- jury foreperson for the express purpose of secur- -ing jurisdiction to try the accused.

This made more egregious when the state's attorney Robert Goff used such tactics to try the movant after an unreasonable passing of time between the time of the accusation and the time the prosecutor allegedly gained an indictment. The original allegation was made on February 27, 1995 and the supposed indictment was handed down on march 18, 1996 one year and eighteen days later, see Exhibit of crime report marked as Exhibit A-85 and Exhibit of Docket sheet Entry 1 dated

03-18-1996 marked as A-28 in the appendix.

Once the movant was reviewing his case file movant noticed the copy of the ind- -ictment provided him in accordance with Del. Supr. Ct. Crim. Rule 16 did not possess case numbers on each count charged. The movant then requested copies which included the missing information. Upon recieving the requested copies the movant used them for his immediate needs. During the movant reviewing of his files - October 2004 he noticed the similarities between the states attorney Robert Goff hand-writting and that of the alleged grand Jury foreperson. The signature of foreperson on original alleged indictment, did not match the signature of the foreperson on the copy of the alleged indictment and therefore brought forth the Violations which could not have been realized by reasonable exercise of due diligence. The movant trusted that the Justices and officer's of the court would conduct themselves in a pro- -fessional manner in accordance with, D.L.R.P.C., ABA Standards for criminal Justice, Fed. Crim. Proc. Rules and those ethics prescribed by the u.s. constitution., and therefore protect the due process rights of the accused under U.S.C.A.5 for these reasons the movant must raise the Violations and pray for review in the interest of Justice, The movant was housed in an area

A-156

where he felt it would have taken an excessive amount of time to get copies returned from the MHU law library, causing the movant to send Exhibit A-1 with a letter to the honorable Judge James T. Vaughn, See Docket number 130, page 94, Entry date January 05, 2005, and mailing date December 29, 2004. which was sent to show the forgery and falsification of the indictment by the prosecutor in an attempt to proffer the claim and substantiate a reason for the court to release the minutes of the supposed grand jury hearing. See In re Jessup 136 A.2d 207. The movant has been requesting a copy of the letter and attached exhibit, A-1 for the past five months only to be denied access by the pro-thenotary, stating that nothing was being released from the case file. Family members have repeatedly attempted to purchase the specific documents mentioned above, but have also met with resistance in obtaining anything from movant case file. Exhibit A-1 should be viewed within the case file. Herein the movant also request again that a copy of the correspondence and attached exhibit A-1 be sent to him.

This brings the movant to assert that this type of evidence falls within Rule 33, but however there has been a history of using the format under and within Del. supr. ct. crim. rule 61, to bring about review. The movant brings forth the position that in as much as the evidence is newly discovered -

- because of its ability to be hidden, the violation and misconduct is merely the beginning. This is being proffered to challenge the validity of the indictment and should be considered as a specific showing of reason why the grand jury minutes should be released. The argument in its self is simple, the evidence shows the forgery and falsification of the indictment by the prosecutor administering doubt that any grand jury proceeding was held, that the required amount of grand jurors voted to hand down an indictment, see, Title 10 Del. C. 4505, and Fed. R. Crim. proc. Rule 6(c). and that indictment was returned in front of a magistrate or or any other justice. Del. Crim. Rule 6 (f), Fed R. Crim. proc. Rule 6(f). The movant has rendered specific reasons to release the grand jury minutes in order to refute his claims of due process violations of U.S.C.A. 5, and thereby leaving trial court to prove that they indeed possessed jurisdiction to convict and punish accused. The superior court reviewing Justice states that the claim of prosecutorial misconduct was formerly adjudicated, Super. Ct. Crim. R. 61 (i)(4). As an Argument Title this is correct but the merit and reason for that Title is, unique and different therefore this argument should be reviewed and addressed on it's own merits. See Exhibits A- 15 through A-60 in appendix. Because the reasons for bringing these claims could not be realized

through the reasonable exercise of due diligence and constituted a gross miscarriage of justice thereby challenging the validity of the indictment used to secure jurisdiction to try the accused, the claim should be reviewed by this court de novo.

The movant raises a colorable claim that due to the prosecuting attorney forging and falsifying an indictment without a grand jury hearing being held, affectively challenges the due process rights being violated in a manner which queries whether the court possessed jurisdiction to try and convict the accused. See, Del. Supr. Ct. Crim. Rule 61 (i)(5) which provides that the bars to relief in paragraph (1),(2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction. To violate the constitutional rights of due process under, U.S.C.A.5; by not presenting the evidence to a grand jury comprised in accordance with, Del. Crim. Rule 6 (f), and Fed. R. Crim. Proc. Rule 6(f). having those members return an indictment under that rule and an

A - 159