officer of the court falsifying and forging the
documents required to secure Jurisdiction to try
and convict an accused, amounts to a significant
colorable claim that no Jurisdiction was held leading
to a fundamental miscarriage of Justice that
undermined the legality, reliability, integrity,
and fairness of due process and proceedings
leading to a conviction.

RECEIVED

DEC  5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Ground 3

Ineffective Assistance of counsel

05-838

## Standard scope and review

Trial counsel representation fell short of
reasonable standards when not requesting by instant
motion, a dismissal of charges, and further request
clarification about the reason for amending the
charges.

## Argument 3

The movant wishes to raise the assertion
within the realm of the supreme court that it was
ineffectiveness of counsel to fail to request a
dismissal of the chargings against his client after
the complaining witness testified that no crime was
committed as of Count(3), see, (App. A-49-A-50),
which also offers reasonable doubt as to count(1)
of the supposed indictment.

- 13 -    A-160

During the commencement of the trial
all legal parties including counsel acting
on behalf of the accused agreed there would
be no need for special instructions to Juror's,
See, (App, A-86, Page 2, of the condenselt Sheet).

When the alleged victim out of court testimony
became inconstant with her in-court testimony
it led the court to call a side-bar that facilitated
the amendment of count (1) and (3) to lesser
included offenses. See (App. A-49 - A-50).

But in fact unlawful sexual contact second degree
cannot be a lesser included offense of unlawful
sexual intercourse First degree, because a lesser
included offense is one that does not require
proof of any additional element beyond those
required by the greater offense. See Government
of Virgin Islands v. Joseph, 765 F. 2d 394. See,
Also Brown v. Ohio, 432 U.S. 161, 164-69, 97 S.ct.
2221, 2224-27, 53 L Ed. 2d 187 (1977). The elements
of the offense are compared in the abstract,
without looking to the facts of the particular
case.

Therefore unlawful sexual contact second
degree cannot be a lesser included offense of
unlawful sexual intercourse first degree, Inherently
if because of changes in testimony the court
felt compelled to adjust the nature of the
charges or offenses, counsel should have moved

for a dismissal or immediate instructions to the tries of fact about the reasons for any amendments. Doubts by the court which lead to the amendment of counts 1 and 3 should have affected all counts.

Consideration in dealing with the lesser included offenses are that if the rec-antations during trial testimony were such that caused enough doubt in the original chargings the jury should have been instructed about the attachment of double jeopardy when the same elements are used to prove other greater offenses. And that "A lesser included offense is one that does not require proof of any additional element beyond those required by the greater offense." Clearly second degree unlawful sexual contact is not a lesser included offense of unlawful sexual intercourse of first degree, because of the variance between the to offenses. For this reason it was ineffective assistance of counsel to not move for further instructions.

In conclusion the prejudices suffered in order to fulfill the strickland standard was that the recant in testimony led the court to issue lesser included offenses of counts (1) and (3) without instructing the jury immediately about the reason for those actions, above pretrial contentions by all

-12-    A-

officers of the court that no special instruction
were necessary because it's not an alibi defense. See
"App. A-86, of Condensell sheet page(6)".

It's the position of the movant that the same
elements used to prove the lesser included offense
were also used to constitute the greater offense
without proper separation attaching double jeopardy.

## Ground Four
Judicial Abuses of discretion

### Standard Scope and review

The trial Justice Honorable Judge Richard e. cooch
abused his discretions in manners which denied the
accused a fair trial process.

### Argument 4

The movant asserts the position that the trial
Justice abused his discretions by first introducing
lesser included offense's after the alleged victim gave
recantive testimony on the second day of trial. The
introduction was done after the Justice and all the
legal representatives agreed there would be no need
for any special Jury instructions. See App. A-86 page (6)

Futher once the trial Justice felt compelled
to adjust or amend the offenses charged, it is
the contention of the movant that immediate instructions
should have been issued about the reasons for the

~18~     A-163

lesser included offense.

The issuance of the lesser included offenses "unlawful sexual contact second degree cannot properly be lesser included offenses of unlawful sexual intercourse first degree, because the attachments used vary when the elements of the offenses differ, therefore are unable to be utilized. See, Government of Virgin Islands v. Joseph, 765 F.2d 394, Brown v. Ohio 97 S.Ct 2221, 2224-27, And Blockburger v. U.S. 52. S.Ct 180. The elements of the offenses are to be compared in the abstract, without looking to the facts of the particular case. See U.S. v. Lampley 573 F.2d 783, 789-90 (3d Cir).

If the Justice was compelled sua sponte to lessen the possibility of the offenses charged, due to recantive testimony the Justice had the duty to inform the triers of fact about the reasonings for such actions so they might understand that reasonable doubt about the veracity of accusations was the reason for the amendment. The Jurer's should have been informed that the lesser included offenses should not be viewed as an endorsement of the prosecution nor the defense, and that each count needs to meet with the elements or criteria of the statute beyond a reasonable doubt. When the Jury was not immediately informed about the courts reasoning, It very likely seemed to aggravate or inflame the prejudices of the Jury, push bias

upon the jury with confusion of the issues of what constituted the statutes and their essential elements.

There can be no question that, by not permitting movant the opportunity to prepare an adequate defense, the variance in this case prejudiced movant "substantial rights". see Aquino, 378 F.2d at 554; cf. Bedford, 671 F.2d at 765-66.

### Conclusion

The movant is open to any form of relief this Honorable court feels compelled to hand down, but the movant pray's this court and it's officials will render an acquittal, vacating any and all sentences handed out by the superior court which failed to hold the jurisdiction to convict or punish the accused.

Kevin L. Washing\[illegible]
Kevin L. Washing\[illegible]

DATED: 7-11-2005

- 20 -    1-165

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN WASHINGTON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant Below,　　　　　　)
　　　　Appellant　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 242, 2005
　　　　　　　　　　　　　　　　　　)
STATE OF DELAWARE,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff Below,　　　　　　)
　　　　Appellee　　　　　　　　　　　)

## MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1.  The grand jury in March 1996 indicted Kevin Washington, charging him with three counts of first degree unlawful sexual intercourse and one count of third degree unlawful sexual penetration. A Superior Court jury in April 1998 convicted Washington of two counts of first degree unlawful sexual intercourse, one count of second degree unlawful sexual contact (as a lesser included offense of one of the counts of first degree unlawful sexual intercourse), and third degree unlawful sexual penetration. Washington's convictions were affirmed in March 2000. *Washington v. State*, 2000 WL 275638 (Del. Mar. 3, 2000) (Ex. A).

2.  In September 2001, Washington applied for state post-conviction relief. (A15-28). Superior Court denied the motion (B1-5),

and Washington's appeal was dismissed. *Washington v. State*, 2002 WL 1484509 (Del. July 9, 2002) (Ex. B). In October 2002, Washington again moved for state post-conviction relief. (A37-44). Superior Court denied this motion as well (B6-10), but Washington took no appeal. Undeterred, Washington moved for post-conviction relief in October 2004. (A45-60). Superior Court denied the motion, and the instant appeal ensued.

3. Washington, based solely on some vague similarity in the handwriting, contended in Superior Court that the prosecutor had forged the signature of the grand jury foreman on the indictment. (A55-56). Conversely, he also complained that the indictiment had not been concurred in by the requisite number of grand jurors. (A56-57). Superior Court held the two claims to be barred by Criminal Rule 61(i)(5). (B13-14). That result was clearly correct. Washington's convictions were affirmed in March 2000, the mandate issuing that same month. Under Criminal Rule 61(i)(1), Washington thus had three years from the issuance of the mandate in which to file his post-conviction motion. *E.g., Younger v. State*, 580 A.2d 552, 554-55 (Del. 1990); Super. Ct. Crim. R. 61(i)(1), 61(m)(2). Thus, to avoid the strictures of Rule 61(i)(1), Washington had to file his motion by March 2003. The latest motion, filed in October 2004, was clearly untimely under Rule 61(i)(1), and Superior Court was correct in so holding.

4. In turn, Superior Court was not required to consider the claims under the terms of Criminal Rule 61(i)(5). Washington's claims were little more than baseless speculation. "There is a strong

presumption that the grand jury has faithfully performed its duty in returning an indictment, and a defendant bears the heavy burden of overcoming it." *Malloy v. State*, 462 A.2d 1088, 1094 (Del. 1983) (citing cases). Given what Superior Court called Washington's "conclusory and unsubstantiated" allegations (B14), it is clear that Washington did not meet the burden established by *Malloy*. Along similar lines, the movant in a post-conviction action has the burden of proof, *Younger*, 580 A.2d at 555, and Superior Court could reasonably conclude that Washington had failed to carry the day. *In re Govan*, 2000 WL 975063, order at ¶4 (Del. May 31, 2000) (Ex. C); *In re Coleman*, 2000 WL 1011067, order at ¶4 (Del. June 30, 2000) (Ex. D).

5. On appeal, Washington complains in his first argument that the failure of Superior Court to produce the transcript of the grand jury proceedings in his case violated Criminal Rule 6(e)(1). Though Criminal Rule 6(e) allows the recording of proceedings before the grand jury, neither the rule nor the Constitution mandates it. *E.g., United States v. Head*, 586 F.2d 508, 511 (5th Cir. 1978); *United States v. Heckman*, 479 F.2d 726, 732 (3d Cir. 1973); *Vihko v. Commonwealth*, 393 S.E.2d 413, 416 (Va. App. 1990).

6. Against this backdrop, Superior Court correctly determined that Washington had not established that there had been a jurisdictional defect in his prosecution. As a result, there was no basis for consideration of Washington's claims under Criminal Rule 61(i)(5). It follows, perforce, that the motion was barred by Criminal Rule 61(i)(1) as Superior Court concluded.

7.    Washington, in his brief, also complains about the fact that the jury was instructed on second degree unlawful sexual contact as a lesser included offense of unlawful sexual intercourse.  Op. Brf. at 15-20.  Washington, however, withdrew the claim in Superior Court. (A83; B13 (fn. 20)).  Washington having taken the issue away from the lower court, the issue was not "fairly presented" to Superior Court, and he can not now attempt to revive it on appeal.  Supr. Ct. R. 8.

8.    The judgment of the Superior Court should be affirmed.

Loren C. Meyers
Del. Bar ID 2210
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

July 27, 2005

A - 169

Westlaw.

748 A.2d 408 (Table)                                                                    Page 1
748 A.2d 408 (Table), 2000 WL 275638 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 748 A.2d 408, 2000 WL 275638 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic
Reporter in a 'Table of Decisions Without Published
Opinions.')

Supreme Court of Delaware.
Kevin L. WASHINGTON, Defendant Below,
Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 421, 1998.**

Submitted Feb. 15, 2000.
Decided March 3, 2000.

Court Below: Superior Court of the State of Delaware,
in and for New Castle County, Cr.A. Nos.
IN96-03-0732 through 0735.

Before WALSH, HOLLAND, and HARTNETT,
Justices.

ORDER

**\*\*1** This 3rd day of March, 2000, upon consideration
of the briefs of the parties and oral argument, it appears
to the Court that:

(1) The appellant, Kevin L. **Washington**
("Washington") was convicted following a jury trial in
the Superior Court of two charges of Unlawful Sexual
Intercourse First Degree, one charge of Unlawful
Sexual Contact Second Degree and one charge of
Unlawful Sexual Penetration Third Degree. Initially,
Washington's trial counsel filed a Rule 26(c) brief
together with a motion to withdraw as counsel. In
response, the State filed a motion to affirm. Thereafter,
this Court entered an order denying the motion to affirm
and appointed new counsel to review the file and brief
the appeal. Washington now asserts three claims of
plain error: (i) admission of evidence of marital abuse
concerning the victim's mother; (ii) admission of bad
character evidence in the State's case-in-chief; and (iii)

insufficient evidence to convict as to the charge of
Unlawful Sexual Contact.

(2) The charges against the defendant involved alleged
sexual assaults against his then eight-year-old daughter.
[FN1] The charges came to light when the child
related the incidents to her mother, the defendant's
former wife. The child later repeated the allegations to
the police and to a social worker. The child and her
mother testified at trial recounting the assaults and the
child's out-of-court statements were admitted in
evidence under 11 *Del. C.* § 3507. Although the State
presented the testimony of an examining physician, that
evidence was inconclusive on the question of physical
manifestations of sexual abuse. The defendant denied
the assaults and claimed that the charges were prompted
by the vindictiveness of his former wife.

> FN1. The record is conflicting as to whether
> the defendant is the biological father of the
> victim or merely the victim's stepfather. Such
> a determination, however, is irrelevant to the
> factual and legal issues at hand.

(3) The defendant's apparent tactic at trial was to
portray his former wife as vengeful and motivated by an
effort to get rid of him by manufacturing the charges
involving their daughter. The defendant's counsel
suggested this motivation in opening remarks before the
State's case and pursued this claim in cross-examination
of the defendant's former wife when she testified in the
State's case-in-chief. Specifically, counsel asked the
wife if she "wanted [the defendant] out of your house,
out of your life; right?" When the wife replied in the
affirmative, counsel then asked if she had contacted the
defendant's probation officer to report a violation and
whether she had written to a Superior Court judge
expressing her fear of the defendant and her wish that
he remain in jail. The wife confirmed such conduct. In
redirect examination of the wife, the prosecutor
followed up on her desire to get rid of the defendant by
asking whether he had been physically abusive to her
during the marriage and whether he had pled guilty in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX 4

μ - 120

748 A.2d 408 (Table)
748 A.2d 408 (Table), 2000 WL 275638 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 748 A.2d 408,  2000 WL 275638 (Del.Supr.))**

Page 2

the Family Court to third degree assault. There was no objection to this questioning.

(4) Washington concedes that in the absence of an objection to the State's exploration of his "bad acts" on re-direct examination our review of the admission of that testimony is limited to a plain error standard. Under a plain error standard, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process. *See Wainwright v. State,* Del.Supr., 504 A.2d 1096, 1100 (1986). Here, not only was there no objection to the wife's recounting of the defendant's abusive conduct toward her, but the testimony was simply an embellishment of the defendant's effort to depict the stormy relationship with his wife as motivation for her reporting of the incidents involving her daughter. While the State is generally precluded from presenting evidence of the defendant's bad character in its case-in-chief, *See Getz v. State,* Del.Supr., 538 A.2d 726 (1988), if such evidence is merely responsive to a defendant's suggestion or admitted in rebuttal, the admission of that evidence is not subject to blanket proscription. *See Kornbluth v. State,* Del.Supr., 580 A.2d 556, 558 (1990). In any event, there must be a contemporaneous objection to such evidence to afford the trial court the opportunity to perform the balancing test under D.R.E. 403 and to craft an appropriate instruction. Here, there was no objection and, under the circumstances, the admission of such evidence does not rise to the level of plain error.

**\*\*2** (5) Washington also alleges as plain error certain testimony elicited from his former wife by the State concerning the fact that he was unemployed during the period when the alleged assaults occurred. Lack of employment is not, in itself, evidence of bad acts or negative character and indeed may be relevant, as here, to show that the defendant had the opportunity to molest the child while the mother was absent. In any event, no objection was made to this testimony, and we conclude that it does not rise to the level of plain error. *See Wainwright,* 504 A.2d at 1100.

(6) Washington's final claim of error is directed to the sufficiency of the evidence to support his conviction of

Unlawful Sexual Contact Second Degree as a lesser included offense of one of the charges of Unlawful Sexual Intercourse First Degree. Because Washington concedes that he did not present an insufficiency of the evidence claim at trial, he is precluded from asserting that claim on appeal in the absence of plain error. In view of the State's evidence presented at trial, both direct and circumstantial, coupled with the defendant's denial, his conduct was a jury question posing issues of credibility. Accordingly, the claim is not subject to plain error review and must be rejected.

(7) Our rejection of appellant's plain error claims in this direct appeal does not preclude the later assertion of an ineffective assistance of counsel claim under Superior Court Criminal Rule 61.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

748 A.2d 408 (Table), 2000 WL 275638 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

803 A.2d 429 (Table)                                                                       Page 1
803 A.2d 429 (Table), 2002 WL 1484509 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 803 A.2d 429, 2002 WL 1484509 (Del.Supr.))**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Kevin WASHINGTON, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 315,2002.

Submitted June 20, 2002.
Decided July 9, 2002.

Defendant filed notice of appeal from order entered by Superior Court, New Castle County. The Supreme Court held that exception to rule requiring that notice of appeals be filed within 30 days of entry of judgment, due to court-related error, did not apply to allow consideration of appeal.

Appeal dismissed.

West Headnotes

**Appeal and Error** ⟨=⟩**428(2)**
30k428(2) Most Cited Cases
Defendant failed to show that failure to file timely notice of appeal was due to court-related personnel, and thus, exception to requirement that notice of appeals be filed within 30 days of entry of judgment, due to court-related error, did not apply to allow appeal to be considered. Sup.Ct.Rules, Rule 29(b).
Court Below: Superior Court of the State of Delaware in and for New Castle County, Cr. ID No. 9603000529.

Before VEASEY, Chief Justice, WALSH and STEELE, Justices.

ORDER
**\*\*1** This 9th day of July 2002, it appears to the Court

that:

(1) On June 4, 2002, the Court received Washington's notice of appeal from a Superior Court order dated April 29, 2002. Pursuant to Supreme Court Rule 6, a timely notice of appeal from a order dated April 29, 2002, should have been filed on or before May 29, 2002.

(2) On June 5, 2002, the Clerk issued a notice, pursuant to Supreme Court Rule 29(b), directing Washington to show cause why the appeal should not be dismissed for failure to file a timely notice of appeal. Washington filed a response to the notice to show cause on June 20, 2002. In his response, Washington concedes that his appeal was filed late, but contends that he did not know an appeal had to be filed within 30 days.

(3) Time is a jurisdictional requirement. [FN1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective. [FN2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements. [FN3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered. [FN4]

FN1. *Carr v. State,* 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829, 110 S.Ct. 98, 107 L.Ed.2d 61 (1989).

FN2. SUPR. CT. R. 10(a).

FN3. SUPR. CT. R. 6; *Carr v. State,* 554 A.2d at 779.

FN4. *Bey v. State,* 402 A.2d 362, 363 (Del.1979).

(4) There is nothing in the record that reflects that Washington's failure to file a timely notice of appeal in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



803 A.2d 429 (Table)                                                                  Page 2
803 A.2d 429 (Table), 2002 WL 1484509 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 803 A.2d 429, 2002 WL 1484509 (Del.Supr.))**

this case is attributable to court-related personnel.
Consequently, this case does not fall within the
exception to the general rule that mandates the timely
filing of a notice of appeal. Thus, the Court concludes
that the within appeal must be dismissed.

 NOW, THEREFORE, IT IS ORDERED, pursuant to
Supreme Court Rule 29(b), that the within appeal is
DISMISSED.

 803 A.2d 429 (Table), 2002 WL 1484509 (Del.Supr.),
Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 173

Westlaw.

755 A.2d 388 (Table)
755 A.2d 388 (Table), 2000 WL 975063 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 755 A.2d 388, 2000 WL 975063 (Del.Supr.))**

Page 1

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
In the Matter of the Petition of Arthur GOVAN for a Writ of Mandamus.
**No. 151 2000.**

Submitted April 17, 2000.
Decided May 31, 2000.

Before HOLLAND, HARTNETT and BERGER, Justices.

ORDER

**\*1** This 31st day of May 2000, upon consideration of the petition for a writ of mandamus filed by Arthur Govan ("Govan") and the answer and motion to dismiss filed by the State of Delaware, [FN1] it appears to the Court that:

> FN1. On May 4, 2000, Govan filed a "reply brief" in response to the State's answer and motion to dismiss. The Court has not considered Govan's unsolicited reply brief. *See* Supr. Ct. R. 43(b)(ii) (providing that "unless the Court otherwise directs, no further submissions of the parties shall be accepted").

(1) In October 1992, a grand jury indicted Govan on four counts of first degree murder and seven other related charges. In June 1993, a Superior Court jury convicted Govan as charged. The Superior Court sentenced Govan to four life sentences plus 115 years in prison. On direct appeal, Govan's convictions were affirmed. [FN2] Govan's subsequent applications for state postconviction relief and federal habeas relief were denied. [FN3]

> FN2. *Govan v. State,* Del.Supr., No. 363,

> 1993 Walsh, J., 1995 WL 48359 (Jan. 30, 1995) (ORDER).

> FN3. *Govan v. State,* Del.Supr., No. 11, 1996, Holland, J., 1996 WL 69821 (Feb. 5, 1996) (ORDER); *Govan v. Snyder, et al.,* D. Del ., C.A. No. 96-156-RRM (Feb. 4, 1997) (Order).

(2) In March 2000, Govan applied to the Superior Court for a copy of transcripts of the grand jury proceedings in his case, including a transcript of the grand jury's return of the indictment against him. On March 29, 2000, the Superior Court denied Govan's request.

(3) In his petition in this Court, Govan contends that he has a constitutional right to review the grand jury proceedings. Govan seeks to ensure that the requisite number of grand jurors voted to indict him. Govan requests that this Court issue an Order directing that the Superior Court produce the grand jury records for his inspection.

(4) Govan is not entitled to the issuance of a writ of mandamus to further his efforts to review the records of the grand jury proceedings. Govan's claim, that he was not indicted by the requisite number of grand jurors, is entirely speculative. "There is a strong presumption that the grand jury has faithfully performed its duty in returning an indictment, and a defendant bears the heavy burden of overcoming it." [FN4] Furthermore, Govan's challenge to the grand jury proceedings comes too late. Govan's failure to raise his claim before his trial constitutes a waiver of his claim. [FN5]

> FN4. *Malloy v. State,* Del.Supr., 462 A.2d 1088, 1094 (1983)

> FN5. Super. Ct.Crim. R. 12(b)(2), (f); *Malloy v. State,* Del.Supr., 462 1088 (1983); *State v. Boyle,* Del.Gen.Sess., 61 A.2d 121, 125 (1948).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



755 A.2d 388 (Table)
755 A.2d 388 (Table), 2000 WL 975063 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 755 A.2d 388, 2000 WL 975063 (Del.Supr.))**

Page 2

(5) This Court will issue a writ of mandamus to a trial court only when the petitioner can show that there is a clear right to the performance of the duty at the time of the petition. [FN6] Govan has not demonstrated that he is entitled to the relief that he seeks, nor has he demonstrated that the Superior Court has arbitrarily refused to perform a duty owed to him.

> FN6. *In re Bordley,* Del.Supr., 545 A.2d 619, 620 (1988).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Govan's petition for a writ of mandamus is DISMISSED.

755 A.2d 388 (Table), 2000 WL 975063 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 175

Westlaw.

757 A.2d 1277 (Table)                                                    Page 1
757 A.2d 1277 (Table), 2000 WL 1011067 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 757 A.2d 1277, 2000 WL 1011067 (Del.Supr.))**

(The decision of the Court is referenced in the Atlantic
Reporter in a 'Table of Decisions Without Published
Opinions.')

Supreme Court of Delaware.
In the Matter of the Petition of Daniel Coleman for a
Writ of Mandamus.
**No. 263 2000.**

Submitted June 5, 2000.
Decided June 30, 2000.

Before VEASEY, Chief Justice, WALSH and
BERGER, Justices.

ORDER
**1 This 30th day of June 2000, upon consideration of
the petition of Daniel Coleman ("Coleman") for a writ
of mandamus and the State of Delaware's answer and
motion to dismiss, it appears to the Court that:

(1) In April 1987, a grand jury indicted Coleman on
two counts of Kidnaping in the First Degree, one count
of Robbery in the First Degree, and one count of
Unlawful Sexual Contact in the Third Degree. In July
1987, a Superior Court jury convicted Coleman of two
counts of Kidnaping in the First Degree and one count
each of Robbery in the Second Degree and Unlawful
Sexual Contact in the Third Degree. The Superior Court
sentenced Coleman to life in prison on each First
Degree Kidnaping conviction and to five years for
Second Degree Robbery and to two years for Third
Degree Unlawful Sexual Contact. [FN1] On direct
appeal, Coleman's convictions were affirmed. [FN2]
Coleman's subsequent applications for postconviction
relief were denied. [FN3] Coleman did not appeal to
this Court.

FN1. By letter opinion dated October 7, 1988,
the Superior Court withdrew one of the two
life sentences that had been imposed. *State v.*

*Coleman,* Del.Super., Cr.A.Nos.,
IN87-03-0453, 0454; IN87-04-0025, 0026,
Martin, J. (Oct. 7, 1988) (Letter Opinion).

FN2. *Coleman v. State,* Del.Supr., 562 A.2d
1171 (1989).

FN3. *State v. Coleman,* Del.Super., Cr.A.Nos.
IN87-03-0453, 0454; IN87-04-0025, 0026,
Toliver, J. (Nov. 15, 1990) (Order); *State v.
Coleman,* Cr.A.Nos. IN87-03-0453, 0454;
IN87-04-0025, 0026, Toliver J. (Jan. 19,
1993) (Order).

(2) On May 11, 2000, Coleman applied to the Superior
Court for a copy of transcripts of the grand jury
proceedings, including the grand jury's return of the
indictment against him. On May 18, 2000, the Superior
Court denied Coleman's request for transcripts. The
Superior Court held that Coleman has no apparent legal
remedies available and thus no need for the transcripts.

(3) In his petition in this Court, Coleman seeks a writ
of mandamus to compel the Superior Court to provide
him with the requested transcripts. According to
Coleman, he has a constitutional right to review the
grand jury proceedings. Coleman contends that
production of the transcripts is necessary to ensure that
the requisite number of grand jurors voted to indict him.

(4) Coleman is not entitled to the issuance of a writ of
mandamus to further his efforts to review the records of
the grand jury proceedings. Coleman's claim, that he
was not indicted by the requisite number of grand
jurors, is entirely speculative. "There is a strong
presumption that the grand jury has faithfully performed
its duty in returning an indictment, and a defendant
bears the heavy burden of overcoming it." [FN4]
Furthermore, Coleman's challenge to the grand jury
proceeding comes too late. Coleman did not raise the
claim before his trial, and thus the claim is waived.
[FN5]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 176

757 A.2d 1277 (Table)                                                                                    Page 2
757 A.2d 1277 (Table), 2000 WL 1011067 (Del.Supr.)
**Unpublished Disposition**
**(Cite as: 757 A.2d 1277, 2000 WL 1011067 (Del.Supr.))**

> FN4. *Malloy v. State,* Del.Supr., 462 A.2d
> 1088, 1094 (1983).

> FN5. Super. Ct.Crim. R. 12(b)(2), (f); *Malloy
> v. State,* Del.Supr., 462 A.2d 1088 (1983);
> *State v. Boyle,* Del.Gen.Sess., 61 A.2d 121,
> 125 (1948).

(5) This Court will issue a writ of mandamus to a trial
court only when the petitioner can show that there is a
clear right to the performance of a duty at the time of
the petition. [FN6] Coleman has not demonstrated that
he is entitled to the relief that he seeks, nor has he
demonstrated that the Superior Court has arbitrarily
refused to perform a duty owed to him.

> FN6. *In re Bordley,* Del.Supr., 545 A.2d 619,
> 620 (1988).

NOW, THEREFORE, IT IS ORDERED that the
State's motion to dismiss is GRANTED. Coleman's
petition for a writ of mandamus is DISMISSED.

757 A.2d 1277 (Table), 2000 WL 1011067
(Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 178

Westlaw.

Not Reported in A.2d
2002 WL 826902 (Del.Super.)
(Cite as: 2002 WL 826902 (Del.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES
BEFORE CITING.

Superior Court of Delaware.
STATE of Delaware
v.
Kevin WASHINGTON Defendant.

Submitted: Feb. 22, 2002.
Decided: April 29, 2002.

Movant sought postconviction relief after his convictions for unlawful sexual intercourse, unlawful sexual contact, and unlawful sexual penetration were affirmed on direct appeal. The Superior Court, New Castle County, held that: (1) movant did not establish exceptions that would allow review of his procedurally barred claims, and (2) trial counsel did not provide ineffective assistance.

Motion denied.

West Headnotes

**[1] Criminal Law ⚖═1437**
110k1437 Most Cited Cases
Postconviction relief movant failed to establish that he qualified for the "fundamental fairness" exception that would allow review of procedurally barred claim that his right to a speedy trial was violated in child sexual abuse case; defendant merely offered a conclusory and unsubstantiated statement in support of his argument. Superior Court Criminal Rule 61(i)(5).

**[2] Criminal Law ⚖═1437**
110k1437 Most Cited Cases
Postconviction relief movant failed to establish that he qualified for the "interest of justice" exception that

would allow review of procedurally barred claims that evidence was insufficient to sustain convictions for child sexual abuse and that prosecutor committed misconduct during sentencing, as defendant did not show that court lacked authority to convict or punish. Superior Court Criminal Rule 61(i)(4).

**[3] Criminal Law ⚖═641.13(2.1)**
110k641.13(2.1) Most Cited Cases

**[3] Criminal Law ⚖═641.13(6)**
110k641.13(6) Most Cited Cases
In prosecution of defendant for sexually abusing his eight-year-old daughter, defense counsel engaged in reasonable trial strategy by attempting to portray defendant's former wife as vengeful and motivated by an effort to get rid of him through manufactured charges, and thus counsel did not render ineffective assistance by failing to pursue another defense and challenge DNA evidence, given that there was no relevant physical evidence produced at trial and the examining physician testified that the evidence was inconclusive. U.S.C.A. Const.Amend. 6.

On Defendant's Pro Se Motion for Postconviction Relief. Denied.

ORDER

*1 This 29th day of April, 2002, upon consideration of a *pro se* Motion for Postconviction Relief filed by Kevin Washington (the "Defendant"), it appears to the Court that:

1. Defendant has filed this Motion for Postconviction Relief (the "Motion") pursuant to Superior Court Criminal Rule 61. For the reasons stated below, Defendant's Motion is DENIED.

2. On April 31, 1998, Defendant was convicted by a jury of two counts of Unlawful Sexual Intercourse First Degree, one count of Unlawful Sexual Contact Second Degree, and one count of Unlawful Sexual Penetration Third Degree. The charges against Defendant involved sexual assaults against his then eight-year-old daughter. The charges came to light when the victim related the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

B#
A- 178

Not Reported in A.2d
2002 WL 826902 (Del.Super.)
**(Cite as: 2002 WL 826902 (Del.Super.))**

Page 2

incidents to her mother, the defendant's former wife. The child later repeated the allegations to the police and to a social worker. The child, her mother, and the examining physician testified at Defendant's trial. The examining physician testified that the evidence was inconclusive as to physical manifestations of sexual abuse. Defendant denied the assaults and claimed that the charges were prompted by the vindictiveness of his former wife.

Following his conviction, Defendant was sentenced to 70 years at Level V for the two Unlawful Sexual Intercourse First Degree charges; two years at Level V for the Unlawful Sexual Penetration Third Degree charge; and two years at Level V (suspended after one year for one year at Level IV) for the Unlawful Sexual Contact Second Degree charge.

Defendant raised three grounds of "plain error" on appeal to the Supreme Court: admission of evidence of marital abuse towards his former wife; admission of bad character evidence depicting the "stormy relationship" between Defendant and his former wife; and the sufficiency of the evidence as to the charge of Unlawful Sexual Contact Second Degree. The Supreme Court affirmed, writing that its "rejection of [Defendant's] plain error claims in this direct appeal does not preclude the later assertion of an ineffective assistance of counsel claim under Superior Court Criminal Rule 61." [FN1] Defendant now brings this Motion under that Rule. [FN2]

> FN1. *Washington v. State,* 2000 WL 275638 (Del.Supr.).

> FN2. Following his direct appeal, Defendant also filed in this Court a "Motion to Access the Evidence for Purposes of DNA Testing". This Court denied that motion, in part because there was no relevant physical evidence produced at trial which could have been subjected to DNA forensic testing, and in part because Defendant had otherwise failed to satisfy the statutory requirements necessary for a motion requesting the performance of forensic DNA testing. *State v. Washington,* 2000 WL 33115698 (Del.Super.).

3. Defendant raises five grounds in the current Motion. Grounds One, Four, and Five are ineffective assistance of counsel claims; Defendant argues that counsel failed to file requested pretrial motions, failed to subpoena requested witnesses, and failed to allow Defendant to speak in court, requesting instead that Defendant "remain silent upon entering the court room...[because] it would look good if [Defendant] showed that [he] was under control." In Ground Two of his Motion, Defendant argues a speedy trial violation, writing that the "trial court allowed unnecessary delay in favor of the State under multiplicity [sic] violations which violated due process and also showed bias." And in Ground Three of his Motion, Defendant argues that "prosecutorial misconduct was shown towards [D]efendant"; Defendant alleges this "misconduct" was the result of an insufficient indictment.

*2 In response, the State argues that Grounds Two and Three of the Motion (those claims Defendant makes which are unrelated to defense counsel's performance) are procedurally barred under Superior Court Criminal Rule 61(i)(3) [FN3]; the State argues that Defendant has not shown why that rule should not otherwise apply. Alternatively, the State argues that Defendant's claim of prosecutorial misconduct is barred under Superior Court Criminal Rule 61(i)(4) [FN4]; the State argues that that claim had been previously adjudicated by the Delaware Supreme Court on direct appeal. The State argues that Defendant has otherwise failed to show that the interest of justice warrants reconsideration of that claim.

> FN3. That rule provides that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction...is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights." Super. Ct.Crim. R. 61(i)(3).

> FN4. That rule provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal *habeas* corpus

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d                                                                                              Page 3
2002 WL 826902 (Del.Super.)
(Cite as: 2002 WL 826902 (Del.Super.))

proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." Super. Ct.Crim. R. 61(i)(4).

Regarding Defendant's ineffective assistance of counsel claims, the State argues that Defendant has failed to "rebut [the] presumption" under the "high standard" enunciated in *Strickland v. Washington* [FN5] that counsel was both reasonable and professional in his representation of Defendant.

FN5. 446 U.S. 668 (1984).

At the Court's request, defense counsel submitted an affidavit of his recollection of the matter. Defendant's public defender file was previously sent to archives and destroyed. Counsel, in response to Defendant's argument that he failed to file requested pretrial motions, states that Defendant's case "involved an issue of credibility between defendant and his own child and...there weren't any substantial legal issues to be addressed pre-trial or during trial." [FN6] Regarding Defendant's statement that he should have been allowed to speak in court, counsel replies "to advise otherwise [than to "stay under control and make an appropriate appearance before the jury"] would have been inappropriate." [FN7] Finally, defense counsel states that he cannot respond to Defendant's claim that favorable witnesses were not called because "Defendant does not specify [which] witnesses were...[not] subpoenaed for trial, what their testimony would have been and what prejudice he suffered as a result...." [FN8]

FN6. Winslow Aff. ¶ 2.

FN7. Winslow Aff. ¶ 8.

FN8. Winslow Aff. ¶ 7.

4. Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Superior Court Criminal Rule 61. [FN9] Rule 61(i)(3) provides that "any ground for relief that was not asserted in the proceeding leading to the

judgment of conviction...is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights." The procedural bar of Rule 61(i)(3) may potentially be overcome by Rule 61(i)(5), which provides that "[t]he bar[ ] to relief in paragraph[ ]...(3)...shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." This "fundamental fairness" exception contained in Rule 61(i)(5) is "a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after [a] direct appeal." [FN10] Additionally, Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The "interest of justice" exception of Rule 61(i)(4) has "been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish [the movant]." [FN11]

FN9. *Bailey v. State,* 588 A.2d 1121, 1127 (Del.1991); *Younger v. State,* 580 A.2d 552, 554 (Del.1990) (citing *Harris v. Reed,* 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

FN10. *Younger,* 580 A.2d at 555.

FN11. *State v. Wright,* 653 A.2d 288, 298 (Del.Super.Ct.1994) (citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)

*3 [1] 5. Defendant now raises for the first time the alleged violation of his right to a speedy trial. Because he did not assert this claim at trial or on appeal, *i.e.,* "in the proceeding leading to the judgment of conviction," Defendant's speedy trial argument is potentially barred by Superior Court Civil Rule 61(i)(3). In order to overcome that procedural bar, Defendant must show both cause for relief and prejudice, or otherwise qualify

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d                                                                              Page 4
2002 WL 826902 (Del.Super.)
(Cite as: 2002 WL 826902 (Del.Super.))

for the "fundamental fairness" exception contained in Rule 61(i)(5). The totality of Defendant's argument on this ground is that "trial court allowed unnecessary delay in favor of the state under multiplicity [sic] violation which violated due process and showed bias." Defendant has failed to explain his argument other than to offer the above-quoted conclusory and unsubstantiated claim. The Court will not address claims of cause for relief and prejudice that are conclusory and unsubstantiated. [FN12] Defendant's claim of a violation of his right to a speedy trial is therefore without merit.

> FN12. *Zimmerman v. State,* 1991 WL 190298 (Del.Super.Ct.) (citing *State v. Conlow,* Del.Super., Cr.A. Nos. IN-78-09-0985-R1, Herlihy, J. (Oct. 5, 1990)).

[2] 6. Defendant raised on direct appeal the sufficiency of the evidence relating to the charge of Unlawful Sexual Contact Second Degree for which he was convicted. Defendant's claim that "prosecutorial misconduct was shown towards defendant" because of "improper indictment under elements of the charges" is therefore barred by Superior Court Criminal Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice ." As previously stated, however, the "interest of justice" exception is narrow and requires a showing that this Court lacked the authority to convict or punish. Defendant has not made a showing that the interest of justice requires reconsideration of the sufficiency of the evidence for which a jury convicted him. Defendant's claim of "prosecutorial misconduct during sentencing" is therefore also without merit.

7. To succeed on a claim of ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." [FN13] In attempting to establish a claim of ineffective assistance of counsel, the defendant must allege concrete allegations of actual prejudice and substantiate them. [FN14] Defense counsel's performance should be evaluated by eliminating "the distorting effects if

hindsight" or speculation about what trial counsel could have done better. [FN15] Moreover, any "review of counsel's representation is subject to a strong presumption that the representation was professionally reasonable." [FN16]

> FN13. *Albury v. State,* 551 A.2d 53, 58 (Del.1988) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

> FN14. *Younger,* 580 A.2d at 555-56.

> FN15. *Gattis v. State,* 697 A.2d 1174, 1178 (1997).

> FN16. *Flamer,* 585 A.2d at 753.

Defendant contends that counsel's performance fell below an objective standard of reasonableness and that had counsel adequately represented him at trial, the outcome of Defendant's case would have been different. In support of his assertions, Defendant argues that defense counsel should have investigated and challenged the chain of custody of any DNA evidence, as well as retained an expert to rebut the examining physician's testimony that the evidence was inconclusive as to physical manifestations of sexual abuse. Defendant also argues that counsel failed to preserve issues for appeal, apparently because counsel did not object when there was no relevant physical evidence produced at trial and the examining physician testified that the evidence was inconclusive. Defendant believes that the destruction of his public defender file is prejudicial to his current motion.

*4 [3] Despite Defendant's assertions, the Court finds that resolution of his case ultimately turns on issues of credibility, which are for a jury to decide. In Defendant's case, a jury convicted him and the Supreme Court affirmed. Given that there was no relevant physical evidence produced at trial and the examining physician testified that the evidence was inconclusive, counsel's attempts to portray Defendant's former wife as vengeful and motivated by an effort to get rid of him through manufactured charges appear to this Court to have been reasonable. Counsel's tactics apparently were

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
2002 WL 826902 (Del.Super.)
(Cite as: 2002 WL 826902 (Del.Super.))

effective, given that Defendant's former wife admitted that she "wanted [him] out of [the] house [and] out of [her] life." [FN17]

> FN17. *Washington v. State,* 2000 WL 275638, at *1 (Del.Supr.).

The Court understands Defendant's argument that the destruction of his public defender file may potentially be prejudicial. However, defense counsel submitted a sworn statement of his recollection of Defendant's case. In his affidavit, counsel notes that there were not any substantial legal issues to be addressed pretrial or during trial. Counsel believes he did "a vigorous job in defense of [D]efendant and that any possible legal issues were preserved for appeal." [FN18] Defendant should not now be heard to complain of his conviction by the jury.

> FN18. Winslow Aff. ¶ 6.

Counsel is empowered to make tactical decisions at trial. [FN19] The decision to pursue a particular defense and eschew another is usually based on informed strategic choices. [FN20] Given the strong presumption that counsel's representation was professionally reasonable, this Court cannot now say that counsel's tactics were prejudicial to Defendant. This is especially so given that credibility was the central issue and given that there was a lack of relevant physical evidence upon which Defendant could have asserted his defense. Defendant has therefore failed to prove ineffective assistance of counsel.

> FN19. *Strickland,* 466 U.S. at 690

> FN20. *Id.* at 691.

5. For the reasons stated above, Defendant's Motion for Postconviction Relief is DENIED.

IT IS SO ORDERED.

2002 WL 826902 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Westlaw.

Not Reported in A.2d
2003 WL 21771210 (Del.Super.)
(Cite as: 2003 WL 21771210 (Del.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
STATE of Delaware
v.
Kevin WASHINGTON Defendant.

Submitted May 21, 2003.
Decided July 30, 2003.

On Defendant's Second Pro Se Motion for Postconviction Relief. Denied in Part, Summarily Dismissed in Part.

#### ORDER

*1 This 30th day of July, 2003, upon consideration of a second *pro se* Motion for Postconviction Relief filed by Kevin Washington (the "Defendant"), it appears to the Court that:

1. Defendant has filed this Motion for Postconviction Relief (the "Motion") pursuant to Superior Court Criminal Rule 61. For the reasons stated below, Defendant's Motion is DENIED IN PART and SUMMARILY DISMISSED IN PART.

2. Defendant was indicted for three counts of Unlawful Sexual Intercourse First Degree [FN1] and one count of Unlawful Sexual Penetration Third Degree. [FN2] These charges stemmed from sexual assaults Defendant had committed against his then eight-year-old daughter. The facts that developed during a jury trial held in April 1998, however, led Defendant's counsel to request the giving of a jury instruction on the lesser included offense of Unlawful Sexual Contact Second Degree. [FN3] On April 31, 1998, Defendant was convicted by a jury of two counts of Unlawful Sexual Intercourse First Degree, one count of Unlawful Sexual Contact Second Degree, and one count of Unlawful Sexual

Penetration Third Degree. The Supreme Court affirmed on direct appeal, and in doing so rejected Defendant's claim that "plain error" had been committed relative to the sufficiency of the evidence as to the charge of Unlawful Sexual Contact Second Degree. [FN4] Defendant was sentenced to 70 years at Level V for the two Unlawful Sexual Intercourse First Degree charges; two years at Level V for the Unlawful Sexual Penetration Third Degree charge; and two years at Level V (suspended after one year for one year at Level IV) for the Unlawful Sexual Contact Second Degree charge.

> FN1. Del.Code Ann. tit.11, § 775 (1995) (repealed 1998).

> FN2. Del.Code Ann. tit.11, § 770 (1995) (repealed 1998).

> FN3. Del.Code Ann. tit.11, § 768 (2001). Specifically, it developed at trial that the third count of Unlawful Sexual Intercourse First Degree was potentially not supported by the evidence because the charge as levied contemplated Defendant as having had anal intercourse with the victim but the victim herself testified that she did not remember "anything about [her] butt" having been "touched." Trial Tr. of 4/29/98 at 60. The State did not object to the giving of the lesser included offense instruction. *Id.* at 77. The Court agreed to give the requested instruction pursuant to title 11, section 206(b) of the Delaware Code. *See* Del.Code Ann. tit.11, § 206(b) (2001) (providing that "[a] defendant may be convicted of an offense included in an offense charged in the indictment); *see also Mackie v. State,* 384 A.2d 625, 627 (holding that a defendant may be convicted of an offense not charged in the indictment if included in an offense charged in the indictment).

> FN4. *Washington v. State,* No. 421, 1998,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d                                                    Page 2
2003 WL 21771210 (Del.Super.)
(Cite as: 2003 WL 21771210 (Del.Super.))

2000 WL 275638 (Del.Supr. Mar. 3, 2000). On appeal, Defendant's trial counsel filed a Rule 26(c) brief together with a motion to withdraw; the Supreme Court entered an order appointing new counsel to brief Defendant's appeal. *See* SUPR. CT. R. 26(c) (providing that "[i]f the trial attorney, after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit, the attorney may file a motion to withdraw[ ]").

Defendant thereafter filed a *pro se* motion for postconviction relief. One of the claims Defendant asserted related to the charge of Unlawful Sexual Contact Second Degree, as Defendant argued that "prosecutorial misconduct" was committed because of an "insufficient indictment." This Court denied Defendant's motion as procedurally barred, and specifically found that Defendant's claim relative to the Unlawful Sexual Contact charge had been formerly adjudicated through the appeal process and should not then be reexamined in the interest of justice. [FN5] The Court also found that Defendant had failed to rebut any presumption that his counsel's performance was not reasonable and professional. [FN6]

> FN5. *State v. Washington*, I.D.# 9603000529, 2002 WL 826902 (Del.Super.Apr. 29, 2002), *appeal dismissed*, No. 315, 2002, 2002 WL 1484509 (Del.Supr. July 9, 2002) (noting that Defendant failed to timely file a notice of appeal).

> FN6. *Id.*

3. Defendant now asserts numerous claims of error that he contends require the overturning of his convictions and the vacating of his sentences. [FN7] Most of the asserted claims relate to his Unlawful Sexual Contact conviction, as Defendant maintains that this Court "lack[ed] ... jurisdiction" when it "change [d] the indictment[ ] in the middle of the [Defendant's] trial," [FN8] and that this Court "committed judicial misconduct and plain error and also abused [its] discretion for allowing the ... prosecution to change the ... indictment [ ] in the middle of ... trial[ ][.]", [FN9]

Defendant claims that his counsel was ineffective because he "failed to raise ... [this issue] on direct appeal...." [FN10] Defendant also contends that, due to the State's "failure to exonerate" him following the testimony adduced at trial that the victim did not remember "anything about [her] butt" having been "touched," the "Due Process Clause of the 14th Amendment" has been violated. [FN11] Additionally, Defendant contends that "the trial prosecution was vindictive in prosecuting ... [him] because he rejected a plea offer...." [FN12] And Defendant claims that his "convictions, sentence[s], confinement and punishment [are] illegal and or unlawful." [FN13]

> FN7. Subsequent to submission of his Motion for Postconviction Relief, Defendant also filed a "Motion to Amend" in which he asserted two additional claims of error: 1) that this Court "committed judicial misconduct and reversible error and abused [its] discretion by allowing an unsigned police report to be admi[tted] in ... court ..."; and 2) that the State "committed prosecutorial misconduct" by withholding evidence of "the history of ... syphilis ... between the parents of the alleged victim." It appears that the State may not have received a copy of this motion, as it did not substantively respond to these additional claims. Nonetheless, as these grounds were not asserted in Defendant's previous motion for postconviction relief or in the proceedings leading to the judgment of conviction, and because the interest of justice does not require and because there was no miscarriage of justice in this case, the claims asserted in Defendant's "Motion to Amend" are procedurally barred from consideration. *See* Super. Ct.Crim. R. 61(i)(2) (providing that "[a]ny ground for relief ... not asserted in a prior postconviction proceeding ... is thereafter barred, unless consideration of the claim is warranted in the interest of justice [ ]"); Super. Ct.Crim. R. 61(i)(3) (providing that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction ... is thereafter barred, unless the movant shows (A) [c]ause for relief from the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



A - 184

Not Reported in A.2d
2003 WL 21771210 (Del.Super.)
(Cite as: 2003 WL 21771210 (Del.Super.))

Page 3

procedural default and (B) [p]rejudice from violation of the movant's rights[ ]"); Super. Ct.Crim. R. 61(i)(4) (providing the "interest of justice" exception to the procedural bars of Rule 61); Super. Ct.Crim. R. 61(i)(5) (providing that "[t]he bar[ ] to relief in paragraphs ... (2) and (3) ... shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction[ ]").

FN8. Def.'s "Memorandum of Law for Postconviction Relief" at 3.

FN9. *Id.* at 6.

FN10. *Id.* at 4.

FN11. *Id.* at 5.

FN12. *Id.*

FN13. *Id.* at 6.

*2 In its response, the State contends that all of Defendant's claims are procedurally barred. Specifically, the State contends that "[t]he issues of effectiveness of counsel and prosecutorial misconduct were previously addressed" and that Defendant "claimed an 'improper indictment'... in the first motion [for postconviction relief he had filed]"; [FN14] the State therefore considers these issues as having been formerly adjudicated. The State further contends that to the extent that "Defendant's claims differ in substance from his previously adjudicated claims," then those claims are barred as part of a repetitive motion. [FN15] The State maintains that neither the "interest of justice" or "fundamental fairness" require reexamination of these issues.

FN14. State's Resp. at 4.

FN15. *Id.* at 4-5.

On the merits, the State argues that Defendant's motion is insufficient because Defendant's claims are "conclusive and completely unsubstantiated." [FN16] The State additionally maintains that Defendant "has failed to establish ... that ... counsel's conduct fell below an objective standard of reasonableness and that there was a reasonable probability that the result of the proceeding would have been different." [FN17] The State therefore asserts that Defendant's second Motion for Postconviction Relief should be denied.

FN16. *Id.* at 5.

FN17. *Id.* at 7.

At the Court's request, Defendant's former counsel submitted an affidavit of his recollection of the matter; Defendant's public defender file was previously sent to archives and destroyed. In response to Defendant's arguments relative to his Unlawful Sexual Contact conviction, counsel states that although he does not recall whether or not the indictment was amended at trial, such "an amendment ... making the indictment consistent with [the] evidence ... [i]s perfectly appropriate and not prejudicial ... in any way." [FN18] Counsel asserts that because he "ha[d] no responsibility to raise a frivolous appeal ... [he] cannot be ruled ineffective...." [FN19] In response to Defendant's "vindictive" prosecution argument, counsel asserts that "there are only three avenues the prosecution can take: make a plea offer, prosecute the charges, or *nolle pros* the charges[ ]" and that following Defendant's rejection of the extended plea offer, "[p]rosecuting the case is a common decision under [such] circumstances and not an indication of vindictiveness...." [FN20]

FN18. Winslow Aff. of 3/13/03 ¶ 1.

FN19. *Id.* ¶ 2.

FN20. *Id.* ¶ 3.

4. Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Superior Court Criminal Rule 61. [FN21] Rule 61(i)(4) provides that "[a]ny ground for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
2003 WL 21771210 (Del.Super.)
(Cite as: 2003 WL 21771210 (Del.Super.))

Page 4

relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." The "interest of justice" exception of Rule 61(i)(4) has "been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish [the movant]." [FN22] Additionally, Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief," then this Court "may enter an order for ... summary dismissal ... [of the motion]."

> FN21. *Bailey v. State,* 588 A.2d 1121, 1127 (Del.1991); *Younger v. State,* 580 A.2d 552, 554 (Del.1990) (citing *Harris v. Reed,* 489 U.S. 255, 265 (1989)).

> FN22. *State v. Wright,* 653 A.2d 288, 298 (Del.Super.Ct.1994) (citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)).

*3 5. Defendant raised on direct appeal and in his first motion for postconviction relief the sufficiency of the evidence relating to the charge of Unlawful Sexual Contact Second Degree for which he was convicted. Although couched in different terms, the Court finds that the claims Defendant asserts in his second motion for postconviction relief are sufficiently of the same character as his claims of "prosecutorial misconduct," "improper indictment," and ineffective assistance of counsel that were asserted in Defendant's prior motion. As such, the claims in Defendant's second motion are subject to the former adjudication bar of Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice ." [FN23]

> FN23. *Skinner v. State,* 607 A.2d 1170, 1172 (Del.1992) (holding that a defendant is not entitled to have a court re-examine an issue that has been previously resolved "simply because the claim is refined or restated[ ]") (quoting *Riley v. State,* 585 A.2d 719, 721 (Del.1990)).

As previously stated, the "interest of justice" exception is narrow and requires a showing that this Court lacked the authority to convict or punish. The Court finds that it did in fact have such authority, despite Defendant's assertion that this Court "lack[ed] ... jurisdiction" when it "change[d] the indictment[ ] in the middle of the [Defendant's] trial." [FN24] The record belies Defendant's assertion that his indictment was "changed," and in any event, any claims relative to Defendant's conviction for Unlawful Sexual Contact Second Degree and counsel's performance in defending against that charge has already been resolved. Accordingly, the Court need not reach the merits of Defendant's refined assertions with regard to that conviction, or consider whether those claims are barred as part of a repetitive motion, as alternatively argued by the State; Defendant's claims are barred as formely adjudicated.

> FN24. Def.'s "Memorandum of Law for Postconviction Relief" at 3.

6. Defendant's remaining two arguments are, in total, that "the trial prosecution was vindictive in prosecuting ... [him] because he rejected a plea offer ..." [FN25] and that his "convictions, sentence[s], confinement and punishment [are] illegal and or unlawful." [FN26] This Court will not address claims for postconviction relief that are conclusory and unsubstantiated. [FN27] Accordingly, it plainly appears that Defendant is not entitled to relief on these two claims as stated, and therefore they are subject to summary dismissal under Rule 61(d)(4).

> FN25. *Id.*

> FN26. *Id.* at 6.

> FN27. *See, e.g., Younger,* 580 A.2d at 555 (stating that "conclusory ... allegations of ineffectiveness of counsel" do not "lead ... to the conclusion that the claim should be considered ...").

5. For the reasons stated above, Defendant's Motion for Postconviction Relief is DENIED IN PART and[f]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d                                                    Page 5
2003 WL 21771210 (Del.Super.)
**(Cite as: 2003 WL 21771210 (Del.Super.))**

SUMMARILY DISMISSED IN PART. [FN28]

> FN28. Given the Court's disposition of
> Defendant's motion, a "Motion for Default
> Judgment" (Dkt.# 109) that Defendant had
> filed when his former counsel failed to
> provide the requested affidavit within the
> initial timeframe that the Court had
> established is now DENIED as moot.

IT IS SO ORDERED.

2003 WL 21771210 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



A – 187

Westlaw.

Not Reported in A.2d                                                                                          Page 1
2005 WL 1653953 (Del.Super.)
(Cite as: 2005 WL 1653953 (Del.Super.))

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES
BEFORE CITING.

Superior Court of Delaware.
STATE of Delaware
v.
Kevin L. WASHINGTON, Defendant.

Submitted March 17, 2005.
Decided May 17, 2005.

On Defendant's Third Motion for Postconviction
Relief. Denied.

Caroline Lee Cross, Deputy Attorney General,
Department of Justice, Wilmington, Delaware, for the
State.

Kevin L. Washington, Smyrna, Delaware, for
Defendant.

*ORDER*

COOCH, J.

*1 This 17th day of May, 2005, upon the third motion
for postconviction relief filed by Kevin L. Washington
("Defendant"), it appears to the Court that:

1. Defendant was indicted for three counts of Unlawful
Sexual Intercourse First Degree [FN1] and one count
of Unlawful Sexual Penetration Third Degree. [FN2]
These charges stemmed from sexual assaults Defendant
had committed against his then eight-year-old daughter.
The facts that developed during a jury trial held in April
1998, however, led Defendant's counsel to request the
giving of a jury instruction on the lesser included
offense of Unlawful Sexual Contact Second Degree.
[FN3] On April 31, 1998, Defendant was convicted by
a jury of two counts of Unlawful Sexual Intercourse

First Degree, one count of Unlawful Sexual Contact
Second Degree, and one count of Unlawful Sexual
Penetration Third Degree. The Supreme Court affirmed
on direct appeal, and in doing so rejected Defendant's
claim that "plain error" had been committed relative to
the sufficiency of the evidence as to the charge of
Unlawful Sexual Contact Second Degree. [FN4]
Defendant was sentenced to 70 years at Level V for the
two Unlawful Sexual Intercourse First Degree charges;
two years at Level V for the Unlawful Sexual
Penetration Third Degree charge; and two years at
Level V (suspended after one year for one year at Level
IV) for the Unlawful Sexual Contact Second Degree
charge.

FN1. 11 *Del. C.* § 775 (1995) (repealed 1998).

FN2. 11 *Del. C.* § 770 (1995) (repealed 1998).

FN3. 11 *Del. C.* § 768 (2001).

FN4. *Washington v. State,* 748 A.2d 408
(Del.2000). On appeal, Defendant's trial
counsel filed a Rule 26(c) brief together with
a motion to withdraw; the Supreme Court
entered an order appointing new counsel to
brief Defendant's appeal. *See* Supr. Ct. R.
26(c) (providing that "[i]f the trial attorney,
after a conscientious examination of the record
and the law, concludes that an appeal is
wholly without merit, the attorney may file a
motion to withdraw[ ]").

2. Defendant thereafter filed his first *pro se* motion for
postconviction relief. One of the claims Defendant
asserted related to the charge of Unlawful Sexual
Contact Second Degree, as Defendant argued that
"prosecutorial misconduct" was committed because of
an "insufficient indictment." This Court denied
Defendant's motion as procedurally barred, and
specifically found that Defendant's claim relative to the
Unlawful Sexual Contact charge had been formerly
adjudicated through the appeal process and should not
then be reexamined in the interest of justice. [FN5] The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



A - 188

Not Reported in A.2d
2005 WL 1653953 (Del.Super.)
(Cite as: 2005 WL 1653953 (Del.Super.))

Page 2

Court also found that Defendant had failed to rebut any presumption that his counsel's performance was not reasonable and professional. [FN6]

> FN5. *State v. Washington,* 2002 Del.Super. LEXIS 363, *appeal dismissed,* 803 A.2d 429 (Del.2002) (noting that Defendant failed to timely file a notice of appeal).

FN6. *Id.*

Defendant filed a second *pro se* motion for postconviction relief in which Defendant asserted numerous claims of error. [FN7] Most of the asserted claims related to his Unlawful Sexual Contact conviction, as Defendant maintained that this Court "lack[ed] ... jurisdiction" when it "change[d] the indictment[ ] in the middle of the [Defendant's] trial," [FN8] and that this Court "committed judicial misconduct and plain error and also abused [its] discretion for allowing the ... prosecution to change the ... indictment[ ] in the middle of ... trial[ ][.]" [FN9] Defendant claimed that his counsel was ineffective because he "failed to raise ... [this issue] on direct appeal...." [FN10] Defendant also contended that, due to the State's "failure to exonerate" him following the testimony adduced at trial that the victim did not remember "anything about [her] butt" having been "touched," the "Due Process Clause of the 14th Amendment" had been violated. [FN11] Additionally, Defendant contended that "the trial prosecution was vindictive in prosecuting ... [him] because he rejected a plea offer...." [FN12] And Defendant claimed that his "convictions, sentence[s], confinement and punishment [are] illegal and or unlawful." [FN13]

> FN7. Subsequent to submission of his Motion for Postconviction Relief, Defendant also filed a "Motion to Amend" in which he asserted two additional claims of error: 1) that this Court "committed judicial misconduct and reversible error and abused [its] discretion by allowing an unsigned police report to be admi[tted] in ... court ..."; and 2) that the State "committed prosecutorial misconduct" by withholding evidence of "the history of ... syphilis ... between the parents of the alleged

victim."

> FN8. Def.'s "Memorandum of Law for Postconviction Relief" at 3.

FN9. *Id.* at 6.

FN10. *Id.* at 4.

FN11. *Id.* at 5.

FN12. *Id.*

FN13. *Id.* at 6.

**\*2** This Court found that the claims in Defendant's second motion were subject to the former adjudication bar of Rule 61(i)(4) "unless reconsideration of the claim is warranted in the interest of justice." The claims in Defendant's second motion were denied in part as Defendant's claims were barred as formerly adjudicated and summarily dismissed in part as the claims for postconviction relief that were conclusory and unsubstantiated [FN14] claims do not entitle a defendant to relief.

> FN14. *See, e.g., Younger,* 580 A.2d at 555 (stating that "conclusory ... allegations of ineffectiveness of counsel" do not "lead ... to the conclusion that the claim should be considered ...").

3. Defendant claims three grounds for relief in his third motion for postconviction relief. Defendant asserts as ground one that "the State's Rule(9) warrant--indictment is false because the [the deputy attorney general's] handwriting is one in (sic) the same with the foreperson." As ground two Defendant contends that his indictment violates Rule 6(f) because he asserts that if the indictment is false then at least 9 jurors could not have concurred as required by 10 *Del. C.* § 4505 to find for the indictment. The third ground for relief is that this Court failed to tell the jurors, in relation to the lesser included offense of Unlawful Sexual Contact Second Degree, that the victim's out-of-court statement was inconsistent with her in-court statement. [FN15]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



A - 189

Not Reported in A.2d
2005 WL 1653953 (Del.Super.)
(Cite as: 2005 WL 1653953 (Del.Super.))

FN15. Specifically, the third count of Unlawful Sexual Intercourse First Degree was contemplated because of an allegation that Defendant had anal intercourse with the victim. However, at trial the victim testified that she did not remember "anything about [her] butt" having been "touched." Trial Tr. of 4/29/98 at 60.

4. Before addressing the merits of any claim raised in a motion seeking postconviction relief, the Court must first apply the rules governing the procedural requirements of Super. Ct.Crim. R. 61. [FN16] Rule 61(i)(1) provides that "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." [FN17]

FN16. *Bailey v. State,* 588 A.2d 1121, 1127 (Del.1991); *Younger v. State,* 580 A.2d 552, 554 (Del.1990) (*citing Harris v. Reed,* 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

FN17. Super. Ct.Crim. R. 61(i)(1).

Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice." [FN18] "The interest of justice [exception under Rule 61(i)(4) ] has been narrowly defined to require the movant to show that the trial court lacked the authority to convict or punish him." [FN19] Additionally, Rule 61(d)(4) provides that "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief," then this Court "may enter an order for ... summary dismissal ... [of the motion]."

FN18. Super. Ct.Crim. R. 61(i)(4).

FN19. *State v. Wright,* Del.Super., 653 A.2d 288, 298 (1994) (citing *Flamer v. State,* 585 A.2d 736, 746 (1990)).

However, the procedural bar of Rule 61(i)(1) may potentially be overcome by Rule 61(i)(5), which provides that "[t]he bars to relief in paragraph (1) ... shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgement of conviction."

*3 5. This Court finds that grounds one and two of Defendant's motion for postconviction relief are procedurally barred by Rule 61(i). [FN20] To the extent that this Court can determine, grounds one and two appear to be claims of prosecutorial misconduct in that Defendant claims the prosecutor forged the signature of the foreperson on the indictment. Defendant seems to be claiming in ground one that either his case never went before a Grand Jury and the prosecutor forged an indictment or that if his case did go to a Grand Jury, then the Grand Jury did not return an indictment and the prosecutor forged the signature of the foreperson. Ground two is an extension of ground one in so much that it claims a violation of Rule 6(f) because 9 Grand Jurors did not concur on the indictment (either because there was no Grand Jury or the prosecutor overrode a Grand Jury's decision not to indict).

FN20. Defendant has withdrawn ground three. Defendant's Reply at 7.

Under Rule 61(i)(1), Defendant's claims are procedurally barred because Defendant's third motion for postconviction relief was filed after the period of limitation had run. Defendant's convictions were affirmed on direct appeal to the Delaware Supreme Court on March 3, 2000; therefore, Defendant had until March 3, 2003 in which to file motions for postconviction relief. Defendant filed this third motion for postconviction relief on October 29, 2004, or more than a year and seven months late. The fundamental

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2005 WL 1653953 (Del.Super.)
(Cite as: 2005 WL 1653953 (Del.Super.))

Page 4

constitutional violation exception and the "miscarriage of justice" exception contained within Rule 61(i)(5) do not apply here because Defendant's claims of prosecutorial misconduct are conclusory and unsubstantiated. Defendant has claimed a "miscarriage of justice" but has failed to establish any colorable claim of injustice.

Further, Defendant has raised in his third motion for postconviction relief substantially the same claims raised on direct appeal, in his first motion for postconviction relief and his second motion for postconviction relief. Although couched in different terms, the Court finds that the claims Defendant asserts in his third motion for postconviction relief are sufficiently of the same character as his claims of "prosecutorial misconduct," and "improper indictment," that were asserted in Defendant's prior motions. As such, the claims in Defendant's second motion are subject to the former adjudication bar of Rule 61(i)(4). Defendant is not entitled to rehash old claims in the hope that the Court will reconsider those claims. [FN21] Defendant has not shown that "reconsideration of the claim is warranted in the interest of justice."

> FN21. *Skinner v. State,* 607 A.2d 1170, 1172 (Del.1992) (holding that "a defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated[ ]" ') (quoting *Riley v. State,* 585 A.2d 719, 721 (Del.1990)).

For the foregoing reasons, Defendant's third motion for postconviction relief is DENIED.

IT IS SO ORDERED.

2005 WL 1653953 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

B14

A-191

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on July 27, 2005, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

Kevin Washington
No. 211354
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

A-192

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN WASHINGTON, | § | |
| | § | |
| Defendant Below- | § | No. 242, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 9603000529 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  July 27, 2005
Decided:  September 13, 2005

Before **HOLLAND, JACOBS** and **RIDGELY**, Justices.

## O R D E R

This 13th day of September 2005, after careful consideration of the
appellant's opening brief, the State's motion to affirm and the record below,
we find it manifest that the judgment of the Superior Court should be
affirmed on the basis of the Superior Court's well-reasoned decision dated
May 17, 2005.   The Superior Court did not err in concluding that
Washington's claims for postconviction relief were both time-barred and
previously adjudicated under Superior Court Criminal Rules 61(i)(1) and
61(i)(4) and that Washington had failed to overcome these procedural
hurdles.

A - 193

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    1
                    ( as of   02/08/2005 )
```

```
State of Delaware v.  KEVIN L WASHINGTON              DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON
```

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9603000529 | IN96030732R4 | UNLAW.SEX.INT.1 | TG | 04/30/1998 |
| 002 | 9603000529 | IN96030733R4 | UNLAW.SEX.INT.1 | TG | 04/30/1998 |
| 003 | 9603000529 | IN96030734R4 | UNLAW SEX CON 2 | TGLI | 04/30/1998 |
| 004 | 9603000529 | IN96030735R4 | UNLAW.SEX.PEN.3 | TG | 04/30/1998 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 03/18/1996 | TRUE BILL | |
| 3 | 03/18/1996 | AUTHORIZATION FOR EXTRADITION. UNLIMITED MILES. | |
| | 03/20/1996 | RULE 9 WARRANT ISSUED | |
| 2 | 04/23/1996 | MEMORANDUM FILED. TO JUDGE SILVERMAN, FROM EVE HAIR, INFORMING HIM THAT THIS CASE HAS BEEN ASSIGNED TO HIM. | |
| 4 | 08/01/1996 | RULE 9 WARRANT RETURNED, BAIL SET AT JP#18 HELD ON SECURED BAIL                30000.00 100 RELEASED ON UNSECURED BOND          1000.00 CONDITIONS: NO CONTACT HRG. 081396 AT 9:30 | |
| 6 | 08/13/1996 | CASE MANAGEMENT  ORDER #1. SIGNED BY SILVERMAN, J. 8/9/96. | SILVERMAN FRED S. |
| 8 | 08/20/1996 | OFFICE CONFERENCE PROCEEDING HELD. (STATUS CONFERENCE) CASE TO BE SCHEDULE FOR CASE REVIEW. ATTORNEY'S ARE TO E-MAIL THE COURT WITH A CASE REVIEW STATUS. | SILVERMAN FRED S. |
| 5 | 09/03/1996 | ARRAIGNMENT BY RULE 10C, DALLAS WINSLOW, ESQ. | |
| 7 | 09/19/1996 | CASE REVIEW CALENDAR, CONTINUED. | TOLIVER CHARLES H. IV |
| 9 | 09/19/1996 | CASE MANAGEMENT STATUS CONFERENCE WORKSHEET | |

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    2
                       ( as of  02/08/2005 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON

```
       Event
No.    Date            Event                          Judge
------------------------------------------------------------------------------
10    10/31/1996                                  SILVERMAN FRED S.
      CASE REVIEW CALENDAR, CONTINUED.
11    10/31/1996                                  SILVERMAN FRED S.
      CASE MANAGEMENT STATUS CONFERENCE WORKSHEET
12    11/04/1996
      SUBPOENA(S) MAILED.
13    11/18/1996
      STATE'S WITNESS SUBPOENA ISSUED.
14    11/26/1996
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
16    12/02/1996                                  SILVERMAN FRED S.
      REFERRAL MEMORANDUM. J. DALLAS WINSLOW, ESQ.
15    12/03/1996                                  SILVERMAN FRED S.
      TRIAL CALENDAR, CONTINUED.
17    02/12/1997
      SUBPOENA(S) MAILED.
18    02/20/1997
      STATE'S WITNESS SUBPOENA ISSUED.
19    02/25/1997
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
20    03/10/1997                                  SILVERMAN FRED S.
      TRIAL CALENDAR, CONTINUED.
      04101997
21    03/12/1997
      SUBPOENA(S) MAILED.
22    03/19/1997
      STATE'S WITNESS SUBPOENA ISSUED.
23    03/25/1997
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
      04/10/1997                                  COOCH RICHARD R.
      TRIAL CALENDAR-TRIAL CONTINUED
      050197 FOR FCR AT 2PM
24    05/01/1997                                  COOCH RICHARD R.
      CASE REVIEW CALENDAR, CONTINUED.
25    05/07/1997
      DEFENDANT'S LETTER FILED.
26    05/16/1997
      SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
27    06/03/1997                                  CARPENTER WILLIAM C. JR.
      ORDER SCHEDULING TRIAL FILED.
      TRIAL DATE:  JULY 15, 1997
      CASE CATEGORY:  # 1
```

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    3
                       ( as of  02/08/2005 )
```

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON

```
       Event
No.    Date            Event                            Judge
-----------------------------------------------------------------------------
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):  JUDGE HAILE ALFORD.
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
28     06/18/1997
       SUBPOENA(S) MAILED.
29     06/24/1997
       STATE'S WITNESS SUBPOENA ISSUED.
30     07/01/1997
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
31     07/15/1997                                ALFORD HAILE L.
       TRIAL CALENDAR-RESCHEDULED: RAN OUT OF JURORS. (NO DATE GIVEN).
32     07/25/1997                                CARPENTER WILLIAM C. JR.
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: NOVEMBER 4, 1997
       CASE CATEGORY: #1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):  NORMAN BARRON.
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
33     08/29/1997
       BAIL POSTED IN THE AMOUNT OF $30,000.00 (0732-0734) AMER.RELIABLE INS.
34     10/23/1997
       STATE'S WITNESS SUBPOENA ISSUED.
35     10/23/1997
       SUBPOENA(S) MAILED.
36     10/29/1997
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
       11/04/1997                                SILVERMAN FRED S.
       TRIAL CALENDAR-TRIAL-CAPIAS
37     11/17/1997                                SILVERMAN FRED S.
       CAPIAS RETURNED IN SUPERIOR COURT.
       BAIL SET AT:
       CASH BAIL ONLY                  30000.00 100
       CFCR 121597
       12/15/1997                                TOLIVER CHARLES H. IV
       CASE REVIEW CALENDAR:  SET FOR TRIAL
       3 DAYS
38     01/08/1998                                GEBELEIN RICHARD S.
       ORDER SCHEDULING TRIAL FILED.
```

196

```
                     SUPERIOR COURT CRIMINAL DOCKET            Page    4
                       ( as of   02/08/2005 )

State of Delaware v.  KEVIN L WASHINGTON                  DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.        AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.            KEVIN WASHINGTON

       Event
No.    Date         Event                             Judge
-------------------------------------------------------------------------
       TRIAL DATE: 4/28/98
       CASE CATEGORY: #1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): RICHARD COOCH
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
41     02/02/1998
       DEFENDANT'S LETTER FILED.
39     02/06/1998
       DEFENDANT'S LETTER FILED. (DATED 1/28/98).
40     02/06/1998                                 COOCH RICHARD R.
       LETTER FILED BY JUDGE COOCH, IN RECEIPT OF DEFENDANT'S 1/28/98 LETTER.
       02/23/1998
       DEFENDANT'S LETTER FILED.
42     02/27/1998                                 COOCH RICHARD R.
       MEMORANDUM FILED.
       TO: J. DALLAS WINSLOW, ESQ.
44     04/08/1998
       SUBPOENA(S) MAILED.
45     04/08/1998
       SUBPOENA(S) MAILED.
43     04/16/1998
       STATE'S WITNESS SUBPOENA ISSUED.
46     04/24/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
47     04/24/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
48     04/24/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
49     04/27/1998
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
52     04/27/1998                                 COOCH RICHARD R.
       E-MAIL FILED. ADVISING ROBERT GOFF, DAG, THAT HE IS READY FOR TRIAL ON
       ABOVE DEFENDANT SET FOR 4/28/98.
       04/28/1998                                 TOLIVER CHARLES H. IV
       TRIAL CALENDAR-DEFENDANT WENT TO TRIAL
50     04/30/1998                                 COOCH RICHARD R.
       JURY TRIAL HELD.DEFENDANT FOUND GUILTY OF USI 1ST IN-96-03-0732,
       USI 1ST IN-96-03-0733, USC 2ND IN-96-03-0734, USP 3RD IN-96-03-0735.
       PSI ORDERED. SENTENCING SCHEDULED FOR LATER DATE. 4/29-STATE MOTION
       FOR COURT EXH.1 NOW BE MARKED AS STATES EXH 1-MOTION GRANTED. 4/29-DEF
```

197

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    5
                       ( as of  02/08/2005 )

State of Delaware v.  KEVIN L WASHINGTON              DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.       AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.           KEVIN WASHINGTON

      Event
No.   Date         Event                              Judge
-------------------------------------------------------------------------
      MOTIONED FOR LIO OF USC 2ND FOR COUNTS 1 & 3.MOTION GRANTED.
    → JURY SWORN. S/GOFF D/WINSLOW CC/HAIRSTON CR/MAURER
51   04/30/1998                              COOCH RICHARD R.
      CHARGE TO THE JURY FILED.
54   04/30/1998                              COOCH RICHARD R.
      E-MAIL FILED. TO: DEBRA WALKER, ETC.....
      RE: JURY SELECTION.
53   05/01/1998
      CHARGE TO THE JURY FILED.
55   05/12/1998                              COOCH RICHARD R.
      ORDER:  IN ACCORDANCE WITH SUPREME COURT RULE 9(E)(I):
      1. THE COURT REPORTER SHALL TRANSCRIBE THE ENTIRE TRIAL EXCLUDING JURY
      SELECTION, OPENING STATEMENTS AND CLOSING ARGUMENTS OF COUNSEL;
      2. THE STATE SHALL BE RESPONSIBLE FOR PAYMENT OF THE COST OF THE
      TRANSCRIPT.
     06/26/1998                              COOCH RICHARD R.
      SENTENCING CALENDAR, SENTENCING CONTINUED.
      NO DATE GIVEN.
56   08/18/1998                              COOCH RICHARD R.
      E-MAIL FILED: INFORM THE COURT THAT I WILL NOT BE PRESENT FOR THE
      SENTENCING HEARING SCHEDULED ON 08-21-98 AT 9:30 SINCE I WILL BE ON
      VACATION. (ROBERT GOFF).
     08/21/1998                              COOCH RICHARD R.
      SENTENCING CALENDAR, SENTENCING CONTINUED 091898 AT 1:15 PM.
57   08/26/1998                              COOCH RICHARD R.
      LETTER FROM: JUDGE COOCH                    TO: R. GOFF,
      J. DALLAS WINSLOW
      RE: SENTENCING HAS BEEN RESCHEDULED TO SEPTEMBER 18, 1998.
     09/18/1998                              COOCH RICHARD R.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
63   09/18/1998                              COOCH RICHARD R.
      SENTENCE: ORDER SIGNED AND FILED 11/30/98
58   09/25/1998
      NOTICE OF APPEAL #421, 1998
59   09/25/1998
      DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
      #421, 1998
60   09/25/1998
      LETTER FROM (SUPREME COURT) MR. WINSLOW; THE NOTICE OF
      APPEAL DOES NOT COMPLY WITH SUPREME COURT RULE 7(C)(9)
      WHICH REQUIRES THAT A COPY OF THE ORDER OF JUDGMENT
      SOUGHT TO BE REVIEWED SHALL BE ATACHED TO THE NOTICE OF APPEAL.
```