IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KEVIN L. WASHINGTON**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-838-KAJ |
| | : | |
| **THOMAS CARROLL**, Warden, | : | |
| **CARL C. DANBERG**, | : | |
| Attorney General of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

On April 30, 1998, a Delaware Superior Court jury found the petitioner, Kevin L. Washington, guilty of two counts of first degree unlawful sexual intercourse, second degree unlawful sexual contact, and third degree unlawful sexual penetration. The charges stemmed from Washington's repeated sexual assaults against his then eight-year-old daughter. On September 18, 1998, the court sentenced Washington to 70 years in prison for the two counts of unlawful sexual intercourse, two years in prison for the third degree unlawful penetration count, and two years in prison, suspended after one year for probation, for the second degree unlawful sexual contact charge. Washington appealed. Defense counsel initially filed a brief under Delaware Supreme Court Rule 26(c) with a motion to withdraw, and the State filed a motion to affirm. The state supreme court denied the motion to affirm and appointed new counsel who filed an opening brief raising three claims. The court then affirmed the conviction and sentence in due course. *Washington v. State*, No. 421, 1998, 2000 WL 275638 (Del. Mar. 3, 2000).

On July 20, 1999, Washington filed his first motion for state post-conviction relief. Because the case was pending on direct appeal, the Superior Court lacked jurisdiction to entertain the motion and denied it without prejudice. (Super. Ct. Dkt. in ID No. 9603000529--Items 79, 81). On September 17, 2001, Washington filed a second application for state post-conviction relief under Superior Court Criminal Rule 61. *Id.*--Item 88. The Superior Court directed defense counsel to submit affidavits addressing the claims presented in the motion and also directed the State to submit a response. *Id.*--Items 93, 95, 96. The court denied relief on the expanded record by order dated April 29, 2002. *State v. Washington*, ID No. 9603000529, 2002 WL 826902 (Del. Super. Apr. 29, 2002). Washington's ensuing appeal was dismissed because Washington had failed to file a notice of appeal within 30 days. *Washington v. State*, No. 315, 2002, 2002 WL 1484509 (Del. July 9, 2002). The court noted that, under state law, time is a jurisdictional requirement for the exercise of appellate jurisdiction. *See* DEL. SUPR. CT. R. 6; *Del. C. Ann.* tit. 10, § 147.

On October 9, 2002, Washington filed a third motion for state post-conviction relief. (Super. Ct. Dkt. in ID No. 9603000529--Item 105). On November 18, 2002, the Superior Court directed responsive affidavits from defense counsel and a State's response. *Id.*--Items 108, 110, 113-14, 116. By order dated July 30, 2003, the court denied Washington's motion. *Id.*--Item 120. A review of the Superior Court docket reveals that Washington did not file an appeal of the July 30, 2003 decision. On October 29, 2004, Washington submitted a fourth motion for state post-conviction relief. *Id.*--Item 123. The Court again directed responsive affidavits from defense counsel and an exchange of briefing. *Id.*--Items 126-27, 132, 134. By order dated May 17, 2005, the Superior Court denied Washington's fourth motion for post-conviction relief. *State v. Washington*, ID No. 9603000529, 2005 WL 1653953 (Del. Super. May 17, 2005). Washington appealed, and the state supreme court

affirmed the denial of Washington's fourth motion for post-conviction relief by order dated September 13, 2005. *Washington v. State*, No. 242, 2005, 2005 WL 2240107 (Del. Sept. 13, 2005). Washington's federal habeas petition is dated November 28, 2005. (D.I. 2 at 7).

Discussion

Washington presents four claims in the model § 2254 form and a supporting memorandum: 1) the State did not produce the grand jury minutes; 2) prosecutorial misconduct because the prosecutor forged the signature of the grand jury foreman on the indictment; 3) defense counsel's representation was ineffective because he did not adequately cross examine an expert witness on whether the victim showed signs of trauma due to the sexual abuse; and 4) the trial judge abused his discretion by giving lesser included offense instructions after the victim testified. (D.I. 1 at 6-11). Washington's federal habeas petition should be dismissed as untimely under the one-year limitations period of 28 U.S.C. § 2244(d).

Under § 2244(d), federal habeas petitions filed by state prisoners must generally be filed within one year of the date on which the state court judgment became final upon the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). Under the terms of paragraph (A), the limitations period in Washington's case began to run on June 1, 2000, when the 90-day time period expired for seeking review by the United States Supreme Court of the state supreme court's order determining the direct appeal. *See* U.S. SUPR. CT. R. 13.1 (petition for writ of *certiorari* to review judgment entered by a state court of last resort must be filed within 90 days after entry of judgment); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); *Elam v. Carroll*, 386 F. Supp. 2d 594, 597 (D. Del. 2005). The petition, to be timely under § 2244(d), thus had to be filed by June 1, 2001. Accordingly, Washington's petition, when deemed filed on

3

November 28, 2005,[1] is untimely under § 2244(d) and must be dismissed. *See*, *e.g.*, *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

Further, the statutory tolling provision of 28 U.S.C. § 2244(d)(2) does not offer Washington escape from the limitations period. If applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state post-conviction action is pending in the state courts. As detailed above, Washington's limitations clock began to run on June 1, 2000, the date on which his conviction became final upon the expiration of the time for seeking direct review within the meaning of § 2244(d)(1)(A). Washington filed his second state post-conviction application on September 17, 2001, but the limitations period had already expired in June 2001.[2] Under § 2244(d)(2), a properly filed state-post conviction proceeding tolls the running of the limitations period, but the filing of a state post-conviction action does not operate to revive the limitations period. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004); *Elam*, 386 F. Supp. 2d at 598; *Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004); *Woods*, 215 F. Supp. 2d at 461-62. Washington's September 2001 motion for state post-conviction relief, filed more than one year and three months after expiration of the one-year period, simply had no tolling effect. *E.g.*, *Land v. Carroll*, 402 F. Supp. 2d 514, 517 (D. Del. 2005); *Elam*, 386 F. Supp. 2d at 598. Thus,

---

[1]Absent proof of mailing, the Court has indicated that it will treat the date listed on the petition as the presumptive filing date. *See, e.g.*, *Land*, 402 F. Supp. 2d at 517 & n.1; *Woods*, 215 F. Supp. 2d at 460.

[2]Washington's first motion for post-conviction relief was filed and dismissed without prejudice during the pendency of the direct appeal. *See* SUPER. CT. CRIM. R. 61(b)(4). Because the limitations period does not begin until the conclusion of direct review, Washington's first state post-conviction application simply did not implicate the tolling provision of § 2244(d)(2). *See, e.g.*, *Kirby v. Delaware Via Detainer*, Civ. Act. No. 99-703-SLR, 2001 WL 652358 at *1, 3 & nn. 2, 6 (D. Del. Feb. 23, 2001)

Washington's's petition ran afoul of the one-year limitations period of § 2244(d)(1) and should be dismissed.

Further, calculating the tolling effect of Washington's state post-conviction motions simply results in an accumulation of additional time chargeable to Washington's limitations period. Assuming that the limitations period was tolled during the pendency of Washington's second state post-conviction proceeding, the clock stopped running between the filing date of September 17, 2001 and May 29, 2002. This was so because Washington's untimely appeal did not operate to toll the limitations period beyond the 30-day time period contemplated by Supreme Court Rule 6. *See Swartz v. Meyers*, 204 F.3d 417, 421-24 (3d Cir. 2000) (holding post-conviction proceeding is pending under § 2244(d)(2) until time to appeal expires); *Downes*, 348 F. Supp. 2d at 302. From May 29, 2002 until October 9, 2002, when Washington filed the third post-conviction motion, an additional 133 days elapsed on the limitations clock. Assuming again that the third state post-conviction motion tolled the clock, the limitations period was only tolled until August 29, 2003 because Washington did not appeal the Superior Court's July 30, 2003 decision. The clock then ran again until October 29, 2003 when Washington filed his fourth post-conviction motion. During that time, an additional 91 days elapsed. Finally the clock would then have been tolled until the state supreme court affirmed the Superior Court's denial of Washington's fourth motion, or until September 13, 2005. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (recognizing that, unlike § 2244(d)(1), the tolling provision of § 2244(d)(2) does not contemplate the 90-day period for seeking a writ of *certiorari*); *Swartz*, 204 F.3d at 421-22 & n. 5; *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir. 1998). Between that date and the presumptive filing date of November 28, 2005, an additional 76 days passed on the limitations period. In sum, an aggregate period of 270

days ran in addition to the more than one year and three months which had already run between the date Washington's conviction became final under § 2244(d) and the filing of Washington's second state post conviction motion. Because Washington's petition was filed well beyond the one-year period allowed by § 2244(d)(1), it follows that the petition is untimely under § 2244(d), and the petition should be dismissed as untimely.

Finally, the one-year limitations period in Washington's case is not subject to equitable tolling. *See*, *e.g.*, *Downes*, 348 F. Supp. 2d at 302; *Woods*, 215 F. Supp. 2d at 462-63. Washington has not articulated any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. As evidenced by the proceedings in the state courts, Washington was capable of formulating issues and preparing documents for submission to the courts. Washington litigated the state post-conviction proceedings *pro se* in both the Superior Court and in the state supreme court. In each of the three post-conviction proceedings following the direct appeal, the Superior Court expanded the record to include the submission of affidavits from counsel and a response from the State. Thus, Washington was certainly unfettered in his opportunity to develop the factual and legal bases for his state post-conviction claims. Washington, who was clearly able to communicate effectively with the state courts, does not explain why he nevertheless failed to advance his claims in a timely federal habeas petition. In sum, Washington has not offered an explanation for the delay in filing his federal habeas petition which would constitute an extraordinary circumstance to warrant equitable tolling of the one-year limitations period, and the petition is time barred under § 2244(d).

<u>Conclusion</u>

  Based upon the Superior Court docket sheet, it appears that transcripts of Washington's trial of April 28-30, 1998 and sentencing hearing have been prepared. In the event that the Court directs production of any transcript, the respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278
*ThomasE.Brown@state.de.us*

Date: March 30, 2006

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on March 30, 2006 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on March 30, 2006 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

Kevin L. Washington (No.211354 )
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977.

_____
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: March 30, 2006