Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2001 WL 652358 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Michael D. KIRBY, Petitioner,
v.
DELAWARE VIA DETAINER; and Patrick Conroy, Warden, M.H.C.C., Respondents.
No. CIV.A. 99-703-SLR.

Feb. 23, 2001.

MEMORANDUM ORDER

ROBINSON, District J.

## I. INTRODUCTION

*1 Petitioner Michael D. Kirby is an inmate at Maryland Eastern Correctional Institution. (D.I.24) Currently before the court are petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 (D.I.1), and petitioner's motion for reconsideration of the court's order denying appointment of counsel. [FN1] (D.I.25) The court finds that petitioner's application is timely under 28 U.S.C. § 2244(d)(1)(A), and reserves decision on its merits pending additional briefing by the parties.

> FN1. In a September 29, 2000 order, the court denied petitioner's motion for appointment of counsel because it appeared that petitioner's application for habeas relief was time barred and, therefore, "without merit." (D.I.23) Petitioner misunderstood this language to mean that the court was denying his application for habeas relief, consequently, his motion for reconsideration addresses the statute of limitations bar and not appointment of counsel. The court will consider petitioner's motion for reconsideration as a supplemental brief in support of his original application for habeas relief.

## II. BACKGROUND

On May 28, 1997, petitioner was convicted by a Delaware Superior Court jury of nine counts of second degree burglary. (D.I.15) At a hearing on July 25, 1997, the Superior Court declared petitioner a "habitual offender" and sentenced him to nine consecutive terms of life in prison. (*Id.*) On direct appeal, the Delaware Supreme Court affirmed the convictions, but remanded the case to Superior Court for resentencing. *See Kirby v. State,* 708 A.2d 631 (Del. Apr. 13, 1998). Upon resentencing on May 1, 1998, petitioner received one life term on one count of second degree burglary plus eight years imprisonment on the remaining counts. (D.I.15)

While his appeal was pending, on September 13, 1997, petitioner filed his first motion for state post-conviction relief. (*Id.*) The Superior Court notified petitioner that it could not consider the application at that time. [FN2] (*Id.*) On May 11, 1998, petitioner filed his second motion for state post-conviction relief, alleging ineffective assistance of counsel on thirteen grounds. (*Id.*) On May 20, 1998, the Superior Court denied petitioner's application. (*Id.*) Petitioner did not appeal the decision.

> FN2. Pursuant to Delaware Supreme Court Rule of Criminal Procedure 61(b)(4), a motion for post-conviction relief may not be filed until the judgment of conviction is final.

On July 1, 1998, petitioner moved for a modification of his sentence, which was denied on July 6, 1998. (*Id.*) On July 22, 1998, petitioner filed an application for "rescission of the Court's decission [sic] to deny defendant's motion for post-conviction relief and allowance to amend motion for post-conviction relief and grant defendant a hearing on all issues as he is entitled to." (*Id.*) The Superior Court denied the application on July 24, 1998. (*Id.*) On September 23, 1998, petitioner appealed the denial, but the Delaware Supreme Court dismissed the appeal as untimely. [FN3]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                               Page 2
Not Reported in F.Supp.2d, 2001 WL 652358 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*See Kirby v. State,* 719 A .2d 947 (Del. Oct. 16, 1998).

> FN3. Pursuant to Delaware Supreme Court Rule 6(a)(iii), a notice of appeal from a judgment or order in a proceeding for post-conviction relief must be filed within thirty days of the decision.

On January 29, 1999, petitioner filed another motion for state post-conviction relief, which was denied by the Superior Court on February 5, 1999. (D.I.15) On March 4, 1999, petitioner filed a timely notice of appeal. (*Id.*) Petitioner based his appeal on two grounds: he should not have been declared a habitual offender because he did not have an opportunity for rehabilitation through psychological treatment, and his prior motions for post-conviction relief should have been decided on the merits rather than denied on procedural grounds. (*Id.*) The Superior Court's decision denying petitioner's motion was affirmed by the Delaware Supreme Court. *See Kirby v. State,* 738 A.2d 238 (Del. Sept. 9, 1999).

**\*2** Petitioner's instant application for habeas relief pursuant to 28 U.S.C. § 2254 is dated October 11, 1999. (D.I.1)

### III. DISCUSSION

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2254 to impose a one-year statute of limitations on the filing of a federal habeas petition by a state prisoner.[FN4] *See* 28 U.S.C. § 2244(d)(1); *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616, 619 n. 1 (3d Cir.1998) (holding that one-year limitations period set forth in Section 2244(d)(1) is statute of limitations subject to equitable tolling, not jurisdictional bar). The one-year limitations period begins to run from the latest of:

> FN4. Since petitioner's sentence was imposed on July 25, 1997 and he filed his Section 2254 motion in October 1999, AEDPA applies to petitioner without any retroactivity problem. *See Lindh v. Murphy,* 521 U.S. 320 (1997).

(a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA further provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as rules prescribing the form of the document, time limits on its delivery, the court and office in which it must be filed, and the requisite filing fee. *See Artuz v. Bennett,* 121 S.Ct. 361, 364 (2000); *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) (holding that a "properly filed application" under Section 2244(d)(2) is a petition "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing"). Such an application is considered "pending" within the meaning of Section 2244(d)(2) during the time a state prisoner

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                            Page 3
Not Reported in F.Supp.2d, 2001 WL 652358 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. *See Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir.2000).

Applying these standards to the case at bar, the statute of limitations with respect to petitioner began to run on July 13, 1998, the date on which petitioner's time for filing a timely petition for certiorari review expired. [FN5] *See* U.S.Supr. Ct. R. 13; *Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) (holding that a judgment becomes "final" in the context of Sections 2254 and 2255 "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denied the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires"); *Morris v. Horn,* 187 F.3d 333, 337 (3d Cir.1999).

> FN5. Adding ninety days after April 13, 1998, the resulting deadline for filing the petition for certiorari fell on Sunday, July 12, 1998. Under Rule 6(a) of the Federal Rules of Civil Procedure, the last day for computation for a filing date shall not be included if it falls on a Saturday or Sunday. Consequently, the deadline for filing the petition fell on Monday, July 13, 1998.

**\*3** Petitioner filed a motion for state post-conviction relief in Delaware Superior Court on July 22, 1998. [FN6] As of the day before, July 21, 1998, petitioner had "used" nine days of his allotted 365 days. The motion was denied on July 24, 1998, and the time for filing an appeal expired on August 27, 1998. *See* Del.Supr. Ct. R. 6(a)(iii); *Kirby v. State,* 719 A.2d 947 (Del. Oct. 16, 1998). Thus, the limitations period began to run again on August 28, 1998. [FN7]

> FN6. Petitioner's prior motions for post-conviction relief do not toll the statute of limitations as they were resolved before the limitations period began to run.

> FN7. Petitioner did file an appeal of the Superior Court's denial of his July 22, 1998 motion for state post-conviction relief, but since that appeal was untimely, it does not toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed another motion for post-conviction relief in the Superior Court on January 29, 1999. As of the day before, January 28, 1999, a total of 163 days of the limitations period had passed. The motion was denied, and then timely appealed to the Delaware Supreme Court, which affirmed the Superior Court's decision on September 9, 1999. Thus, the limitations period began to run again on September 10, 1999. [FN8]

> FN8. The government's argument that this motion does not toll the statute of limitations because it does not raise a federal constitutional issue is rejected in light of the Supreme Court's recent decision in *Artuz v. Bennett. See* 121 S.Ct. at 364 (holding that the fact that application for state post-conviction relief contained procedurally barred claims did not render it improperly filed under AEDPA because procedural bars set forth conditions to obtaining relief rather than conditions to filing).

When petitioner's motion for federal habeas relief was filed on October 11, 1999, a total of 194 days of the 365-day limitations period had passed. Therefore, petitioner's application for habeas relief is timely under AEDPA, and the court shall address the merits of petitioner's application after additional briefing by the parties.

### IV. CONCLUSION

Therefore, at Wilmington, this 23rd day of February, 2001;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2001 WL 652358 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

IT IS ORDERED that briefing on the merits of petitioner's application shall proceed in accordance with the following schedule:

1. The government shall file and serve an answering brief in response to petitioner's application on or before March 23, 2001.

2. Petitioner shall file and serve a reply brief in response to the government's answering brief on or before April 20, 2001.

IT IS FURTHER ORDERED that the government shall append to its answering brief a copy of petitioner's amended application. (D.I.19)

D.Del.,2001.
Kirby v. Delaware Via Detainer
Not Reported in F.Supp.2d, 2001 WL 652358 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.