IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-838-GMS |
| | ) | |
| THOMAS CARROLL, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Kevin L. Washington. *Pro se* petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

### MEMORANDUM OPINION[2]

October 11, 2007
Wilmington, Delaware

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

[2] This case was originally assigned to the Vacant Judgeship, and was re-assigned to the undersigned on October 11, 2007.


Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Kevin L. Washington ("Washington"). (D.I. 1.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 1998, a Delaware Superior Court jury convicted Washington of two counts of first degree unlawful sexual intercourse, one count of second degree unlawful sexual contact, and one count of third degree unlawful sexual penetration. The charges stemmed from Washington's repeated sexual assaults on his then eight-year old daughter. The Superior Court sentenced Washington to 70 years in prison for the two counts of unlawful sexual intercourse, 2 years in prison for the third degree unlawful penetration count, and 2 years in prison, suspended after 1 year for probation, for the second degree unlawful sexual contact charge. *See Washington v. State*, 748 A.2d 408 (Table), 2000 WL 275638 (Del. Mar. 3, 2000); *State v. Washington*, 2000 WL 33115698 (Del. Super. Ct. Nov. 15, 2000).

Defense counsel initially filed a brief under Delaware Supreme Court Rule 26(c) with a motion to withdraw, and the State filed a motion to affirm. The Delaware Supreme Court denied the motion to affirm, and appointed new counsel to represent Washington. Washington's new defense counsel filed an opening brief raising three claims of plain error: (1) improper admission of evidence that Washington abused his former wife, the victim's mother, while married; (2) improper admission of bad character evidence in the State's case-in-chief; and (3) insufficient evidence to convict as to the charge of unlawful sexual contact. The Delaware Supreme Court

affirmed Washington's convictions and sentences on direct appeal. *See generally Washington*, 2000 WL 275638.

On July 20, 1999, Washington filed his first motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion without prejudice because Washington's appeal was still pending. *See Washington*, 2000 WL 33115698, at *1, n.5. On September 17, 2001, after his appeal had been decided, Washington filed a second Rule 61 motion, asserting three ineffective assistance of counsel claims, a claim alleging a speedy trial violation, and a claim of prosecutorial misconduct. The Superior Court denied the Rule 61 motion on April 29, 2002 after determining that the speedy trial and prosecutorial claims were procedurally barred, and the ineffective assistance of counsel claims were meritless. *State v. Washington*, 2002 WL 826902 (Del. Super. Ct. Apr. 29, 2002). Washington appealed, but the Delaware Supreme Court dismissed the appeal for lack of jurisdiction because Washington did not file the notice of appeal within the applicable 30 day time period. *Washington v. State*, 2002 WL 1484509 (Del. July 9, 2002).

Washington filed a third Rule 61 motion on October 9, 2002, and the Superior Court denied the motion on July 30, 3002. Washington did not appeal that decision. Finally, on October 29, 2004, Washington filed a fourth Rule 61 motion. The Superior Court denied the motion, Washington appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Washington v. State*, 2005 WL 2240107 (Del. Sept. 13, 2005).

Washington's federal habeas petition, dated November 28, 2005, asserts the following four claims for relief: (1) the State failed to produce the grand jury minutes; (2) the prosecutor forged the signature of the grand jury foreman on the indictment; (3) defense counsel provided

ineffective assistance by inadequately cross-examining an expert witness on whether the victim showed signs of trauma due to the sexual abuse; and (4) the trial judge abused his discretion by giving lesser included offense instructions after the victim testified. (D.I. 1, at 6-11.) The State argues that the entire petition must be dismissed as untimely. (D.I. 13.) Washington's habeas petition is now ready for review.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Washington's petition, dated November 28, 2005, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Washington does not allege, nor

can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Washington's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Washington's conviction and sentence on March 3, 2000, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Washington's conviction became final for the purposes of § 2244(d)(1) on June 1, 2000, and he had until June 1, 2001 to file a timely habeas petition. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Washington, however, did not file the petition until November 28, 2005,[3] more than four years after AEDPA's statute of limitations expired in 2001. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

---

[3] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 16, 2006, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

28 U.S.C. § 2244(d)(2).

In this case, the court concludes that the statutory tolling principles are inapplicable. Washington's first Rule 61 motion does not statutorily toll the limitations period because it was filed during the pendency of his direct appeal. *See, e.g., Kirby v. Delaware Via Detainer*, 2001 WL 652358, at *1, 3, nn.2,6 (D. Del. Feb. 23, 2001). Washington's second, third, and fourth Rule 61 motions do not toll the limitations period because they were filed in the Superior Court after the expiration of AEDPA's limitations period. *See Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Therefore, unless the doctrine of equitable tolling applies, Washington's petition is time-barred.

### C. Equitable Tolling

AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones*, 195 F.3d at 159 (3d Cir. 1999) (quoting *Midgley*, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Washington does not allege, and the court does not discern, any extraordinary circumstance that prevented him from timely filing his federal habeas petition. To the extent petitioner erred in his understanding or computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Further, although Washington contends that he could not have uncovered the facts underlying his claim that the prosecutor falsified the indictment even if he had exercised due diligence,[4] Washington fails to explain his overall lack of diligence in presenting the other three claims asserted in a timely fashion. Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule

---

[4]Washington's claim of prosecutorial misconduct is based on the fact that he perceives the prosecutor's handwriting to be the same as the jury foreperson's handwriting.

6

22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Washington's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Washington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-838-*** |
| | ) | |
| THOMAS CARROLL, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Kevin L. Washington's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability because Washington has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Oct 11, 2007

UNITED STATES DISTRICT JUDGE



FILED

OCT 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE