In The United State District Court
For the District of Delaware

Kevin L. Washington,
        Petitioner,

v.

Thomas Carroll, Warden
and Joseph R. Biden, III
Attorney General of the
State of Delaware.
        Respondents.

C.A. No. 05-838-GMS



Motion for reconsideration  BD scanned

Petitioner response to court's October 11, 2007 order regarding the timeliness of his § 2254 petition.

Now petitioner moves to address (1) the starting date for AEDPA's limitation period; (2) arguments regarding the limitation period; and (3) specifically address the issue of equitable tolling.

Date: 10, 22, 2007

### Factual and Procedural History regarding the timeliness of petition.

On September 18, 1998 petitioner was sentenced to 70 years in prison.

Defense counsel "J. Dallas Winslow sr." initially filed a brief under Delaware Supreme Court Rule 26(c) with a motion to withdraw, and the State filed a motion to affirm. The State Supreme court denied the motion to affirm and appointed new counsel "Joseph A. Gabay" who filed an opening brief rasising three claims. On March 3, 2000 the Supreme Court affirmed conviction. "Please Note" that petitioner had no idea he was appointed new counsel until June 7, 1999. See; Exhibit A-1

On July 20, 1999 during Supreme Court appeal process petitioner filed for a motion for postconviction relief. and because the case was still pending on direct appeal. the Superior Court lacked Jurisdiction to entertain the motion and denied it without prejudice. See, Exhibit A-2 (Supr. Ct. Dkt. Items 79, 81). making September 17, 2001 petitioner first State motion for postconviction relief. On April 29, 2002 motion for postconviction was Denied. According to Superior Ct. Dkt. Item 101 petitioner notice of appeal was not received until June 4, 2002, But according to Exhibit A-3 petitioner had mailed notice of appeal on may 28, 2002. and with the additional

(3) days when using prison mailing system according to supreme court Rule 11.(C) moving petitioner deadline to July 1 2002 for filing notice of appeal. There is no way it should have taking six days for petitioner notice of appeal to reach the Supreme Court Clerk. "Please note" Supreme Court Clerk filed petitioner notice of appeal on June 4, 2002. (6) days after petitioner deposited in the state mailing system. See Exhibit A-4 Item 101. This is clearly and error of the supreme court Clerk, Because under "Rules of Appellate proceduarl" Rule 4 (6)(c)(1) If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institutions internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 USC § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first class postage has been prepaid. Petitioner notice of appeal was filed in a timely matter, But because of the ~~clerical~~ Error of the Supreme court Clerk, on July 9, 2002 petitioner ensuing appeal was dismissed as being filed late. This "Error" changed the whole appeal process. On november 28, 2005 petitioner filed federal habeas petition

2

On October 11, 2007 petitioner writ of habeas corpus was dismissed as untimely under § 2244(d). Petitioner didn't raise any of the grounds mention in that June 1, 2000 Denied of direct appeal, in his state postconviction relief, According to Super. Ct. RCRP. Rule 61(i)(1)A motion for postconviction relief may not be filed more than three years after the Judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

The July 20, 1999 motion for postconviction relief is not petitioner first motion of that kind., because Superior Court denied that Rule 61 motion without prejudice because petitioner appeal was still pending. The question before District Court is to determine when the three-year period for filing of a motion for postconviction relief under Super. Ct. Crim. R. 61 begins to run. Jackson v. State 654 A.2d 829, 833 (Del 1995). Generally speaking postconviction remedies are unavailable until direct remedy proceedings have been completed or the time for applying for direct relief has expired. Thus before a petitioner can initiate postconviction relief, he must have exhausted the appeal. under supreme court Rule 19. Third Circuit also articulated that the due diligence requirement does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during -

the period petitioner is exhausting state remedies LaCava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). Petitioner (emphasized): Just because his June 1 2000 direct appeal was affirmed. didn't preclude the later assertion of an ineffective assistance of counsel claim under superior court criminal rule 61.

<u>Statutory Tolling</u>.

Under 2244(d)(2) provides that time during which a properly filed application for state postconviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection § 2244(d)(2).

In the final analysis, however, a statute of limitation should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of Justice. Cite. Midgley - 142 F.3d at 179. Also Seitzinger - 165 F.3d at 239, the law is clear that courts must be sparing in their use of equitable tolling.

Petitioner has shown that he exercised reasonable diligence in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition. Cf. New Castle Cty. v. Halliburton NUS Corp. 111 F.3d 1116, 1226 (3d Cir 1997).

## Conclusion

Because of the "Clerical" "Error" of the Supreme Court Clerk filing petitioner notice of appeal Dated 5, 28, 2002. Six days after being deposit in the institution mailing system. that's designed for legal mail. This prejudice the petitioner, because the "Error" due to the six days lapse in the Supreme court Clerk filing petitioner notice of appeal. Denied petitioner a timely filing in Supreme Court. Now this same "Error" has Cause petitioner to be procedurally time bar. in District Court. petitioner Dicnt have any control over these damaging "Errors".

## Relief

Therefore, petitioner prays that the courts would reconsider his petition on its individual merits, And Also restore petitioner Certificate of appealability.

Kevin L. Washington
Kevin L. Washington.
#211354
Delaware Correction Center
Smyrna, DE 19977

**JOSEPH A. GABAY**
ATTORNEY AT LAW
901 MARKET STREET · 4TH FLOOR
P. O. BOX 590
WILMINGTON, DELAWARE 19899

302-655-6434

June 7, 1999

Kevin Washington
Delaware Correctional Center
R.D. 1, Box 500
Smyrna, DE 19977

Re: Washington v. State
No. 421, 1998

Dear Mr. Washington:

I have been appointed to represent you on appeal consistent with the Court's Order. I am awaiting a supplemental transcript which was not part of the file I received from Mr. Winslow's office.

The brief in your case will be due on July 6, 1999. If there are any particular issues which you believe should be reviewed kindly write to me as soon as possible so I can consider them while drafting the brief.

Once I have reviewed the file and your trial transcripts I shall prepare a brief and forward a copy to you.

Very truly yours,

Joseph A. Gabay

Exhibit A-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                         ( as of  06/21/2005 )

State of Delaware v.  KEVIN L WASHINGTON                  DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.         AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.             KEVIN WASHINGTON


         Event
No.      Date          Event                                     Judge
-------------------------------------------------------------------------
         RECEIPT OF RECORDS ACKNOWLEDGED BY
         SUPREME COURT
 74      02/04/1999
         DEFENDANT'S LETTER FILED. (COPY OF LETTER DEFENDANT SENT TO
         DALLAS WINSLOW).
 76      03/12/1999
         DEFENDANT'S MOTION FILED (RE: INEFFECTIVE COUNSEL)
         RE: COPY OF DEFENDANTS' MOTION TO J DALLAS WINSLOW
 75      03/31/1999
         RECORDS SENT TO SUPREME COURT.
         (TRANSCRIPT)
 77      05/07/1999
         CONFLICT LETTER FILED BY GAYLE LAFFERTY
 78      05/12/1999                                    BARRON NORMAN A.
         ORDER: APPOINTMENT OF COUNSEL; JOSEPH A. GABAY, ESQ.   APPOINTED
         TO REPRESENT DEFENDANT.
 79      07/20/1999
         MOTION FOR POSTCONVICTION RELIEF FILED.
         PRO SE REFERRED TO JUDE COOCH
         REFERRED ON 7/26/99.
 80      07/26/1999
         LETTER FROM ANGELA HAIRSTON  TO M.JANE BRADY
         RE: NOTIFICATION OF FILING OF A PRO SE MOTION FOR POSTCONVICTION
         RELIEF. TO BE ASSIGNED TO A DAG.
 81      08/20/1999                                    COOCH RICHARD R.
         MOTION FOR POSTCONVICTION RELIEF DENIED.
         THE COURT IS IN RECEIPT OF YOUR MOTION FOR POSTCONVITION RELIEF FILED
         WITH THE PROTHONOTARY ON JULY 20, 19993 ON PAGE 2 OF YOUR MOTION, YOU
         STATE THAT YOU DID APPEAL THIS CASE TO THE SUPREME COURT AND THAT THE
         SUPREME COURT'S FINAL ORDER OR JUDGEMENT WAS APRIL 7, 1999. BY SUPREME
         COURT ORDER DATED MAY 6, 1999, THAT COURT ORDERED THAT JOSEPH GABAY,
         ESQ BE APPOINTED AS SUBSTITUTE COUNSEL AND THAT HE FILE AN OPENING
         BRIEF IN SUPPORT OF YOUR APPEAL WITHIN 30 DAYS OF THAT ORDER. UPON
         VERIFICATION WITH THE SUPREME COURT, I WAS ADVISED THAT MR GABAY'S
         OPENING BRIEF IS DUE TO BE FILED ON AUGUST 26, 1999 AND THAT THE
         APPEAL IS CURRENTLY PENDING BEFOPRE THE SUPREME COURT. ACCORDINGLY,
         BECAUSE THE SUPERIOR COURT DOES NOT HAVE JURISDICTION OVER THIS CASE
         BECAUSE IT IS ON APPEAL BEFORE THE SUPREME COURT, YOUR MOTION FOR
         POSTCONVICTION RELIEF IS HEREBY DENIED.
         IT IS SO ORDERED.
 82      08/31/1999
         DEFENDANT'S LETTER FILED.
```

Exhibit - A2

IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN WASHINGTON )
PRO SE' APPELLANT )
 )
V. ) No. 315, 2002
 )
STATE OF DELAWARE )
APPELLEE )
 )

DELAWARE SUPREME COURT
FILED
2002 JUN -4 A 8 33
CLERK
DOVER

#1
c Prox.
mey 11
6-4-0
cu

## Notice of Appeal

PLEASE TAKE NOTICE THAT KEVIN WASHINGTON, APPELLANT IN THE ABOVE MATTER, RESPECTFULLY APPEAL TO THE SUPREME COURT, OF THE STATE OF DELAWARE, FOR POSTCONVICTION RELIEF, FROM THE SUPERIOR COURT, OF THE STATE OF DELAWARE, 4-29-200 ORDER DENYING HIS RULE 61 PETITION.
I.D. # 9603000529.

RESPECTFULLY SUBMITTED,

_Kevin Washington_
KEVIN WASHINGTON
PRO SE' APPELLANT

DATE: 5, 28, 02

Exhibit A-3

## Certificate of Service

I, __KEVIN WASHINGTON__, hereby certify that I have served a true and correct cop(ies) of the attached: __NOTICE OF APPEAL__ upon the following parties/person (s):

TO: __CLERK OF THE COURT__

__55 THE GREEN__

__P.O. BOX 476__

__DOVER, DE  19903__

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this __28th__ day of __May__, __2002__

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page     10
                         ( as of  04/13/2005 )

State of Delaware v.  KEVIN L WASHINGTON                    DOB: 02/21/1963
State's Atty: ROBERT M GOFF , Esq.           AKA: KEVIN WASHINGTON
Defense Atty: JOSEPH A GABAY , Esq.               KEVIN WASHINGTON

       Event
 No.   Date        Event                                        Judge
------------------------------------------------------------------------------
       MOTION TO AMEND POSTCONVICTION RELIEF (PRO SE)  FILED.
       REFERRED TO JUDGE COOCH.
 96    01/28/2002
       STATE'S RESPONSE TO DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF.
 98    02/08/2002                                     COOCH RICHARD R.
       LETTER FROM JUDGE COOCH TO MR. VEITH AND MR. WASHINGTON DATED 02062002
       I AM IN RECEIPT OF DEFT'S "MOTION TO AMEND POSTCONVICTION RELIEF"
       FILED JAN 25. 2002. THIS MOTION TO AMEND WAS FILED 3 DAYS BEFORE THE
       FILING OF THE STATE'S RESPONSE ON 1/28/02. ALTHOUGH THE MOTION TO
       AMEND IS DEVOID OF ANY FACTS OR LEGAL AUTHORITY IN SUPPORT OF ALLOWING
       AMENDMENT TO THE PENDING POSTCONVICTION RELIEF SHALL BE FILED ON OR
       BEFORE 2/22/02. NO FURTHER EXTENSIONS WILL BE PERMITTED. A FURTHER
       RESPONSE/REPLY SCHEDULE WILL BE ORDERED BY THE COURT UPON RECEIPT AND
       REVIEW OF THAT AMENDED PETITION. IT IS SO ORDERED.
 99    02/22/2002
       AMENDED MEMORANDUM OF LAW IN SUPPORT OF RULE 61.
       REFERRED TO JUDGE COOCH.
100    04/29/2002                                     COOCH RICHARD R.
       ~ ORDER:  DEFENDANT'S PRO SE MOTION FOR POSTCONVICTION RELIEF IS DENIED.
101    06/05/2002
       LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
       RE: A NOTICE OF APPEAL WAS FILED IN THIS COURT ON JUNE 4, 2002.
       THE RECORD MUST BE FILED WITH THIS OFFICE NO LATER THAN JULY 19, 2002.
       315, 2002.
102    06/06/2002
       LETTER FROM SUPREME COURT TO KEVIN WASHINGTON
       RE: YOU ARE DIRECTED TO SHOW CAUSE WHY THIS APPEAL SHOULD NOT
       BE DISMISSED. FOR FAILURE TO FILE YOUR NOTICE OF APPEAL WITHIN
       30 DAYS AFTER ENTRY UPON THE DOCKET OF THE ORDER FROM WHICH THE
       APPEAL IS TAKEN AS REQUIRED BY SUPREME COURT RULE 6.
       REPOND IN WRITING TO THIS NOTICE TO SHOW CAUSE WITHIN 10 DAYS
       AFTER YOU RECEIVE IT.
103    07/11/2002
       RECEIPT FROM SUPREME COURT ACKNOWLEDGING THE RECORD.
104    07/29/2002
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 315, 2002
       SUBMITTED: JUNE 20, 2002
       DECIDED: JULY 9, 2002
       BEFORE VEASEY, CHIEF JUSTICE, WALSH AND STEELE, JUSTICES.
105    10/09/2002
       * MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
```



Exhibit A-4

## CERTIFICATE OF SERVICE

I, __Kevin L. Washington__, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the __22__ day of __October__, 20__07__.

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

✱✱ Circle the Department of Justice you are serving ✱✱

(Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, DE 19801)

Deputy Attorney General
Department of Justice
Sykes Building
45 the Green
Dover, DE 19901

Deputy Attorney General
Department of Justice
114 East Market Street
Georgetown, DE 19947

__10, 22, 2007__
Date Signed

__Kevin L. Washington__
Signature of Movant (Notarization not required)

I/M: Kevin Washington
SBI# 211354   UNIT: MHU 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



United states District court
844 N. King street lock box 18
Wilmington, De 19801