IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 05-838-GMS |
| | ) |
| THOMAS CARROLL, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

At Wilmington this 14th day of April, 2008;

IT IS ORDERED that:

*Pro se* petitioner Kevin L. Washington's "Motion for Reconsideration" of the court's denial of his § 2254 petition as time-barred is **DENIED**. (D.I. 20.)

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990).

Here, Washington argues that the court should have equitably tolled AEDPA's one-year limitations period because he diligently pursued state court review of his claims, as demonstrated by the fact that he filed a Rule 61 motion asserting ineffective assistance of counsel while his direct appeal was pending. This argument fails to demonstrate "reasonable diligence" sufficient to warrant reconsideration of court's decision.

Washington also appears to contend that the court erroneously declined to statutorily toll the limitations period by incorrectly calculating the starting date for Delaware's three year limitations period for Rule 61 motions. However, Washington fails to understand that a Rule 61 motion can be timely filed under Delaware rules, yet fail to statutorily toll AEDPA's limitations period if the Rule 61 motion is filed after AEDPA's one-year filing period. In this case, even though Washington's second and third Rule 61 motions were timely filed under Rule 61, those Rule 61 motions did not toll AEDPA's limitations period because the first properly filed Rule 61 motion (September 1991) was filed approximately three months after the expiration of AEDPA's one year filing period. Accordingly, Washington has not presented any reason warranting reconsideration of the court's decision to deny his § 2254 petition.

UNITED STATES DISTRICT JUDGE

FILED

APR 15 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE